# EXHIBIT D

ACO

# U.S. District Court
## Eastern District of New York (Central Islip)
## CIVIL DOCKET FOR CASE #: 2:15-cv-05440-BMC-GRB

| | |
|---|---|
| SourceOne Dental, Inc. v. Patterson Companies, Inc. et al | Date Filed: 09/21/2015 |
| Assigned to: Judge Brian M. Cogan | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Gary R. Brown | Nature of Suit: 410 Anti-Trust |
| related Cases: 1:16-cv-00696-BMC-GRB | Jurisdiction: Federal Question |
| 2:16-cv-00658-BMC-GRB | |
| Cause: 15:1 Antitrust Litigation | |

**Plaintiff**

**SourceOne Dental, Inc.**                represented by **Jack G. Stern**
Boies Schiller & Flexner LLP
575 Lexington Avenue
7th Floor
New York, NY 10022
(212)446-2300
Fax: (212)446-2350
Email: jstern@bsfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abby Dennis**
Boies Schiller & Flexner LLP
5301 Wisconsin Ave, Nw
Suite 800
Washington, DC 20015
202-237-2727
Fax: 202-237-6131
Email: adennis@bsfllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher G. Renner**
Boies, Schiller & Flexner LLP
1401 New York Avenue NW
11th floor
Washington, DC 20005
(202)237-2727
Fax: (202)237-6131
Email: crenner@bsfllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James P. Denvir**
Boies Schiller & Flexner
5301 Wisconsin Avenue Nw
8th Fl
Washington, DC 20015
202-237-2727
Fax: 202-237-6131
Email: jdenvir@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Jessica Phillips**
Boies, Schiller & Flexner, LLP
1401 New York Avenue, Nw
11th Floor
Washington, DC 20005
202-237-2727
Fax: 202-237-6131
Email: jphillips@bsfllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael S. Mitchell**
Boies Schiller & Flexner
5301 Wisconsin Ave, Nw
Washington, DC 20015
202-237-2727
Fax: 202-237-6131
Email: mmitchell@bsfllp.com
*ATTORNEY TO BE NOTICED*

**William A. Isaacson**
Boies, Schiller & Flexner LLP
5301 Wisconsin Ave, Nw
#800
Washington, DC 20015
(202)237-2727
Fax: (202)237-6131
Email: wisaacson@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Corwin Plaintiffs**                     represented by **Corwin Plaintiffs**
                                                          PRO SE

**Plaintiff**

**Stanford Dresnin, DDS**                 represented by **Stanford Dresnin, DDS**
                                                          7300 City Avenue
                                                          Philadelphia, PA 19151

PRO SE

V.

**Defendant**

**Patterson Companies, Inc.**                    represented by    **James J. Long**
                                                                   Briggs and Morgan, P.A.
                                                                   2200 Ids Center
                                                                   80 South Eighth Street
                                                                   Minneapolis, MN 55402
                                                                   612-977-8582
                                                                   Fax: 612-977-8650
                                                                   Email: jlong@briggs.com
                                                                   *LEAD ATTORNEY*
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Jay William Schlosser**
                                                                   Briggs and Morgan, P.A.
                                                                   2200 Ids Center
                                                                   80 South Eighth Street
                                                                   Minneapolis, MN 55402
                                                                   612-977-8539
                                                                   Fax: 612-977-8650
                                                                   Email: jschlosser@briggs.com
                                                                   *LEAD ATTORNEY*
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Joshua R. Stein**
                                                                   Morrison & Foerster LLP
                                                                   250 West 55th Street
                                                                   New York, NY 10019
                                                                   212-468-8000
                                                                   Fax: 212-468-7900
                                                                   Email: jstein@mofo.com
                                                                   *TERMINATED: 09/13/2016*
                                                                   *LEAD ATTORNEY*
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Michael B. Miller**
                                                                   Morrison & Foerster LLP
                                                                   250 West 55 Street
                                                                   New York, NY 10019
                                                                   212-468-8000
                                                                   Fax: 212-468-7900
                                                                   Email: mbmiller@mofo.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruvin Jayasuriya**
Briggs and Morgan, P.A.
2200 Ids Center 80 South Eighth Street
Minneapolis, mn 55402
612-977-8423
Fax: 612-977-8650
Email: rjayasuriya@briggs.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott M. Flaherty**
Briggs and Morgan, P.A.
Suite 2200
80 South Eighth Street
Minneapolis, MN 55402
612-977-8400
Fax: 612-977-8650
Email: sflaherty@briggs.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Henry Schein, Inc.**                  represented by   **Adrian Fontecilla**
*TERMINATED: 07/06/2017*                                 Proskauer Rose LLP
                                                         1001 Pennsylvania Ave Nw
                                                         Suite 600 South
                                                         Washington, DC 20004
                                                         202-416-5863
                                                         Fax: 202-416-6899
                                                         Email: afontecilla@proskauer.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Bradley I. Ruskin**
                                                         Proskauer Rose LLP
                                                         11 Times Square
                                                         New York, NY 10036
                                                         212-969-3465
                                                         Fax: 212-969-2900
                                                         Email: bruskin@proskauer.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**David Alexander Munkittrick**
Proskauer Rose
Eleven Times Square
New York, NY 10036
212-969-3226
Fax: 212-969-2900
Email: dmunkittrick@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Barack Echols**
Kirkland & Ellis LLP
300 North Lasalle
Chicago, IL 60654
312-862-2000
Fax: 312-862-2200
Email: barack.echols@kirkland.com
*ATTORNEY TO BE NOTICED*

**Colin Kass**
Proskauer Rose
1001 Pennsylvania Avenue
Suite 600
Washington, DC 20004
202-416-6890
Fax: 202-416-6899
Email: ckass@proskauer.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James Andrew Langan**
Kirkland & Ellis
300 North Lasalle
Chicago, IL 60654
312-862-2000
Fax: 312-862-2200
Email: andrew.langan@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jaran R. Moten**
Kirkland & Ellis LLP
300 North Lasalle
Chicago, IL 60654
312-862-2000
Fax: 312-862-2200
Email: jaran.moten@kirkland.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**John P. McDonald**
Locke Lord LLP
2200 Ross Ave
Suite 2800
Dallas, TX 75201
(214)740-8758
Fax: (214)756-8758
Email: jpmcdonald@lockelord.com
*ATTORNEY TO BE NOTICED*

**Lauren M. Fincher**
Locke Lord LLP
600 Congress Ave
Suite 2200
Austin, TX 78701
(512)305-4843
Fax: (512)305-4800
Email: lfincher@lockelord.com
*ATTORNEY TO BE NOTICED*

**Scott Abeles**
Proskauer Rose
1001 Pennsylvania Avenue
Suite 600 South
Washington, DC 20004
202-416-5817
Fax: 202-416-6899
Email: sabeles@proskauer.com
*TERMINATED: 04/17/2017*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Robert Chuk**
Proskauer Rose LLP
1001 Pennsylvania Avenue Nw
Suite 600
Washington, DC 20004
202-416-6697
Fax: 202-416-6899
Email: schuk@proskauer.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Benco Dental Supply Company**          represented by **Howard D. Scher**
Buchanan Ingersoll & Rooney PC
50 S 16th Street, Suite 3200

Philadelphia, PA 19102
215-665-3920
Fax: 215-665-8760
Email: howard.scher@bipc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven E. Bizar**
Buchanan Ingersoll & Rooney PC
50 S 16th Street, Suite 3200
Philadelphia, PA 19102
215-665-3826
Fax: 215-665-8760
Email: steven.bizar@bipc.com
*TERMINATED: 02/05/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carrie G. Amezcua**
Buchanan Ingersoll & Rooney PC
1700 K Street, Nw
Suite 300
Washington, DC 20006
202-452-7953
Fax: 202-452-7989
Email: carrie.amezcua@bipc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Schumacher**
Buchanan Ingersoll & Rooney PC
50 S 16th Street
Suite 3200
Philadelphia, PA 19102
215-665-8700
Fax: 215-665-8760
Email: david.schumacher@bipc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jackson E. Warren**
Buchanan Ingersoll & Rooney PC
50 S 16th Street, Suite 3200
Philadelphia, PA 19102
215-665-8700
Fax: 215-665-8760
Email: jackson.warren@bipc.com
*TERMINATED: 03/03/2017*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth L. Racowski**
Buchanan, Ingersoll & Rooney PC
Two Liberty Place
50 S 16th Street, Suite 3200
Philadelphia, PA 19102
215-665-3608
Fax: 215-665-8760
Email: kenneth.racowski@bipc.com
*ATTORNEY TO BE NOTICED*

**Samantha Lee Southall**
Buchanan Ingersoll & Rooney PC
2 Liberty Place
50 South 16 Street
Suite 3200
Philadelphia, PA 19102-2555
215-665-3884
Fax: 215-665-8760
Email: samantha.southall@bipc.com
*ATTORNEY TO BE NOTICED*

**Thomas P. Manning**
Buchanan Ingersoll & Rooney PC
50 South 16th Street
Two Liberty Place, 32nd Floor
Philadelphia, PA 19102
215-665-3847
Fax: 215-665-8760
Email: thomas.manning@bipc.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Patterson Companies, Inc.**                represented by **James J. Long**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay William Schlosser**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael B. Miller**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott M. Flaherty**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**SourceOne Dental, Inc.**                    represented by    **Jack G. Stern**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abby Dennis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher G. Renner**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James P. Denvir**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael S. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William A. Isaacson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Benco Dental Supply Company**                    represented by    **Howard D. Scher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven E. Bizar**
(See above for address)
*TERMINATED: 02/05/2016*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carrie G. Amezcua**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Schumacher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jackson E. Warren**
(See above for address)
*TERMINATED: 03/03/2017*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth L. Racowski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samantha Lee Southall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas P. Manning**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**SourceOne Dental, Inc.**            represented by **Jack G. Stern**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abby Dennis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher G. Renner**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James P. Denvir**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael S. Mitchell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William A. Isaacson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/21/2015 | 1 | COMPLAINT against Benco Dental Supply Company, Henry Schein, Inc., Patterson Companies, Inc. filing fee $ 400, receipt number 0207-8033564 Was the Disclosure Statement on Civil Cover Sheet completed -Yes, filed by SourceOne Dental, Inc.. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons Patterson Companies, Inc., # 3 Proposed Summons Henry Schein, Inc., # 4 Proposed Summons Benco Dental Supply Company, # 5 Exhibit A, # 6 Exhibit B) (Stern, Jack) Modified on 9/21/2015 (Rodin, Deanna). (Entered: 09/21/2015) |
| 09/21/2015 | 2 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (Rodin, Deanna) (Entered: 09/21/2015) |
| 09/21/2015 | | Case Assigned to Judge Joan M. Azrack and Magistrate Judge Gary R. Brown. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Rodin, Deanna) (Entered: 09/21/2015) |
| 09/21/2015 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link:http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.** (Rodin, Deanna) (Entered: 09/21/2015) |
| 09/21/2015 | 4 | Summons Issued as to Benco Dental Supply Company. (Ortiz, Grisel) (Entered: 09/21/2015) |
| 09/21/2015 | 5 | Summons Issued as to Henry Schein, Inc.. (Ortiz, Grisel) (Entered: |

| | | 09/21/2015) |
|---|---|---|
| 09/21/2015 | 6 | Summons Issued as to Patterson Companies, Inc.. (Ortiz, Grisel) (Entered: 09/21/2015) |
| 09/30/2015 | 7 | NOTICE of Appearance by Steven E. Bizar on behalf of Benco Dental Supply Company (aty to be noticed) (Bizar, Steven) (Entered: 09/30/2015) |
| 09/30/2015 | 8 | Corporate Disclosure Statement by Benco Dental Supply Company (Bizar, Steven) (Entered: 09/30/2015) |
| 09/30/2015 | 9 | Consent MOTION for Extension of Time to File Response/Reply as to 1 Complaint,, by Benco Dental Supply Company. (Bizar, Steven) (Entered: 09/30/2015) |
| 10/01/2015 | | ELECTRONIC ORDER granting 9 Motion for Extension of Time. The time for defendant Benco Dental Supply Company to responsd to the complaint is extended to 11/13/2015. Ordered by Magistrate Judge Gary R. Brown on 10/1/2015. c/ecf (Johnston, Linda) (Entered: 10/01/2015) |
| 10/05/2015 | 10 | NOTICE of Appearance by David Alexander Munkittrick on behalf of Henry Schein, Inc. (aty to be noticed) (Munkittrick, David) (Entered: 10/05/2015) |
| 10/05/2015 | 11 | Corporate Disclosure Statement by Henry Schein, Inc. (Munkittrick, David) (Entered: 10/05/2015) |
| 10/05/2015 | 12 | Consent MOTION for Extension of Time to File Answer re 1 Complaint,, by Henry Schein, Inc.. (Munkittrick, David) (Entered: 10/05/2015) |
| 10/06/2015 | | ORDER granting 12 Motion for Extension of Time. The time for defendant Henry Schein, Inc. to respond to the Complaint is extended to 11/13/2015. c/ecf. Ordered by Magistrate Judge Gary R. Brown on 10/6/2015. (Johnston, Linda) (Entered: 10/06/2015) |
| 10/08/2015 | 13 | NOTICE of Appearance by Michael B. Miller on behalf of Patterson Companies, Inc. (aty to be noticed) (Miller, Michael) (Entered: 10/08/2015) |
| 10/08/2015 | 14 | Consent MOTION for Extension of Time to File Answer re 1 Complaint,, by Patterson Companies, Inc.. (Miller, Michael) (Entered: 10/08/2015) |
| 10/08/2015 | 15 | SUMMONS Returned Executed by SourceOne Dental, Inc.. Patterson Companies, Inc. served on 9/24/2015, answer due 10/15/2015. (Stern, Jack) (Entered: 10/08/2015) |
| 10/08/2015 | 16 | SUMMONS Returned Executed by SourceOne Dental, Inc.. Henry Schein, Inc. served on 9/24/2015, answer due 11/13/2015. (Stern, Jack) (Entered: 10/08/2015) |
| 10/08/2015 | 17 | SUMMONS Returned Executed by SourceOne Dental, Inc.. Benco Dental Supply Company served on 9/24/2015, answer due 10/15/2015. (Stern, Jack) (Entered: 10/08/2015) |
| 10/13/2015 | | ELECTRONIC ORDER granting 14 Motion for Extension of Time to Answer. Defendant Patterson Companies, Inc.'s time to answer or otherwise |

| | | respond to the complaint is hereby EXTENDED to November 13, 2015. Ordered by Magistrate Judge Gary R. Brown on 10/13/2015. (Yim, Kevin) (Entered: 10/13/2015) |
|---|---|---|
| 10/15/2015 | 18 | NOTICE of Appearance by Bradley I. Ruskin on behalf of Henry Schein, Inc. (aty to be noticed) (Ruskin, Bradley) (Entered: 10/15/2015) |
| 10/15/2015 | 19 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8098322. by Henry Schein, Inc.. (Attachments: # 1 Affidavit in Support Of Motion To Admit Counsel Pro Hac Vice, # 2 Certificate Of Good Standing (DC), # 3 Certificate Of Good Standing (Illinois), # 4 Proposed Order For Admission Pro Hac Vice) (Kass, Colin) (Entered: 10/15/2015) |
| 10/15/2015 | 20 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8098355. by Henry Schein, Inc.. (Attachments: # 1 Affidavit in Support Of Motion To Admit Counsel Pro Hac Vice, # 2 Certificate Of Good Standing, # 3 Proposed Order For Admission Pro Hac Vice) (Abeles, Scott) (Entered: 10/15/2015) |
| 10/16/2015 | | ELECTRONIC ORDER granting 19 Motion for Leave to Appear Pro Hac Vice ; granting 20 Motion for Leave to Appear Pro Hac Vice. Colin R. Kass and Scott M. Abeles are directed to register for ECF and to electronically file a notice of appearance. Ordered by Magistrate Judge Gary R. Brown on 10/16/2015.c/ecf (Johnston, Linda) (Entered: 10/16/2015) |
| 10/21/2015 | 21 | MOTION for Leave to Appear Pro Hac Vice *by Christopher Renner* Filing fee $ 150, receipt number 0207-8111558. by SourceOne Dental, Inc.. (Attachments: # 1 Affidavit in Support, # 2 Proposed Order) (Renner, Christopher) (Entered: 10/21/2015) |
| 10/22/2015 | | ELECTRONIC ORDER granting 21 Motion for Leave to Appear Pro Hac Vice. Christopher G. Renner is directed to register for ECF and to electronically file a notice of appearance. Ordered by Magistrate Judge Gary R. Brown on 10/22/2015. c/ecf (Johnston, Linda) (Entered: 10/22/2015) |
| 10/26/2015 | 22 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8121853. by Patterson Companies, Inc.. (Long, James) (Entered: 10/26/2015) |
| 10/26/2015 | 23 | AFFIDAVIT/DECLARATION in Support re 22 MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8121853. filed by Patterson Companies, Inc.. (Attachments: # 1 Exhibit Certificates of Good Standing, # 2 Proposed Order) (Long, James) (Entered: 10/26/2015) |
| 10/26/2015 | 24 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8122008. by Patterson Companies, Inc.. (Schlosser, Jay) (Entered: 10/26/2015) |
| 10/26/2015 | 25 | AFFIDAVIT/DECLARATION in Support re 24 MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8122008. filed by Patterson Companies, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Proposed Order) (Schlosser, Jay) (Entered: 10/26/2015) |

| 10/26/2015 | 26 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8122074. by Patterson Companies, Inc.. (Flaherty, Scott) (Entered: 10/26/2015) |
| 10/26/2015 | 27 | AFFIDAVIT/DECLARATION in Support re 26 MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8122074. filed by Patterson Companies, Inc.. (Attachments: # 1 Exhibit Certificates of Good Standing, # 2 Proposed Order) (Flaherty, Scott) (Entered: 10/26/2015) |
| 10/27/2015 | | ORDER granting 22 Motion for Leave to Appear Pro Hac Vice ; granting 24 Motion for Leave to Appear Pro Hac Vice ; granting 26 Motion for Leave to Appear Pro Hac Vice. The moving attorneys are directed to register for ECF and electronically file notices of appearances. Ordered by Magistrate Judge Gary R. Brown on 10/27/2015. c/ecf (Johnston, Linda) (Entered: 10/27/2015) |
| 10/29/2015 | 28 | NOTICE of Appearance by Christopher G. Renner on behalf of SourceOne Dental, Inc. (notification declined or already on case) (Renner, Christopher) (Entered: 10/29/2015) |
| 11/10/2015 | 29 | Consent MOTION for Extension of Time to File Answer re 1 Complaint,, *Defendants' Patterson Companies, Inc., Henry Schein, Inc., and Benco Dental Supply Company Consent Motion For Extension of Time to Respond to Complaint* by Henry Schein, Inc.. (Kass, Colin) (Entered: 11/10/2015) |
| 11/10/2015 | 30 | NOTICE of Appearance by Colin Kass on behalf of Henry Schein, Inc. (notification declined or already on case) (Kass, Colin) (Entered: 11/10/2015) |
| 11/10/2015 | 31 | NOTICE of Appearance by Scott Abeles on behalf of Henry Schein, Inc. (notification declined or already on case) (Abeles, Scott) (Entered: 11/10/2015) |
| 11/12/2015 | | ORDER granting 29 Motion for Extension of Time. Defendants' time to answer or otherwise respond to the complaint is hereby EXTENDED to November 20, 2015. Ordered by Magistrate Judge Gary R. Brown on 11/12/2015. c/ecf (Johnston, Linda) (Entered: 11/12/2015) |
| 11/20/2015 | 32 | ANSWER to 1 Complaint,, *and Additional Defenses* by Benco Dental Supply Company. (Bizar, Steven) (Entered: 11/20/2015) |
| 11/20/2015 | 33 | ANSWER to 1 Complaint,, , COUNTERCLAIM against SourceOne Dental, Inc. by Patterson Companies, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Long, James) (Entered: 11/20/2015) |
| 11/20/2015 | 34 | ANSWER to 1 Complaint,, *Of Defendant Henry Schein, Inc.* by Henry Schein, Inc.. (Kass, Colin) (Entered: 11/20/2015) |
| 11/24/2015 | 35 | INITIAL CONFERENCE SCHEDULING ORDER: An Initial Conference is set for 1/4/2016 in Courtroom 840 before Magistrate Judge Gary R. Brown. See order and attachments for instructions. Ordered by Magistrate Judge Gary R. Brown on 11/24/2015. (Attachments: # 1 GRB Individual Rules) (McMorrow, Karen) (Entered: 11/24/2015) |
| 12/02/2015 | 36 | MOTION for Leave to Appear Pro Hac Vice *Carrie G. Amezcua* Filing fee $ |

| | | |
|---|---|---|
| | | 150, receipt number 0207-8209968. by Benco Dental Supply Company. (Attachments: # 1 Proposed Order, # 2 Certificate of Good Standing) (Bizar, Steven) (Entered: 12/02/2015) |
| 12/03/2015 | | ELECTRONIC ORDER granting 36 Motion for Leave to Appear Pro Hac Vice. Carrie G. Amezcua is directed to register for ECF and to electronically file a notice of appearance. Ordered by Magistrate Judge Gary R. Brown on 12/3/2015. c/ecf (Johnston, Linda) (Entered: 12/03/2015) |
| 12/03/2015 | 37 | NOTICE of Appearance by Carrie G. Amezcua on behalf of Benco Dental Supply Company (aty to be noticed) (Amezcua, Carrie) (Entered: 12/03/2015) |
| 12/07/2015 | 38 | ANSWER to 33 Answer to Complaint, Counterclaim by SourceOne Dental, Inc.. (Renner, Christopher) (Entered: 12/07/2015) |
| 12/14/2015 | 39 | MOTION for Leave to Appear Pro Hac Vice *Jackson E. Warren* Filing fee $ 150, receipt number 0207-8237353. by Benco Dental Supply Company. (Attachments: # 1 Proposed Order, # 2 Certificate of Good Standing) (Bizar, Steven) (Entered: 12/14/2015) |
| 12/15/2015 | | ELECTRONIC ORDER granting 39 Motion for Leave to Appear Pro Hac Vice. Jackson E. Warren is directed to register for ECF and to electronically file a notice of appearance. Ordered by Magistrate Judge Gary R. Brown on 12/15/2015. c/ecf (Johnston, Linda) (Entered: 12/15/2015) |
| 12/15/2015 | 40 | NOTICE of Appearance by Jackson E. Warren on behalf of Benco Dental Supply Company (aty to be noticed) (Warren, Jackson) (Entered: 12/15/2015) |
| 12/15/2015 | 41 | NOTICE of Appearance by Stephen Robert Chuk on behalf of Henry Schein, Inc. (aty to be noticed) (Chuk, Stephen) (Entered: 12/15/2015) |
| 12/23/2015 | 42 | Consent MOTION for Protective Order by Henry Schein, Inc.. (Attachments: # 1 Attachment Redline Version of Confidentiality Order) (Chuk, Stephen) (Entered: 12/23/2015) |
| 12/28/2015 | | ELECTRONIC ORDER granting 42 Motion for Protective Order. The attached proposed confidentiality order is hereby SO ORDERED. Ordered by Magistrate Judge Gary R. Brown on 12/28/2015. (Yim, Kevin) (Entered: 12/28/2015) |
| 01/04/2016 | 43 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8272907. by Patterson Companies, Inc.. (Attachments: # 1 Proposed Order) (Stein, Joshua) (Entered: 01/04/2016) |
| 01/04/2016 | 44 | AFFIDAVIT/DECLARATION in Support re 43 MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8272907. filed by Patterson Companies, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing) (Stein, Joshua) (Entered: 01/04/2016) |
| 01/04/2016 | 45 | Minute Entry for proceedings held before Magistrate Judge Gary R. Brown:Initial Conference Hearing held on 1/4/2016. Scheduling order entered. Settlement conference scheduled for _4/13/2016_ at 10:00 a.m. in courtroom 840 of the Long Island Courthouse. Counsel shall comply with the |

| | | |
|---|---|---|
| | | undersigneds individual rules on settlement. (Tape #1:53-2:17:18.) (McMorrow, Karen) (Entered: 01/04/2016) |
| 01/04/2016 | 46 | SCHEDULING ORDER: Discovery deadlines have been set. Status Conference set for 9/12/2016 at 11:00 AM in Courtroom 840 before Magistrate Judge Gary R. Brown. See order for details. Ordered by Magistrate Judge Gary R. Brown on 1/4/2016. (McMorrow, Karen) (Entered: 01/04/2016) |
| 01/05/2016 | | ELECTRONIC ORDER granting 43 Motion for Leave to Appear Pro Hac Vice. Joshua R. Stein is directed to register for ECF and to electronically file a notice of appearance. Ordered by Magistrate Judge Gary R. Brown on 1/5/2016. c/ecf (Johnston, Linda) (Entered: 01/05/2016) |
| 01/05/2016 | 47 | NOTICE of Appearance by Joshua R. Stein on behalf of Patterson Companies, Inc. (notification declined or already on case) (Stein, Joshua) (Entered: 01/05/2016) |
| 01/21/2016 | 48 | Notice of Related Case (Davis, Kimberly) (Entered: 01/21/2016) |
| 01/22/2016 | | ORDER REASSIGNING CASE. Case reassigned to Judge Brian M. Cogan for all further proceedings. Judge Joan M. Azrack no longer assigned to case Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such.. Ordered by Chief Judge Carol Bagley Amon on 1/22/2016. (Davis, Kimberly) (Entered: 01/22/2016) |
| 01/25/2016 | | SCHEDULING ORDER: Counsel for all parties are directed to appear before the Honorable Brian M. Cogan for an Initial Status Conference on 3/9/2016 at 4:30 pm in Courtroom 8D South. Principal trial counsel must appear at this and all subsequent conferences. Plaintiff's counsel is directed to notify all attorneys in this action of the conference schedule in writing. Counsel is directed to review Judge Cogan's Individual Practices, which may be obtained on the Court's website at https://www.nyed.uscourts.gov/content/judge-brian-m-cogan. Requests for adjournment of the conference will be considered only if made in writing and otherwise in accordance with Judge Cogan's Rules. Ordered by Judge Brian M. Cogan on 1/25/2016. (Weisberg, Peggy) (Entered: 01/25/2016) |
| 01/26/2016 | 49 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8329836. by SourceOne Dental, Inc.. (Attachments: # 1 Affidavit in Support, # 2 Certificate of Good Standing (DC), # 3 Proposed Order) (Denvir, James) (Entered: 01/26/2016) |
| 01/27/2016 | | ORDER granting 49 Motion for James P. Denvir to Appear Pro Hac Vice as counsel for plaintiff. Ordered by Judge Brian M. Cogan on 1/27/2016. (Weisberg, Peggy) (Entered: 01/27/2016) |
| 01/27/2016 | | ORDER. Attorneys admitted and in good standing in any state or in any United States District Court are deemed admitted *pro hac vice* in this litigation |

| | | |
|---|---|---|
| | | upon (1) payment of the required fee of $150 to the Clerk of Court pursuant to Local Rule 1.3(c); and (2) filing a Notice of Appearance in this litigation that recites that the attorney is in good standing in his or her home jurisdiction (which shall be named) and has no disciplinary matters pending. The Clerk is directed to enter such attorney's appearance *pro hac vice* without motion upon filing of a conforming Notice of Appearance. Ordered by Judge Brian M. Cogan on 1/27/2016. (Weisberg, Peggy) (Entered: 01/27/2016) |
| 01/27/2016 | 50 | Notice of Related Case (Bowens, Priscilla) (Entered: 01/28/2016) |
| 01/27/2016 | 51 | Notice of Related Case (Bowens, Priscilla) (Entered: 01/28/2016) |
| 01/28/2016 | | ORDER. Initial Status Conference previously set for 3/9/16 is reset to 2/9/16 at 2:30 pm in Courtroom 8D South ; parties' positions as to joining existing discovery schedule, set forth in 15 Civ. 5440 (ECF No. 46), will be discussed at that time. Ordered by Judge Brian M. Cogan on 1/28/2016. (Weisberg, Peggy) (Entered: 01/28/2016) |
| 01/29/2016 | 52 | Notice of Related Case (Bowens, Priscilla) (Entered: 01/29/2016) |
| 02/02/2016 | 53 | FILING FEE: $ 300.00, receipt number 4653097686 for Michael S. Mitchell and William A. Isaacson as to Pro Hac Vice motions. (Guzzi, Roseann) (Entered: 02/02/2016) |
| 02/02/2016 | 54 | Letter by Corwin Plaintiffs (Nussbaum, Linda) (Entered: 02/02/2016) |
| 02/02/2016 | 55 | NOTICE of Appearance by William A. Isaacson on behalf of SourceOne Dental, Inc. (aty to be noticed) (Isaacson, William) (Entered: 02/02/2016) |
| 02/02/2016 | 56 | NOTICE of Appearance by Michael S. Mitchell on behalf of SourceOne Dental, Inc. (aty to be noticed) (Mitchell, Michael) (Entered: 02/02/2016) |
| 02/03/2016 | 57 | MOTION for Leave to Appear Pro Hac Vice *(Notice of Appearance)* Filing fee $ 150, receipt number 0207-8350351. by Benco Dental Supply Company. (Scher, Howard) (Entered: 02/03/2016) |
| 02/03/2016 | 58 | Letter by Stanford Dresnin, DDS (Edelson, Marc) (Entered: 02/03/2016) |
| 02/04/2016 | 59 | Notice of Related Case (Davis, Kimberly) (Entered: 02/04/2016) |
| 02/04/2016 | 60 | MOTION to Withdraw as Attorney *(Steven E. Bizar)* by Benco Dental Supply Company. (Bizar, Steven) (Entered: 02/04/2016) |
| 02/05/2016 | | ORDER granting 60 Motion to Withdraw as Attorney. Attorney Steven E. Bizar terminated. Ordered by Judge Brian M. Cogan on 2/5/2016. (Weisberg, Peggy) (Entered: 02/05/2016) |
| 02/05/2016 | 61 | Notice of Related Case (Davis, Kimberly) (Entered: 02/05/2016) |
| 02/05/2016 | 62 | CASE MANAGEMENT ORDER NO. 1. ( Ordered by Judge Brian M. Cogan on 2/5/2016 ) (Guzzi, Roseann) (Entered: 02/05/2016) |
| 02/05/2016 | 63 | MOTION for Leave to Appear Pro Hac Vice *(Notice of Appearance)* Filing fee $ 150, receipt number 0207-8356494. by Benco Dental Supply Company. |

| | | |
|---|---|---|
| | | (Manning, Thomas) (Entered: 02/05/2016) |
| 02/05/2016 | 64 | MOTION for Leave to Appear Pro Hac Vice *(Notice of Appearance)* Filing fee $ 150, receipt number 0207-8356570. by Benco Dental Supply Company. (Racowski, Kenneth) (Entered: 02/05/2016) |
| 02/05/2016 | 65 | Notice of Related Case (Davis, Kimberly) (Entered: 02/05/2016) |
| 02/05/2016 | | ORDER granting Motions for Howard D. Scher 57 ; Thomas P. Manning 63 ; Kenneth L. Racowski 64 to appear pro hac vice as counsel for defendant Benco Dental Supply Company. Ordered by Judge Brian M. Cogan on 2/5/2016. (Weisberg, Peggy) (Entered: 02/05/2016) |
| 02/08/2016 | 66 | Notice of Related Case (Bowens, Priscilla) (Entered: 02/08/2016) |
| 02/08/2016 | 67 | Notice of Related Case (Bowens, Priscilla) (Entered: 02/08/2016) |
| 02/09/2016 | 68 | Notice of Related Case (Davis, Kimberly) (Entered: 02/09/2016) |
| 02/09/2016 | 69 | Notice of Related Case (Davis, Kimberly) (Entered: 02/09/2016) |
| 02/09/2016 | 70 | Notice of Related Case indicated on the civil cover sheet in case 16cv658. (Rodin, Deanna) (Entered: 02/09/2016) |
| 02/09/2016 | 71 | Notice of Related Case indicated on the Civil Cover Sheet in Case No. 16-cv-00570. (Flanagan, Doreen) (Entered: 02/09/2016) |
| 02/10/2016 | 72 | Notice of Related Case (Davis, Kimberly) (Entered: 02/10/2016) |
| 02/16/2016 | 73 | Notice of Related Case indicated on the Civil Cover Sheet in Case No. 16-cv-00751. (Flanagan, Doreen) (Entered: 02/16/2016) |
| 03/01/2016 | 74 | Notice of Related Cases indicated on the civil cover sheet in case 16cv1020. (Rodin, Deanna) (Entered: 03/01/2016) |
| 03/17/2016 | 75 | Notice of Related Case (Bowens, Priscilla) (Entered: 03/17/2016) |
| 03/17/2016 | 76 | Notice of Related Case (Bowens, Priscilla) (Entered: 03/17/2016) |
| 03/22/2016 | 77 | Notice of Related Case indicated on the civil cover sheet in case 16cv1377. (Rodin, Deanna) (Entered: 03/22/2016) |
| 04/04/2016 | 78 | Consent MOTION to Adjourn Conference by Henry Schein, Inc.. (Kass, Colin) (Entered: 04/04/2016) |
| 04/06/2016 | | ELECTRONIC ORDER granting 78 Motion to Adjourn Conference. The consent motion for adjournment of the April 13, 2016 settlement conference before the undersigned is approved and So Ordered. The parties are directed to contact the undersigned within seven days of the district court's decision in the motion to dismiss proceedings pending in In re Dental Supplies Antitrust Litigation, Case No. 1:16-CV-00696 (BMC)(GRB). Ordered by Magistrate Judge Gary R. Brown on 4/6/2016. c/ecf (Johnston, Linda) (Entered: 04/06/2016) |
| 05/11/2016 | 79 | NOTICE of Appearance by Samantha Lee Southall on behalf of Benco Dental |

| | | |
|---|---|---|
| | | Supply Company (aty to be noticed) (Southall, Samantha) (Entered: 05/11/2016) |
| 08/01/2016 | 80 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8801637. by Patterson Companies, Inc.. (Jayasuriya, Ruvin) (Entered: 08/01/2016) |
| 08/01/2016 | 81 | AFFIDAVIT/DECLARATION in Support re 80 MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8801637. filed by Patterson Companies, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Proposed Order) (Jayasuriya, Ruvin) (Entered: 08/01/2016) |
| 08/03/2016 | | ELECTRONIC ORDER granting 80 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. Ordered by Magistrate Judge Gary R. Brown on 8/3/2016. (Yim, Kevin) (Entered: 08/03/2016) |
| 08/10/2016 | 82 | Corporate Disclosure Statement by Patterson Companies, Inc. (Long, James) (Entered: 08/10/2016) |
| 08/12/2016 | 83 | NOTICE of Appearance by John P. McDonald on behalf of Henry Schein, Inc. (aty to be noticed) (McDonald, John) (Entered: 08/12/2016) |
| 08/15/2016 | 84 | MOTION to Withdraw as Attorney by Patterson Companies, Inc.. (Attachments: # 1 Proposed Order) (Stein, Joshua) (Entered: 08/15/2016) |
| 08/15/2016 | 85 | AFFIDAVIT/DECLARATION in Support re 84 MOTION to Withdraw as Attorney filed by Patterson Companies, Inc.. (Stein, Joshua) (Entered: 08/15/2016) |
| 09/09/2016 | 86 | Consent MOTION to Adjourn Conference *Status Conference scheduled for September 12, 2016* by Henry Schein, Inc.. (Fontecilla, Adrian) (Entered: 09/09/2016) |
| 09/09/2016 | 87 | Notice of MOTION for Leave to Appear Pro Hac Vice *for Abby L. Dennis* Filing fee $ 150, receipt number 0207-8899377. by SourceOne Dental, Inc.. (Attachments: # 1 Affidavit, # 2 Certificates of Good Standing, # 3 Proposed Order) (Dennis, Abby) (Entered: 09/09/2016) |
| 09/09/2016 | | ORDER granting 86 Motion to Adjourn Conference. The 9/12/16 conference is adjourned without date.. Ordered by Magistrate Judge Gary R. Brown on 9/9/2016. (McMorrow, Karen) (Entered: 09/09/2016) |
| 09/13/2016 | | ORDER granting 84 Motion to Withdraw as Attorney. Attorney Joshua R. Stein terminated. Ordered by Magistrate Judge Gary R. Brown on 9/13/2016. (McMorrow, Karen) (Entered: 09/13/2016) |
| 09/13/2016 | | ELECTRONIC ORDER granting 87 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of |

| | | |
|---|---|---|
| | | appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. Ordered by Magistrate Judge Gary R. Brown on 9/13/2016. C/ECF (Johnston, Linda) (Entered: 09/13/2016) |
| 09/14/2016 | 88 | NOTICE of Appearance by Abby Dennis on behalf of SourceOne Dental, Inc. (aty to be noticed) (Dennis, Abby) (Entered: 09/14/2016) |
| 09/28/2016 | 89 | NOTICE of Appearance by John P. McDonald on behalf of Henry Schein, Inc. (notification declined or already on case) (McDonald, John) (Entered: 09/28/2016) |
| 10/05/2016 | 90 | Letter *to Magistrate Judge Gary R. Brown* by Patterson Companies, Inc. (Long, James) (Entered: 10/05/2016) |
| 10/21/2016 | 91 | First MOTION for pre motion conference *or an Order Allowing Modification of Scheduling Order* by Benco Dental Supply Company. (Attachments: # 1 Exhibit 1) (Scher, Howard) (Entered: 10/21/2016) |
| 10/21/2016 | | SCHEDULING ORDER: Plaintiff is directed to file a detailed response to defendant Benco Dental Supply Co.'s 91 letter by 10/26/2016. A Premotion Conference will be held on 10/28/2016 at 10:00 am in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 10/21/2016. (Weisberg, Peggy) (Entered: 10/21/2016) |
| 10/24/2016 | 92 | Consent MOTION to Adjourn Conference *Scheduled for October 28, 2016* by Benco Dental Supply Company. (Scher, Howard) (Entered: 10/24/2016) |
| 10/24/2016 | | ORDER granting 92 Motion to Adjourn Premotion Conference to 11/4/2016 at 3:00 pm in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 10/24/2016. (Weisberg, Peggy) (Entered: 10/24/2016) |
| 10/25/2016 | | Email Notification Test for John Radice - DO NOT REPLY (Entered: 10/25/2016) |
| 10/26/2016 | 93 | RESPONSE to Motion re 91 First MOTION for pre motion conference *or an Order Allowing Modification of Scheduling Order* filed by SourceOne Dental, Inc.. (Attachments: # 1 Exhibit A) (Mitchell, Michael) (Entered: 10/26/2016) |
| 11/07/2016 | | Minute Entry for proceedings held on 11/4/2016 before Judge Brian M. Cogan and Order granting 91 . Defendant Benco is permitted to file its amended answer and counterclaims against SourceOne based on Benco's representation that it does not need any additional discovery as to the counterclaims beyond that obtained by its co-defendants and SourceOne's representation that it can meet the additional burden of taking discovery on that counterclaim within the existing discovery schedule. All parties are reminded that the 2/10/2017 fact discovery deadline will not be extended. After 2/10/2017, SourceOne may seek attorneys' fees and costs for the margin of identifiable attorneys' fees and costs, if any, attributable to taking discovery in connection with Benco's counterclaim. See transcript for additional details. (Court Reporter Linda Marino). (Weisberg, Peggy) (Entered: 11/07/2016) |
| | | |

| 11/07/2016 | 94 | *Amended* ANSWER to 1 Complaint,, *Additional Defenses,* COUNTERCLAIM against SourceOne Dental, Inc. by Benco Dental Supply Company. (Attachments: # 1 Exhibit A) (Scher, Howard) (Entered: 11/07/2016) |
|---|---|---|
| 11/16/2016 | 95 | Letter MOTION to Compel *Plaintiff SourceOne Dental, Inc. to Answer Interrogatory Nos. 1 Through 15 of Defendants' First Set of Interrogatories* by Benco Dental Supply Company, Henry Schein, Inc., Patterson Companies, Inc.. (Attachments: # 1 Exhibit A) (Miller, Michael) (Entered: 11/16/2016) |
| 11/21/2016 | 96 | ANSWER to 94 Answer to Complaint, Counterclaim by SourceOne Dental, Inc.. (Dennis, Abby) (Entered: 11/21/2016) |
| 11/23/2016 | 97 | Letter MOTION to Withdraw 95 Letter MOTION to Compel *Plaintiff SourceOne Dental, Inc. to Answer Interrogatory Nos. 1 Through 15 of Defendants' First Set of Interrogatories Without Prejudice* by Benco Dental Supply Company, Henry Schein, Inc., Patterson Companies, Inc.. (Miller, Michael) (Entered: 11/23/2016) |
| 12/22/2016 | 98 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-9158781. by SourceOne Dental, Inc.. (Attachments: # 1 Affidavit, # 2 Exhibit, # 3 Proposed Order) (Phillips, Jessica) (Entered: 12/22/2016) |
| 01/18/2017 | 99 | Letter MOTION for Leave to Electronically File Document under Seal by SourceOne Dental, Inc.. (Attachments: # 1 Exhibit B, # 2 Exhibit F, # 3 Exhibit G, # 4 Proposed Order) (Renner, Christopher) (Entered: 01/18/2017) |
| 01/18/2017 | 100 | Letter MOTION to Compel by SourceOne Dental, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B Slipsheet (Filed Under Seal), # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F Slipsheet (Filed Under Seal), # 7 Exhibit G Slipsheet (Filed Under Seal)) (Renner, Christopher) (Entered: 01/18/2017) |
| 01/18/2017 | | ORDER granting 97 Motion to Withdraw 95 Letter Motion to Compel. Ordered by Judge Brian M. Cogan on 1/18/2017. (Weisberg, Peggy) (Entered: 01/18/2017) |
| 01/18/2017 | | ORDER granting 99 Motion for Leave to Electronically File Document under Seal. Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Judge Brian M. Cogan on 1/18/2017. (Weisberg, Peggy) (Entered: 01/18/2017) |
| 01/18/2017 | | ORDER deferring ruling on 98 Motion for Leave to Appear Pro Hac Vice. Revised Local Civil Rule 1.3 (c) requires that an attorney seeking to be admitted pro hac vice must also state in the affidavit whether she has been the subject of a disciplinary sanction or criminal conviction. Counsel is directed to file a revised affidavit forthwith. Ordered by Judge Brian M. Cogan on 1/18/2017. (Weisberg, Peggy) (Entered: 01/18/2017) |
| 01/18/2017 | 101 | EXHIBIT *B, F and G* by SourceOne Dental, Inc.. Related document: 100 Letter MOTION to Compel filed by SourceOne Dental, Inc.. (Attachments: # |

| | | |
|---|---|---|
| | | 1 Exhibit, # 2 Exhibit) (Renner, Christopher) (Entered: 01/18/2017) |
| 01/19/2017 | 102 | NOTICE of Change of Address by Christopher G. Renner (Renner, Christopher) (Entered: 01/19/2017) |
| 01/23/2017 | 103 | Amended MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-9228051. by SourceOne Dental, Inc.. (Phillips, Jessica) (Entered: 01/23/2017) |
| 01/24/2017 | | ORDER granting 98 103 Jessica Phillips's Motion for Leave to Appear Pro Hac Vice as counsel for plaintiff. The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that she receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerk's Office. Ordered by Judge Brian M. Cogan on 1/24/2017. (Weisberg, Peggy) (Entered: 01/24/2017) |
| 01/25/2017 | | Magistrate Judge Gary R. Brown added. (Brown, Marc) (Entered: 01/25/2017) |
| 01/25/2017 | 104 | RESPONSE in Opposition re 100 Letter MOTION to Compel filed by Benco Dental Supply Company. (Southall, Samantha) (Entered: 01/25/2017) |
| 01/25/2017 | 105 | RESPONSE in Opposition re 100 Letter MOTION to Compel filed by Patterson Companies, Inc.. (Long, James) (Entered: 01/25/2017) |
| 01/25/2017 | 106 | MOTION for Leave to Electronically File Document under Seal by Henry Schein, Inc.. (Attachments: # 1 Opposition to Letter Motion to Compel, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Proposed Order) (McDonald, John) (Entered: 01/25/2017) |
| 02/03/2017 | | ELECTRONIC ORDER granting 106 Motion for Leave to Electronically File Documents under Seal. Application granted. The sealed documents shall be available by the parties for use in this case. Ordered by Magistrate Judge Gary R. Brown on 2/3/2017. c/ecf (Meehan, James) (Entered: 02/03/2017) |
| 02/03/2017 | 107 | RESPONSE in Opposition re 100 Letter MOTION to Compel *filed under seal* filed by Henry Schein, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (McDonald, John) (Entered: 02/03/2017) |
| 02/03/2017 | 108 | ORDER granting 100 Motion to Compel. See attached Order for details. Ordered by Magistrate Judge Gary R. Brown on 2/3/2017. c/ecf (Meehan, James) (Entered: 02/03/2017) |
| 03/02/2017 | 109 | MOTION to Withdraw as Attorney by Benco Dental Supply Company. (Warren, Jackson) (Entered: 03/02/2017) |
| 03/03/2017 | | ORDER granting 109 Motion to Withdraw as Attorney. Attorney Jackson E. Warren terminated. duplicate of mtn filed in 16cv696- granted by BMC 3/2/17. Ordered by Magistrate Judge Gary R. Brown on 3/3/2017. (McMorrow, Karen) (Entered: 03/03/2017) |
| | | |

| 03/03/2017 | 110 | Letter MOTION to Compel by Henry Schein, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Kass, Colin) (Entered: 03/03/2017) |
|---|---|---|
| 03/08/2017 | 111 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-9349602. by Benco Dental Supply Company. (Attachments: # 1 Affidavit of David Schumacher, # 2 Exhibit A - Certificate of Good Standing) (Schumacher, David) (Entered: 03/08/2017) |
| 03/09/2017 | | ELECTRONIC ORDER granting 111 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. Ordered by Magistrate Judge Gary R. Brown on 3/9/2017. C/ECF (Johnston, Linda) (Entered: 03/09/2017) |
| 03/10/2017 | 112 | RESPONSE in Opposition re 110 Letter MOTION to Compel filed by SourceOne Dental, Inc.. (Attachments: # 1 Exhibit A) (Renner, Christopher) (Entered: 03/10/2017) |
| 03/13/2017 | | ELECTRONIC ORDER granting in part and denying in part 110 Motion to Compel. Defendants' request for an expansion of Dr. Leitzinger's deposition is granted insofar as defendants may depose Dr. Leitzinger for a total of 10 hours at this time. Defendants' application for a post-reply deposition of Dr. Leitzinger is denied. However, defendants are free to reserve for a later time any amount of time they wish from the present 10 hour allotment.<br><br>Defendants having failed to show good cause as to why Dr. Teece's deposition should be extended past the normal 7 hours, that request is denied. Ordered by Magistrate Judge Gary R. Brown on 3/13/2017. c/ecf (Meehan, James) (Entered: 03/13/2017) |
| 04/07/2017 | 113 | Consent MOTION for Extension of Time to Complete Discovery , Consent MOTION for Extension of Time to File *Pretrial Order* by SourceOne Dental, Inc.. (Renner, Christopher) (Entered: 04/07/2017) |
| 04/10/2017 | | ELECTRONIC ORDER granting 113 . Application granted. The parties' proposed Amended Scheduling Order is hereby So Ordered. Ordered by Magistrate Judge Gary R. Brown on 4/10/2017. c/ecf (Johnston, Linda) (Entered: 04/10/2017) |
| 04/14/2017 | 114 | MOTION to Withdraw as Attorney by Henry Schein, Inc.. (Abeles, Scott) (Entered: 04/14/2017) |
| 04/17/2017 | | ORDER granting 114 Motion to Withdraw as Attorney. Attorney Scott Abeles terminated. Ordered by Magistrate Judge Gary R. Brown on 4/17/2017. (McMorrow, Karen) (Entered: 04/17/2017) |
| 04/18/2017 | 115 | NOTICE of Appearance by Lauren M. Fincher on behalf of Henry Schein, Inc. (aty to be noticed) (Fincher, Lauren) (Entered: 04/18/2017) |

| | | |
|---|---|---|
| 05/19/2017 | 116 | Notice of MOTION for Leave to Appear Pro Hac Vice *Barack S. Echols* Filing fee $ 150, receipt number 0207-9541091. by Henry Schein, Inc.. (Echols, Barack) (Entered: 05/19/2017) |
| 05/22/2017 | | ELECTRONIC ORDER deferring ruling on 116 Motion for Leave to Appear Pro Hac Vice. The undersigned hereby defers ruling on the petition to appear pro hac vice until petitioner files a motion in conformity with Local Civil Rule 1.3(c)(1)(a)&(b). Ordered by Magistrate Judge Gary R. Brown on 5/22/2017. C/ECF (Johnston, Linda) (Entered: 05/22/2017) |
| 05/23/2017 | | ELECTRONIC ORDER granting 116 : See affidavit dated 5/22/17 filed in CV 16-696. Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the 150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee* . Ordered by Magistrate Judge Gary R. Brown on 5/23/2017. c/ecf (Johnston, Linda) (Entered: 05/23/2017) |
| 06/05/2017 | 117 | NOTICE of Appearance by Barack Echols on behalf of Henry Schein, Inc. (notification declined or already on case) (Echols, Barack) (Entered: 06/05/2017) |
| 06/06/2017 | 118 | MOTION for Leave to Appear Pro Hac Vice *for Jaran R. Moten* Filing fee $ 150, receipt number 0207-9580328. by Henry Schein, Inc.. (Moten, Jaran) (Entered: 06/06/2017) |
| 06/07/2017 | | ELECTRONIC ORDER granting 118 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the 150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee* . Ordered by Magistrate Judge Gary R. Brown on 6/7/2017. C/ECF (Johnston, Linda) (Entered: 06/07/2017) |
| 06/07/2017 | 119 | NOTICE of Appearance by Jaran R. Moten on behalf of Henry Schein, Inc. (notification declined or already on case) (Moten, Jaran) (Entered: 06/07/2017) |
| 06/08/2017 | 120 | Letter MOTION for Leave to Electronically File Document under Seal by SourceOne Dental, Inc.. (Attachments: # 1 Letter Motion to Compel, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit G, # 6 Exhibit H, # 7 Exhibit L, # 8 Exhibit M, # 9 Exhibit N, # 10 Exhibit O, # 11 Proposed Order) (Mitchell, Michael) (Entered: 06/08/2017) |
| 06/08/2017 | 121 | EXHIBIT *s D, E, F, I, J, K and P to Letter Motion to Compel* by SourceOne Dental, Inc.. (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit I, # 4 Exhibit J, # 5 Exhibit K, # 6 Exhibit P) (Mitchell, Michael) (Entered: 06/08/2017) |
| | | |

| 06/09/2017 | 122 | MOTION for Leave to Appear Pro Hac Vice *for J. Andrew Langan* Filing fee $ 150, receipt number 0207-9591683. by Henry Schein, Inc.. (Langan, James) (Entered: 06/09/2017) |
| 06/09/2017 | | ORDER granting 120 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov... Ordered by Magistrate Judge Gary R. Brown on 6/9/2017. (McMorrow, Karen) (Entered: 06/09/2017) |
| 06/09/2017 | 123 | Letter MOTION to Compel by SourceOne Dental, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit G, # 5 Exhibit H, # 6 Exhibit L, # 7 Exhibit M, # 8 Exhibit N, # 9 Exhibit O) (Mitchell, Michael) (Entered: 06/09/2017) |
| 06/12/2017 | | ELECTRONIC ORDER granting 122 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the 150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee* . Ordered by Magistrate Judge Gary R. Brown on 6/12/2017. C/ECF (Johnston, Linda) (Entered: 06/12/2017) |
| 06/15/2017 | 124 | RESPONSE in Opposition re 123 Letter MOTION to Compel filed by Benco Dental Supply Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit K) (Scher, Howard) (Entered: 06/15/2017) |
| 06/15/2017 | 125 | Letter MOTION for Leave to Electronically File Document under Seal *Exhibits in Support of Oppoisition to Motion to Compel* by Benco Dental Supply Company. (Attachments: # 1 Proposed Order, # 2 Exhibit D, # 3 Exhibit E, # 4 Exhibit F, # 5 Exhibit G, # 6 Exhibit H, # 7 Exhibit I, # 8 Exhibit J) (Scher, Howard) (Entered: 06/15/2017) |
| 06/16/2017 | | ELECTRONIC ORDER granting 125 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Magistrate Judge Gary R. Brown on 6/16/2017. C/ECF (Johnston, Linda) (Entered: 06/16/2017) |
| 06/16/2017 | 126 | RESPONSE in Opposition re 123 Letter MOTION to Compel *{{Sealed Exhibits D - J}}* filed by Benco Dental Supply Company. (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit G, # 5 Exhibit H, # 6 Exhibit I, # 7 Exhibit J) (Scher, Howard) (Entered: 06/16/2017) |
| 06/19/2017 | | ORDER denying 123 Motion to Compel. The application by plaintiff Source One Dental, Inc. ("plaintiff") seeking an order to compel defendant Benco Dental Supply Co. ("Benco")to produce outstanding discovery, re-open discovery to take a limited number of depositions and for leave to file a motion for discovery sanctions is denied with leave to renew. It is clear from the application and response, that plaintiff has not made a meaningful effort to |

| | | |
|---|---|---|
| | | meet and confer with counsel for Benco prior to filing the within application. Local Rule 37.3 and the undersigned's individual rules require the attorneys for the parties to confer in good faith in person or by telephone in an effort to resolve and/or narrow these issues prior to seeking judicial intervention. Such a meet and confer requires actual human contact as well as a clear indication of the movant's intended application to the court should the meet and confer fail to resolve such issues. Letter correspondence or emails between the parties will not suffice. In addition, counsel are reminded of their obligation of professional cooperation and courtesy and are directed to review Local Civil Rule 26.4 "Cooperation Among Counsel in Discovery". Ordered by Magistrate Judge Gary R. Brown on 6/19/2017. c/ecf (Johnston, Linda) (Entered: 06/19/2017) |
| 06/30/2017 | 127 | STIPULATION of Dismissal *(Voluntary)* as to Defendant Henry Schein, Inc. by SourceOne Dental, Inc. (Attachments: # 1 Proposed Order) (Renner, Christopher) (Entered: 06/30/2017) |
| 07/06/2017 | 128 | Consent MOTION for Extension of Time to Amend 46 Scheduling Order, by Patterson Companies, Inc.. (Schlosser, Jay) (Entered: 07/06/2017) |
| 07/06/2017 | 129 | Order Dismissing with prejudice as to defendant Henry Schein, Inc. only. Party Henry Schein, Inc. terminated.( Ordered by Judge Brian M. Cogan on 7/6/2017 ) (Guzzi, Roseann) (Entered: 07/06/2017) |
| 07/07/2017 | | ELECTRONIC ORDER granting 128 Motion for Extension of Time to Amend. The application is granted. The proposed Amended Scheduling Order is hereby So Ordered. Ordered by Magistrate Judge Gary R. Brown on 7/7/2017. c/ecf (Meehan, James) (Entered: 07/07/2017) |
| 07/31/2017 | 130 | Letter *of Intent to File Motion for Summary Judgment* by Benco Dental Supply Company (Scher, Howard) (Entered: 07/31/2017) |
| 07/31/2017 | 131 | Letter MOTION for pre motion conference by Benco Dental Supply Company, Patterson Companies, Inc.. (Long, James) (Entered: 07/31/2017) |
| 07/31/2017 | 132 | Letter MOTION for pre motion conference by Patterson Companies, Inc.. (Long, James) (Entered: 07/31/2017) |
| 08/01/2017 | | ORDER re: 130 , 131 , 132 . By 8/11/2017, SourceOne is to respond to these letters regarding Benco's and Patterson's intentions to move for summary judgment on SourceOne's complaint and on their counterclaims against SourceOne. Benco's and Patterson's replies are due 8/18/2017. A pre-motion conference on these intended motions is set for 9/1/2017 at 11:00 A.M. in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 8/1/2017. (Weisberg, Peggy) (Entered: 08/01/2017) |
| 08/03/2017 | 133 | Letter MOTION to Seal Document 131 Letter MOTION for pre motion conference by Patterson Companies, Inc.. (Flaherty, Scott) (Entered: 08/03/2017) |
| 08/03/2017 | | ORDER denying 133 Letter Motion to Seal Document. Patterson has not provided sufficient information to support sealing the letter at 131 . A |

| | | document produced subject to a confidentiality order does not render every sentence in that document confidential. Moreover, the quoted language in 131 appears substantively the same as the allegations in the counterclaims. If Patterson wants to move again to seal, it is free to do so, but it must articulate a sound basis for sealing, for example the need to protect third party privacy interests or the creation of a competitive disadvantage. Ordered by Judge Brian M. Cogan on 8/3/2017. (Weisberg, Peggy) (Entered: 08/03/2017) |
|---|---|---|
| 08/04/2017 | 134 | MOTION to Adjourn Conference *for Pre-Motion Regarding Docket Entries 130, 131, and 132* by SourceOne Dental, Inc.. (Isaacson, William) (Entered: 08/04/2017) |
| 08/04/2017 | | ORDER granting 134 Motion to Adjourn Premotion Conference to 9/11/2017 at 10:00 am in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 8/4/2017. (Weisberg, Peggy) (Entered: 08/04/2017) |
| 08/09/2017 | 135 | Letter MOTION for Leave to File *(Consent Letter Motion to File Single Overlength Response to ECF 130 and 132 and a Separate Response to ECF 131)* by SourceOne Dental, Inc.. (Renner, Christopher) (Entered: 08/09/2017) |
| 08/09/2017 | | ORDER granting 135 Motion. Plaintiff may file a single, four page, response to ECF 130 and 132, and file a separate, three page, response to ECF 131. Ordered by Judge Brian M. Cogan on 8/9/2017. (Weisberg, Peggy) (Entered: 08/09/2017) |
| 08/11/2017 | 136 | Letter MOTION for Leave to Electronically File Document under Seal by SourceOne Dental, Inc.. (Attachments: # 1 Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit F) (Renner, Christopher) (Entered: 08/11/2017) |
| 08/11/2017 | 137 | RESPONSE to Motion re 131 Letter MOTION for pre motion conference filed by SourceOne Dental, Inc.. (Attachments: # 1 Exhibit E, # 2 Exhibit G, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J, # 6 Exhibit K, # 7 Exhibit L, # 8 Exhibit M, # 9 Exhibit N) (Isaacson, William) (Entered: 08/11/2017) |
| 08/11/2017 | 138 | Letter MOTION for Leave to Electronically File Document under Seal by SourceOne Dental, Inc.. (Attachments: # 1 Proposed Order, # 2 Response to 130 and 132 , # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 Exhibit Q, # 20 Exhibit R, # 21 Exhibit S, # 22 Exhibit T, # 23 Exhibit U, # 24 Exhibit W, # 25 Exhibit X) (Renner, Christopher) (Entered: 08/11/2017) |
| 08/11/2017 | 139 | EXHIBIT *V to Response to* 130 *Letter of Intent to File Motion for Summary Judgment and* 132 *Letter Motion for Pre Motion Conference* by SourceOne Dental, Inc.. (Renner, Christopher) (Entered: 08/11/2017) |
| 08/14/2017 | | ORDER granting 136 138 Motions for Leave to Electronically File Document under Seal. Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at |

|  |  | www.nyed.uscourts.gov. Ordered by Judge Brian M. Cogan on 8/14/2017. (Weisberg, Peggy) (Entered: 08/14/2017) |
|---|---|---|
| 08/14/2017 | 140 | RESPONSE to Motion re 132 Letter MOTION for pre motion conference *and 130 Letter of Intent to File Motion for Summary Judgment* filed by SourceOne Dental, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit W, # 23 Exhibit X) (Isaacson, William) (Entered: 08/14/2017) |
| 08/14/2017 | 141 | EXHIBIT *s A,B,C,D and F* by SourceOne Dental, Inc.. Related document: 137 Response to Motion, filed by SourceOne Dental, Inc.. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit F) (Isaacson, William) (Entered: 08/14/2017) |
| 08/18/2017 | 142 | Notice of Related Case indicated on the civil cover sheet in case 17-CV-4834 (SJF)(SIL). (Landow, Concetta) (Entered: 08/18/2017) |
| 08/18/2017 | 143 | REPLY to Response to Motion re 131 Letter MOTION for pre motion conference filed by Benco Dental Supply Company. (Scher, Howard) (Entered: 08/18/2017) |
| 08/18/2017 | 144 | Letter MOTION for Leave to Electronically File Document under Seal *(Exhibits to Reply in Support of Request to Fully Brief Motion for Summary Judgment)* by Patterson Companies, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 4) (Long, James) (Entered: 08/18/2017) |
| 08/18/2017 | 145 | REPLY in Support re 132 Letter MOTION for pre motion conference filed by Patterson Companies, Inc.. (Attachments: # 1 Exhibit 1 (Filed Under Seal), # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4 (Filed Under Seal), # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8) (Long, James) (Entered: 08/18/2017) |
| 08/18/2017 | 146 | REPLY in Support re 131 Letter MOTION for pre motion conference filed by Benco Dental Supply Company, Patterson Companies, Inc.. (Attachments: # 1 Exhibit 9, # 2 Exhibit 10, # 3 Exhibit 11, # 4 Exhibit 12, # 5 Exhibit 13, # 6 Exhibit 14, # 7 Exhibit 15, # 8 Exhibit 16, # 9 Exhibit 17) (Long, James) (Entered: 08/18/2017) |
| 08/21/2017 |  | ORDER granting 144 Motion for Leave to Electronically File Document under Seal. Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Judge Brian M. Cogan on 8/21/2017. (Weisberg, Peggy) (Entered: 08/21/2017) |
| 08/21/2017 | 147 | EXHIBIT *1* by Patterson Companies, Inc.. Related document: 145 Reply in Support, filed by Patterson Companies, Inc.. (Long, James) (Entered: 08/21/2017) |
| 08/21/2017 | 148 | EXHIBIT *4* by Patterson Companies, Inc.. Related document: 145 Reply in Support, filed by Patterson Companies, Inc.. (Long, James) (Entered: |

| | | |
|---|---|---|
| | | 08/21/2017) |
| 09/06/2017 | 149 | Letter MOTION in Limine *to Exclude Expert Testimony of Dr. Leitzinger, Dr. Teece and Professor Lieberman* by Benco Dental Supply Company. (Scher, Howard) (Entered: 09/06/2017) |
| 09/08/2017 | 150 | Letter *in Response to Defendants' Ltrs re: Consolidation and Daubert Motions* by SourceOne Dental, Inc. (Isaacson, William) (Entered: 09/08/2017) |
| 09/08/2017 | 151 | Proposed Pretrial Order by SourceOne Dental, Inc. (Attachments: # 1 Exhibit Plaintiff's Trial Exhibit List, # 2 Exhibit Defendants' Trial Exhibit List) (Mitchell, Michael) (Entered: 09/08/2017) |
| 09/11/2017 | | Minute Entry and Order for Pre-Motion Conference held on 9/11/2017 before Judge Brian M. Cogan. Counsel for all parties present. Motions for Summary Judgment and Daubert Motions due 10/9/2017; oppositions due 11/8/2017; replies due 11/23/2017. See transcript for details. (Court Reporter: Victoria Butler). (Weisberg, Peggy) (Entered: 09/11/2017) |
| 09/13/2017 | 152 | Consent MOTION for Extension of Time to File *{To Modify Scheduling Order dated September 11, 2017}* by Benco Dental Supply Company. (Attachments: # 1 Proposed Order) (Southall, Samantha) (Entered: 09/13/2017) |
| 09/13/2017 | | ORDER granting 152 Motion for Extension of Time. Motions for Summary Judgment and Daubert Motions due 10/9/2017; oppositions due 11/15/2017; replies in further support due 12/1/2017. Ordered by Judge Brian M. Cogan on 9/13/2017. (Weisberg, Peggy) (Entered: 09/13/2017) |
| 10/09/2017 | 153 | Letter MOTION for Leave to Electronically File Document under Seal by SourceOne Dental, Inc.. (Attachments: # 1 Proposed Order, # 2 Memorandum in Support, # 3 Exhibit 1 to Declaration, # 4 Exhibit 2 to Declaration, # 5 Exhibit 3 to Declaration) (Renner, Christopher) (Entered: 10/09/2017) |
| 10/09/2017 | 154 | MOTION in Limine *to Exclude Certain Testimony of Professor Kenneth G. Elzinga* by SourceOne Dental, Inc.. (Renner, Christopher) (Entered: 10/09/2017) |
| 10/09/2017 | 155 | AFFIDAVIT/DECLARATION in Support re 154 MOTION in Limine *to Exclude Certain Testimony of Professor Kenneth G. Elzinga* filed by SourceOne Dental, Inc.. (Attachments: # 1 Exhibit 4) (Renner, Christopher) (Entered: 10/09/2017) |
| 10/09/2017 | 156 | MOTION in Limine *to Preclude the Expert Testimony of Dr. Leitzinger, Professor Lieberman and Dr. David Teece* by Benco Dental Supply Company, Patterson Companies, Inc.. (Attachments: # 1 Proposed Order) (Southall, Samantha) (Entered: 10/09/2017) |
| 10/09/2017 | 157 | Letter MOTION for Leave to Electronically File Document under Seal by Benco Dental Supply Company, Patterson Companies, Inc.. (Attachments: # 1 Proposed Order, # 2 Memorandum in Support, # 3 Declaration of Samantha L. Southall, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit |

| | | |
|---|---|---|
| | | 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32, # 36 Exhibit 33, # 37 Exhibit 34, # 38 Exhibit 35, # 39 Exhibit 36, # 40 Exhibit 37, # 41 Exhibit 38, # 42 Exhibit 39, # 43 Exhibit 40, # 44 Exhibit 41, # 45 Exhibit 42, # 46 Exhibit 43, # 47 Exhibit 44, # 48 Exhibit 45, # 49 Exhibit 46, # 50 Exhibit 47, # 51 Exhibit 48, # 52 Exhibit 49) (Southall, Samantha) (Entered: 10/09/2017) |
| 10/09/2017 | 158 | MOTION for Summary Judgment by Benco Dental Supply Company. Responses due by 11/15/2017 (Attachments: # 1 Proposed Order) (Southall, Samantha) (Entered: 10/09/2017) |
| 10/09/2017 | 159 | Letter MOTION for Leave to Electronically File Document under Seal by Benco Dental Supply Company. (Attachments: # 1 Proposed Order, # 2 Memorandum in Support) (Southall, Samantha) (Entered: 10/09/2017) |
| 10/09/2017 | 160 | MOTION for Summary Judgment by Benco Dental Supply Company, Patterson Companies, Inc.. Responses due by 11/15/2017 (Attachments: # 1 Proposed Order) (Long, James) (Entered: 10/09/2017) |
| 10/09/2017 | 161 | MOTION for Summary Judgment by Patterson Companies, Inc.. Responses due by 11/15/2017 (Attachments: # 1 Proposed Order) (Long, James) (Entered: 10/09/2017) |
| 10/09/2017 | 162 | Letter MOTION for Leave to Electronically File Document under Seal by SourceOne Dental, Inc.. (Attachments: # 1 Proposed Order, # 2 Memorandum of Points and Authorities, # 3 Local Rule 56.1 Statement, # 4 Exhibit 2, # 5 Exhibit 5, # 6 Exhibit 17, # 7 Exhibit 19, # 8 Exhibit 21, # 9 Exhibit 23, # 10 Exhibit 25, # 11 Exhibit 28, # 12 Exhibit 30, # 13 Exhibit 31, # 14 Exhibit 32, # 15 Exhibit 33, # 16 Exhibit 38, # 17 Exhibit 40, # 18 Exhibit 41) (Mitchell, Michael) (Entered: 10/09/2017) |
| 10/09/2017 | 163 | MOTION for Summary Judgment by SourceOne Dental, Inc.. (Attachments: # 1 Proposed Order) (Mitchell, Michael) (Entered: 10/09/2017) |
| 10/09/2017 | 164 | AFFIDAVIT/DECLARATION in Support re 163 MOTION for Summary Judgment filed by SourceOne Dental, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 9, # 8 Exhibit 10, # 9 Exhibit 11, # 10 Exhibit 12, # 11 Exhibit 13, # 12 Exhibit 14, # 13 Exhibit 15, # 14 Exhibit 16, # 15 Exhibit 18, # 16 Exhibit 20, # 17 Exhibit 22, # 18 Exhibit 24, # 19 Exhibit 26, # 20 Exhibit 27, # 21 Exhibit 29, # 22 Exhibit 34, # 23 Exhibit 35, # 24 Exhibit 36, # 25 Exhibit 37, # 26 Exhibit 39, # 27 Exhibit 42, # 28 Exhibit 43) (Mitchell, Michael) (Entered: 10/09/2017) |
| 10/09/2017 | 165 | MOTION for Leave to Electronically File Document under Seal by Benco Dental Supply Company, Patterson Companies, Inc.. (Attachments: # 1 |

Memorandum of Law, # 2 Statement of Material Facts, # 3 Declaration of Michael B. Miller, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32, # 36 Exhibit 33, # 37 Exhibit 34, # 38 Exhibit 35, # 39 Exhibit 36, # 40 Exhibit 37, # 41 Exhibit 38, # 42 Exhibit 39, # 43 Exhibit 40, # 44 Exhibit 41, # 45 Exhibit 42, # 46 Exhibit 43, # 47 Exhibit 44, # 48 Exhibit 45, # 49 Exhibit 46, # 50 Exhibit 47, # 51 Exhibit 48, # 52 Exhibit 49, # 53 Exhibit 50, # 54 Exhibit 51, # 55 Exhibit 52, # 56 Exhibit 53, # 57 Exhibit 54, # 58 Exhibit 55, # 59 Exhibit 56, # 60 Exhibit 57, # 61 Exhibit 58, # 62 Exhibit 59, # 63 Exhibit 60, # 64 Exhibit 61, # 65 Exhibit 62, # 66 Exhibit 63, # 67 Exhibit 64, # 68 Exhibit 65, # 69 Exhibit 66, # 70 Exhibit 67, # 71 Exhibit 68, # 72 Exhibit 69, # 73 Exhibit 70, # 74 Exhibit 71, # 75 Exhibit 72, # 76 Exhibit 73, # 77 Exhibit 74, # 78 Exhibit 75, # 79 Exhibit 76, # 80 Exhibit 77, # 81 Exhibit 78, # 82 Exhibit 79, # 83 Exhibit 80, # 84 Exhibit 81, # 85 Exhibit 82, # 86 Exhibit 83, # 87 Exhibit 84, # 88 Exhibit 85, # 89 Exhibit 86, # 90 Exhibit 87, # 91 Exhibit 88, # 92 Exhibit 89, # 93 Exhibit 90, # 94 Exhibit 91, # 95 Exhibit 92, # 96 Exhibit 93, # 97 Exhibit 94, # 98 Exhibit 95, # 99 Exhibit 96, # 100 Exhibit 97, # 101 Exhibit 98, # 102 Exhibit 99, # 103 Exhibit 100, # 104 Exhibit 101, # 105 Exhibit 102, # 106 Exhibit 103, # 107 Exhibit 104, # 108 Exhibit 105, # 109 Exhibit 106, # 110 Exhibit 107, # 111 Exhibit 108, # 112 Exhibit 109, # 113 Exhibit 110, # 114 Exhibit 111, # 115 Exhibit 112, # 116 Exhibit 113, # 117 Exhibit 114, # 118 Exhibit 115, # 119 Exhibit 116, # 120 Exhibit 117, # 121 Exhibit 118, # 122 Exhibit 119, # 123 Exhibit 120, # 124 Exhibit 121, # 125 Exhibit 122, # 126 Exhibit 123, # 127 Exhibit 124, # 128 Exhibit 125, # 129 Exhibit 126, # 130 Exhibit 127, # 131 Exhibit 128, # 132 Exhibit 129, # 133 Exhibit 130, # 134 Exhibit 131, # 135 Exhibit 132, # 136 Exhibit 133, # 137 Exhibit 134, # 138 Exhibit 135, # 139 Exhibit 136, # 140 Exhibit 137, # 141 Exhibit 138, # 142 Exhibit 139, # 143 Exhibit 140, # 144 Exhibit 141, # 145 Exhibit 142, # 146 Exhibit 143, # 147 Exhibit 144, # 148 Exhibit 145, # 149 Exhibit 146, # 150 Exhibit 147, # 151 Exhibit 148, # 152 Exhibit 149, # 153 Exhibit 150, # 154 Exhibit 151, # 155 Exhibit 152, # 156 Exhibit 153, # 157 Exhibit 154, # 158 Exhibit 155, # 159 Exhibit 156, # 160 Exhibit 157, # 161 Exhibit 158, # 162 Exhibit 159, # 163 Exhibit 160, # 164 Exhibit 161, # 165 Exhibit 162, # 166 Exhibit 163, # 167 Exhibit 164, # 168 Exhibit 165, # 169 Exhibit 166, # 170 Exhibit 167, # 171 Exhibit 168, # 172 Exhibit 169, # 173 Exhibit 170, # 174 Exhibit 171, # 175 Exhibit 172, # 176 Exhibit 173, # 177 Exhibit 174, # 178 Exhibit 175, # 179 Exhibit 176, # 180 Exhibit 177, Part 1, # 181 Exhibit 177, Part 2, # 182 Exhibit 178, # 183 Exhibit 179, # 184 Exhibit 180, # 185 Exhibit 181, # 186 Exhibit 182, # 187 Exhibit 183, # 188 Exhibit 184, # 189 Exhibit 185, # 190 Exhibit 186, # 191 Exhibit 187, # 192 Exhibit 188, # 193 Exhibit 189, # 194 Exhibit 190, # 195 Exhibit 191, # 196 Exhibit 192, # 197 Exhibit 193, # 198 Exhibit 194, # 199 Exhibit 195, # 200 Exhibit 196, # 201 Exhibit 197, # 202

| | | |
|---|---|---|
| | | Exhibit 198, # 203 Exhibit 199, # 204 Exhibit 200, # 205 Exhibit 201, # 206 Exhibit 202, # 207 Exhibit 203, # 208 Exhibit 204, # 209 Exhibit 205, # 210 Exhibit 206, # 211 Exhibit 207, # 212 Exhibit 208, # 213 Exhibit 209) (Long, James) (Entered: 10/09/2017) |
| 10/09/2017 | 166 | MOTION for Leave to Electronically File Document under Seal by Benco Dental Supply Company, Patterson Companies, Inc.. (Attachments: # 1 Memorandum of Law, # 2 Statement of Material Facts, # 3 Declaration of Michael B. Miller, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32, # 36 Exhibit 33, # 37 Exhibit 34, # 38 Exhibit 35, # 39 Exhibit 36, # 40 Exhibit 37, # 41 Exhibit 38, # 42 Exhibit 39, # 43 Exhibit 40, # 44 Exhibit 41, # 45 Exhibit 42, # 46 Exhibit 43, # 47 Exhibit 44, # 48 Exhibit 45, # 49 Exhibit 46, # 50 Exhibit 47, # 51 Exhibit 48, # 52 Exhibit 49, # 53 Exhibit 50, # 54 Exhibit 51, # 55 Exhibit 52, # 56 Exhibit 53, # 57 Exhibit 54, # 58 Exhibit 55, # 59 Exhibit 56, # 60 Exhibit 57, # 61 Exhibit 58, # 62 Exhibit 59, # 63 Exhibit 60, # 64 Exhibit 61, # 65 Exhibit 62, # 66 Exhibit 63, # 67 Exhibit 64, # 68 Exhibit 65, # 69 Exhibit 66, # 70 Exhibit 67, # 71 Exhibit 68, # 72 Exhibit 69, # 73 Exhibit 70, # 74 Exhibit 71, # 75 Exhibit 72, # 76 Exhibit 73, # 77 Exhibit 74, # 78 Exhibit 75, # 79 Exhibit 76, # 80 Exhibit 77, # 81 Exhibit 78, # 82 Exhibit 79, # 83 Exhibit 80, # 84 Exhibit 81, # 85 Exhibit 82, # 86 Exhibit 83) (Long, James) (Entered: 10/09/2017) |
| 10/10/2017 | | ORDER denying 153 157 159 162 165 166 letter motions to seal without prejudice. The parties have not provided sufficient information to support sealing these motions in limine and motions for summary judgment. They similarly have not provided sufficient information to support sealing the expert reports, deposition testimony, and documents quoted from, described, and or summarized in their motions. The fact that an expert report, deposition testimony or a produced document is subject to a confidentiality order does not render every sentence in it confidential. If the parties want to renew their motion to seal, they are free to do so, but they must articulate a sound basis for sealing, for example, the need to protect privacy interests or the creation of a competitive disadvantage, and must specify in the motion those portions of the filing that warrant sealing. They should also strongly consider partial redactions instead of completely sealing these motions. Ordered by Judge Brian M. Cogan on 10/10/2017. (Weisberg, Peggy) (Entered: 10/10/2017) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 10/13/2017 13:58:46 |

| PACER | | | Client | | |
|---|---|---|---|---|---|

| Login: | Prosk0036:4786464:0 | Code: | 36142/060/9664 |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:15-cv-05440-BMC-GRB |
| Billable Pages: | 24 | Cost: | 2.40 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOURCEONE DENTAL, INC., | |
|           Plaintiff, | |
|    v. | |
| PATTERSON COMPANIES, INC, HENRY SCHEIN, INC., and BENCO DENTAL SUPPLY COMPANY, | **JURY TRIAL DEMANDED** |
|           Defendants. | |

## COMPLAINT

Plaintiff SourceOne Dental, Inc. ("SourceOne"), by and through its undersigned attorneys, brings this action for trebled compensatory damages and injunctive relief under the antitrust laws of the United States, and for compensatory and punitive damages and injunctive relief under state law, against the above-named Defendants, demanding a trial by jury. For its Complaint against Defendants, SourceOne alleges the following:

## NATURE OF THE CASE

1.    This case involves a conspiracy among Defendants Patterson Companies, Inc. ("Patterson"), Henry Schein, Inc. ("Schein"), and Benco Dental Supply Company ("Benco"), to eliminate the threat of disruptive new entry and competition in the market for the marketing, distribution and sale of dental supplies and dental equipment. That market is an oligopoly, protected by high barriers to entry, and dominated by the Defendants. Secure from the threat of new entry, the Defendants have for years charged prices above competitive levels for dental supplies and equipment, in part by resisting and frustrating the efforts of dentists to form Group Purchasing Organizations ("GPOs") for dental supplies and equipment. GPO formation in adjacent markets such as medical devices has led to substantially lower prices for those products,

1

and the entry of a new competitor that could offer a dental supplies and equipment GPO would have simultaneously led to dramatically lower prices for dental supplies and equipment, and the rapid expansion of that competitor's revenues, profits and market share, all at the expense of the Defendants' revenues and profits.

2.      Formation of a GPO for dental supplies and equipment involves the coordination of dentists and manufacturers of dental supplies and equipment on a single platform. One half of the key to this coordination problem is held by the state dental associations, voluntary associations of dentists that provide resources and services to support practicing dentists. One function of state dental associations is to certify and endorse products and services marketed to dentists. The endorsement of a state dental association is an important promotional input into selling a range of products and services to dentists, including insurance, practice financing, and customer financing. State dental associations have eagerly sought for many years to provide a GPO for dental supplies and equipment to their members, but have been rebuffed by the Defendants, who control the vast majority of dental supplies and equipment sales and whose revenues and profits would be sharply reduced by the formation of a dental supplies and equipment GPO.

3.      The other half of the key to the coordination problem in forming a dental supplies and equipment GPO is held by Plaintiff SourceOne Dental, Inc. ("SourceOne"). Through an existing and successful e-commerce platform already making sales of dental supplies directly to dentists, SourceOne had already aggregated a significant number of dental supplies manufacturers onto a single platform, SourceOne's website. By securing the endorsement of state dental associations, who would promote SourceOne's platform to their members as an alternative to purchasing dental supplies and equipment from the Defendants, SourceOne could

bring tens of thousands of dentists and hundreds of manufacturers of supplies and equipment together on this platform. Having secured the agreement of its vendors to offer progressively lower prices to the state associations' members as a function of increasing transaction volume, SourceOne created in 2013 the dental supplies and equipment GPO that had long been desired by dentists and feared by the Defendants. The endorsement of state dental associations made SourceOne's platform progressively more attractive to manufacturers of dental supplies and equipment, who in turn agreed to participate in increasing numbers, which in turn made the platform more attractive to dentists and state dental associations. This self-reinforcing positive feedback loop would, if unimpeded by the Defendants' anticompetitive and tortious conduct, have led rapidly to the formation of a nationwide GPO for dental supplies and equipment. As the representative of one state dental association predicted, the successful launch of SourceOne's GPO would have meant that "it's all over for the big 3" dental supplies and equipment distributors, namely the Defendants.

4.      But the Defendants took swift and coordinated action to eliminate the competitive threat posed by SourceOne, communicating privately and reaching agreement on a plan of action to extinguish the threat of SourceOne's successful launch of a dental supplies and equipment GPO. In furtherance of this plan the Defendants, in concert with one another and with other, as-yet unknown distributors of dental supplies, boycotted dentists, state dental associations, dental supplies manufacturers, and dental supplies distributors that did business with SourceOne. This boycott was effective, as thousands of dentists, and scores of state dental associations, dental supplies and equipment manufacturers, and dental supplies and equipment distributors stopped dealing with SourceOne, or were deterred from dealing with SourceOne.

5.     The Defendants' conspiracy is the subject of an ongoing investigation by the Texas and Arizona Attorneys General, and by the Federal Trade Commission.  The Texas Attorney General's investigation resulted in a complaint and consent judgment against Defendant Benco in April 2015 for its role in the conspiracy alleged herein.  That consent judgment obliges Benco to cooperate in the Texas Attorney General's ongoing investigation of the remaining Defendants.

## PLAINTIFF

6.     Plaintiff SourceOne is incorporated under the laws of the State of Arizona, with its principal place of business at 1490 South Price Road, Suite 214, Chandler, Arizona 85286.  Through its website, www.SourceOneDental.com, SourceOne markets and sells dental supplies and equipment to dentists, including dentists in the Eastern District of New York.

## DEFENDANTS

7.     Defendant Patterson is incorporated under the laws of the State of Minnesota, with its principal place of business at 1031 Mendota Heights Road, St. Paul, Minnesota 55120.  Patterson sells dental supplies and equipment to dentists, including sales to dentists in the Eastern District of New York.  Along with Defendant Henry Schein, Patterson is one of the two largest distributors of dental supplies and equipment in the United States.

8.     Defendant Henry Schein is incorporated under the laws of the State of Delaware, with its principal place of business at 135 Duryea Road, Melville, New York 11747.  Henry Schein sells dental supplies and equipment to dentists, including sales to dentists in the Eastern District of New York.  Along with Defendant Patterson, Henry Schein is one of the two largest distributors of dental supplies and equipment in the United States.

9.      Defendant Benco is incorporated under the laws of the State of Delaware, with its principal place of business at 295 Centerpoint Boulevard, Pittston, PA, 18640.  Benco sells dental supplies and equipment to dentists, including sales to dentists in the Eastern District of New York.  Benco is the third largest distributor of dental supplies and equipment in the United States.

## JURISDICTION, STANDING AND VENUE

10.      Plaintiff brings this action to recover damages, including treble damages, cost of suit, and reasonable attorney's fees, as well as injunctive relief, arising from Defendants' violations of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

11.      This Court has subject matter jurisdiction of the Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1337 (commerce and antitrust regulation).

12.      Plaintiff has standing to bring this action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26.

13.      This Court has subject matter jurisdiction of the Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.  Each of the Plaintiff's state law claims arise out of the same factual nucleus as the Plaintiff's federal law claims.  In addition, this Court has subject matter jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1332, because total diversity exists between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.

14.      This Court has personal jurisdiction over each Defendant and venue is proper in the Eastern District of New York under Sections 4 and 12 of the Clayton Act, 15 U.S.C. §§ 15, 22, and 28 U.S.C. § 1391, because each Defendant transacts business and is subject to personal

jurisdiction within the Eastern District of New York. Each Defendant sells dental supplies and equipment in or for delivery into the Eastern District of New York, and operates showrooms or other places of business with that District.

15.     Defendants are engaged in, and their activities substantially affect, interstate trade and commerce.

### THE DENTAL SUPPLIES INDUSTRY

16.     Dental supplies, including x-ray film, restoration materials, hand instruments, and sterilization products, are consumed by dental professionals in the practice of dentistry. Dental equipment, including x-ray machines, lasers, lights, and vacuums, are also used in the practice of dentistry. The market for dental supplies and equipment in the United States is approximately $10 billion annually. There are over 120,000 private dental practices in the United States, each purchasing on average more than $80,000 annually of supplies and equipment. Dental professionals require a broad range of products in the course of treating their patients, and on average use 100 or more different types of supplies each month. The cost of consumable dental supplies is a substantial component of the revenues of private dental practices. Most dentists use between 5 and 7 percent of their annual revenue to purchase supplies used in the daily operations of their practice, or nearly 28 percent of their average net income.

17.     There are over 300 dental supplies and equipment manufacturers, none of which offer the full range of dental supplies and equipment necessary to run a dental practice. Dental supplies and equipment manufacturers sell their products either directly to dental professionals, or to wholesale distributors, including the Defendants. The vast majority of dental supplies and equipment are sold by manufacturers to wholesale distributors, who in turn resell those supplies and equipment to dental professionals at a substantial profit. Distributors carry broad product

lines of dental supplies and equipment and employ sales representatives to service their customers. Manufacturers tend to sell through distributors due to the convenience and "one-stop shopping" that distributors can offer dentists. Because dentists need a wide range of supplies and equipment in the daily operation of their practices, direct purchases from manufacturers require a complicated and time-consuming series of individual transactions, with additional paperwork and recordkeeping. In contrast, purchases from distributors allow dentists to consolidate their purchases with a single supplier, with significant savings in time and effort. The convenience of purchasing dental supplies and equipment through distribution allows distributors to charge a substantial mark-up on the price of dental supplies, often as high as twice the price at which the supplies and equipment are purchased from the manufacturer.

18.   Dental supplies and equipment distribution is a highly concentrated market. Defendants Henry Schein, Patterson and Benco together make approximately 90 percent of all sales in this market. The Herfindahl-Hirschman index, a commonly accepted measure of market concentration, for the dental supplies distribution market is over 2500, a level characterized as "highly concentrated" by the federal antitrust enforcement agencies. The high market shares of the Defendants are protected by substantial barriers to entry and expansion of new competitors, including necessary economies of scale in purchasing dental supplies and equipment.

19.   High level employees of the Defendants frequently and privately communicate with their counterparts at competing distributors, at in person meetings, and through electronic mail, text messages and telephone calls. These communications provide the opportunity for the exchange of competitively-sensitive information among the Defendants.

20.   The substantial market power of the Defendants, and their control over the vast majority of dental supplies and equipment sales, has allowed them to frustrate and delay the

advent of GPOs for dental supplies and equipment.  A GPO is an entity that helps health care providers, such as dentists, realize savings and efficiencies by aggregating purchase volume and using that leverage to negotiate lower purchase prices.  GPOs can also allow participants to share and standardize best practices relating to product selection and use, further benefiting health care providers and consumers alike.

21.    Unlike in the dental supplies and equipment industry, GPOs are common in other health-care related product markets.  Virtually all hospitals, for example, participate in at least one, and usually several, GPOs, and over 70 percent of all non-labor purchases that hospitals make are made through GPOs.  A growing portion of the long-term care, ambulatory care, home care, and physician practice markets are also using group purchasing to help lower costs and improve efficiency.  The benefits of GPOs to health care providers in the form of lower costs and increased efficiency have been substantial, and play a key role in containing the continued increase in the cost of health care.  Researchers have estimated that GPOs result in over $36 billion in annual savings to health care providers, in the form of lower prices and increased efficiency.

22.    GPOs are especially effective in driving price reductions in markets where an oligopoly of sellers confronts a large number of small, decentralized purchasers.  GPO formation allows for the creation of larger, more powerful and sophisticated buyers.  Such buying groups force oligopoly suppliers to bid aggressively against each other in order to obtain large volume sales, often at substantial discounts.  For example, group purchasing of coronary stents – a market then dominated by four firms – led to price reductions of approximately 30 percent within a single year.  For these reasons, oligopoly suppliers such as the Defendants often regard

GPOs as a threat to the stability of their oligopolies and the cause of substantial forced price reductions.

23.     Dentists have historically lacked the option to participate in a GPO for dental supplies and equipment.  One reason that a dental supplies and equipment GPO have not existed is the fragmented, decentralized nature of dental practices, although with the rise of larger dental practice groups this is beginning to change.  By definition, group purchasing requires a degree of coordination among the members of a GPO.  The only entities with both the ability and incentive to solve this coordination problem are the state dental associations, which have the membership roster, administrative infrastructure, and promotional resources necessary to drive and monitor group purchasing organization participation and compliance.  State dental associations have the incentive to promote the rise of group purchasing as a value-added business proposition for their membership, and to earn commission fees from the sale of dental supplies through the group purchasing organization.   However, state dental associations are not in the business of purchasing dental supplies or equipment or facilitating their purchase, and in order to offer a GPO to their members need to partner with an entity, such as SourceOne or the Defendants, that does purchase or facilitate the purchase of dental supplies and equipment.

24.     The primary reason group purchasing organizations have historically not existed for dental supplies and equipment is the opposition of the Defendants.  Despite the state dental associations' active interest in sponsoring the formation of GPOs, and formal requests to the Defendants to participate in such organizations, the Defendants have historically refused to participate in any GPO for dental supplies and equipment.  Defendants have resisted the rise of GPOs to further their own pecuniary interests.  For example, the Defendants refused the 2013 request of the Texas Dental Association ("TDA") to participate in a GPO for the benefit of Texas

9

dentists.  Formation of a GPO for dental supplies and equipment, and the resulting price discounts to dental practices that would result from GPO formation, would threaten substantially the Defendants' revenues and profits.  Indeed, Defendant Henry Schein identifies in its 10-K the formation of group purchasing organizations as a "risk factor" that would "threaten our ability to compete effectively, which would in turn negatively impact our results of operations."

**SOURCEONE WAS A UNIQUE COMPETITIVE THREAT TO THE DEFENDANTS**

25.     SourceOne markets and facilitates the sale of dental supplies and equipment directly to dentists over the internet.  SourceOne is an online marketplace connecting manufacturers and dentists, founded with the objective of making dental supplies and equipment available to dentists directly from manufacturers, bypassing distributors (including the Defendants) at the wholesale level and thereby reducing dental supplies and equipment prices to dentists.  With a broad product line of over 50,000 distinct types of dental supplies and equipment, SourceOne offers dentists a one-stop shopping platform that replicates the convenience and efficiency of purchasing through traditional distributors, but at substantially lower prices than those charged by the Defendants.  From the standpoint of dental supplies and equipment manufacturers, selling through SourceOne is a lower-cost, higher-margin alternative to their own internal sales force, or to selling to the Defendants.  SourceOne's broad product line, low cost structure and low prices make it a unique competitive threat to the Defendants.

26.     SourceOne planned to further compete with the Defendants by partnering with state dental associations to offer dentists the GPO option that had been for so long denied by the Defendants.  SourceOne's GPO platform would have made it a more effective competitor to the Defendants, by allowing it to lower its costs, lower its prices, and gain substantial market share at the Defendants' expense.  Using its existing e-commerce platform, SourceOne builds,

manages and services online sales platforms for state dental associations. Each platform is customized and branded for each state dental association, and available exclusively to the members of each association. SourceOne is the owner and operator of each GPO platform, is responsible for contracting with vendors participating in the platform, and retains the net revenues and profits generated by the platform, after paying a small commission fee to the applicable state dental association in exchange for its endorsement and promotion of the platform. Dentists purchasing supplies and equipment from SourceOne make payment for those supplies to SourceOne when an order is placed, and SourceOne periodically remits a portion of that payment to the vendor whose supplies were purchased, after deducting SourceOne's profit margin on the transaction. All of the dental supplies and equipment sold on SourceOne's GPO platforms, and on SourceOneDental.com, are authentic, non-counterfeit products, intended for sale by their manufacturers in the United States, purchased through authorized distribution channels, and in conformity with applicable federal regulations.

27. Adoption of a GPO model would allow SourceOne to leverage the buying power of large groups of dentists to offer even lower prices to dentists, and even lower selling costs to manufacturers, than were previously available through SourceOne. Customers who switch from purchasing their dental supplies and equipment from the Defendants to purchasing their supplies from a GPO operated by SourceOne save on average over 30 percent on their supplies expenditures.

28. In October 2013, SourceOne launched TDA Perks Supplies, an online sales platform and GPO for the dental professional members of the TDA. The platform was an immediate success, with rapidly increasing membership and sales. Many state dental associations from around the country observed the success of TDA Perks Supplies and also

planned to partner with SourceOne to offer GPOs to their members. Because SourceOne's GPO contracts with its vendors require those vendors to offer progressively lower prices based on increasing sales volumes across all of SourceOne's GPOs, each state association interested in partnering with SourceOne had an interest in seeing that other state associations also partnered with SourceOne, and these state associations communicated their common interest in partnering with SourceOne to one another and to SourceOne. Through SourceOne's innovative entry and expansion into the dental supplies and equipment industry, the dental supplies and equipment GPO that the Defendants had long resisted was about to come into existence nationwide.

**THE DEFENDANTS TARGETED SOURCEONE WITH AN ILLEGAL BOYCOTT**

29. The Defendants understood that SourceOne's GPO platform, including TDA Perks Supplies, with its disruptive new business model, directly competed with them, and perceived a competitive threat based on the lower prices offered by SourceOne's GPO platform for many of the same goods offered by the Defendants. The lower prices offered by SourceOne's GPO platform, including TDA Perks Supplies, threatened to induce dentists to switch some or all of their supplies and equipment purchases from the Defendants to SourceOne's GPO platform, or to force the Defendants to lower the prices at which they sold dental supplies and equipment to dentists, or both.

30. Building on their historic culture of cooperation and communication, the Defendants engaged in ongoing communications over several months, beginning in October 2013 and continuing through at least April 2015, about SourceOne's GPO platform, including TDA Perks Supplies. On information and belief, the Defendants shared information about market participants' reactions to SourceOne's entry, they collectively developed a response, and they provided reassurances to market participants about that collective response. The

Defendants negotiated, reached and implemented this collusive response to SourceOne's formation of a GPO because, as the Defendants' themselves explained to numerous marketplace participants, SourceOne posed an existential threat to the Defendants, their revenues, and profits.

31. The Defendants' collective response to the competitive threat posed by SourceOne's GPO platform, including TDA Perks Supplies, was three-fold. First, the Defendants agreed with one another, and with as-yet unknown distributors of dental supplies and equipment, to pressure manufacturers and other distributors to discontinue supplying SourceOne and SourceOne's GPO platform, including TDA Perks Supplies. The Defendants agreed to threaten manufacturers who allowed their products to be sold through SourceOne with having their products "shelved," or not actively promoted, by the Defendants. Because the Defendants comprise an overwhelmingly dominant share of dental supplies and equipment sales, these threats were successful in causing manufacturers to stop allowing their products to be sold through SourceOne. Second, the Defendants agreed with one another to boycott the trade shows and annual meetings of the TDA and other state dental associations which were or were considering doing business with SourceOne. Because revenues from these trade shows and annual meetings make up a substantial portion of the operating income of state dental associations, these threats – which were actually carried out on several occasions, causing substantial damage to those state associations – were effective in deterring state associations from endorsing or adopting SourceOne's GPO platform. Third, the Defendants agreed to boycott dentists who dealt with SourceOne, by withholding from those dentists necessary service for those dentists' equipment.

32. The Defendants' anticompetitive and tortious conduct had no legitimate business justification. The only rationale for the Defendants' boycott of manufacturers and dental

associations that deal with SourceOne is the elimination of lower-cost, high quality and innovative competition from SourceOne, with the purpose and actual effect of artificially maintaining or increasing the prices paid by dentists for dental supplies and equipment.

**The Defendants' Boycott of Manufacturers and Distributors that Dealt With SourceOne**

33.    As the first part of their collusive response to SourceOne's successful launch of its GPO platform, including TDA Perks Supplies, the Defendants agreed with one another to pressure other distributors and manufacturers to discontinue supplying SourceOne and SourceOne's GPO platform, including TDA Perks Supplies.  Pursuant to this agreement, the Defendants contacted other distributors and manufacturers to pressure those entities to stop supplying dental supplies and equipment to SourceOne and SourceOne's GPO platform, including TDA Perks Supplies.  The Defendants threatened to reduce or stop entirely their purchases from manufacturers that did business with SourceOne and SourceOne's GPO platform, including TDA Perks Supplies.

34.    Between October 2013 and April 2014, the dental supplies sold by SourceOne came either directly from manufacturers, or through two distributors, Arnold Dental Supply ("Arnold") and DDS Dental Supplies ("DDS").  The manufacturers that supplied SourceOne were largely immune from the Defendants' boycott threats, as those manufacturers generally sold no dental supplies to the Defendants, and thus had no sales to lose as a result of dealing with SourceOne.  The manufacturers that supplied SourceOne through Arnold and DDS were, however, vulnerable to the Defendants' pressure, as those manufacturers generally made substantial sales to the Defendants, in addition to Arnold and DDS.

35.    Between October 2013 and at least April 2014, the Defendants exerted substantial pressure on manufacturers of dental supplies supplying SourceOne and SourceOne's GPO

platform through Arnold and DDS to stop dealing with SourceOne, through Arnold and DDS or otherwise. Dozens of product lines, including many of SourceOne's most important and highest-selling items, were removed by Arnold and DDS, at the request of these manufacturers, from SourceOne as a result of the Defendants' boycott of manufacturers dealing with SourceOne. On several occasions, Arnold and DDS informed SourceOne that the manufacturers whose products they were removing from SourceOne and its GPO platform were reacting to pressure, applied by the Defendants, to stop doing business with SourceOne. For example, DDS informed SourceOne that DMG America, a manufacturer of dental restoration products, had told DDS that DMG America was pulling its products from SourceOne and its GPO platform due to pressure applied by Patterson and Schein. Other manufacturers who instructed Arnold and DDS to remove their products from SourceOne and its GPO platform include Sultan Healthcare, Danaher, Heraeus Kulzer, Ivoclar Vivadent, Quala, and Septodont. By April 2014, SourceOne had lost access to thousands of key dental supplies, and at least 75 percent of the top selling products on the TDA Perks Supplies and SourceOneDental.com platforms. The same month, both Arnold and DDS informed SourceOne that they would no longer deal with SourceOne. DDS explained to SourceOne that this decision was the result of the pressure applied by Defendants on manufacturers supplying DDS.

36. The decision, in many cases simultaneous, of these dental supplies manufacturers to discontinue dealing with SourceOne was unprecedented and inexplicable in the absence of a conspiracy among the Defendants to exert coordinated pressure on multiple manufacturers simultaneously to pull their products from SourceOne and its GPO platform. These manufacturers had voiced no concerns with SourceOne or its GPO platform until October 2013, when they began requiring Arnold and DDS to discontinue the availability of their products to

SourceOne, and had enjoyed increasing sales and revenues through SourceOne's platform. Similarly, before October 2013, both Arnold and DDS had realized increasing sales and revenues through dealing with SourceOne, and were highly motivated to continue to grow their business with SourceOne and its GPO platform. At the same time as their products were being removed from SourceOne and its GPO platform, these manufacturers continued to sell the products they pulled from SourceOne on other electronic marketplaces, which were less of a competitive threat to the Defendants.

37.     Significantly, while many manufacturers that rely on the Defendants for the distribution of their products pulled their products from SourceOne between October 2013 and April 2014, manufacturers that had historically sold directly to dentists, thereby bypassing the Defendants and thus generally immune to their boycott threats, generally did not pull their products from SourceOne in that period.

38.     The manufacturers of dental supplies that the Defendants coerced into boycotting SourceOne are also manufacturers of equipment, and the Defendants' boycott had the purpose and effect of deterring manufacturers from selling equipment, as well as supplies, through SourceOne or SourceOne's GPO platforms.

39.     After the Defendants' boycott was successful in forcing Arnold and DDS to discontinue their sales to SourceOne, SourceOne sought alternative distributors to supply it with dental supplies, and with equipment. Candidate distributors, including DHP Dental ("DHP"), were deterred from dealing with SourceOne by the Defendants' demonstrated success in forcing manufacturers to pull their products from SourceOne and its GPO platform. DHP met with managers from several dental supplies and equipment manufacturers, in this way learned of the

effect of the Defendants' boycott in forcing manufacturers to stop dealing with SourceOne, and conveyed this information to SourceOne.

**The Defendants' Boycott of State Dental Associations that Dealt With SourceOne**

40.     Despite the Defendants' boycott of manufacturers and distributors that did business with SourceOne and TDA Perks Supplies, state dental associations outside of Texas communicated to SourceOne, and to one another, substantial interest in offering SourceOne's GPO platform to their members as well.

41.     To deter state dental associations from dealing with SourceOne, and thereby to forestall the significant competitive threat that SourceOne's GPO platform posed to their revenues and profits, the Defendants agreed with one another to break with their traditional practice of attending the trade shows of state dental associations and to boycott the trade show and annual meeting of state dental associations which were, or were considering, doing business with SourceOne.

42.     The Defendants' conspiracy was successful in deterring state dental associations from proceeding with their planned partnership with SourceOne.  The Defendants' boycott of the state association trade shows threatened to impose substantial financial losses on state associations adopting SourceOne's GPO platform, because revenues from those trade shows are substantial components of a state association's budget, and the participation of the Defendants is essential to a successful trade show.  Confronted with the choice of partnering with a SourceOne weakened by the Defendants' boycott of manufacturers dealing with SourceOne, and enduring the consequences of Defendants' boycotts of their own trade shows, or in the alternative, acceding to the Defendants' demands that they refrain from doing business with SourceOne, the state dental associations, against their will, almost uniformly chose to refrain from doing

business with SourceOne. As a result, SourceOne's GPO platform has been adopted by only three state dental associations, rather than the scores of state dental associations that would likely have adopted the platform but-for the Defendants' illegal conduct.

43. In March 2014, Patterson representatives met privately with TDA representatives and demanded that the TDA end its contractual relationship with SourceOne Dental and TDA Perks Supplies, or Patterson would no longer attend TDA's annual trade show, or advertise in TDA's publications. A month later, in April 2014, Schein representatives met privately with TDA representatives and delivered the same threats and demands.

44. When TDA did not accede to the Defendants' demands, the Defendants' boycotted the TDA's annual meeting and trade show, held between April 30 and May 3, 2014. The Defendants' decision not to attend the TDA's annual meeting and trade show was historically unprecedented, not announced publicly by the Defendants in advance, and risky, as each Defendant stood to lose substantial revenues from sales at the trade show and afterwards if its main rivals, the other Defendants, did not also boycott the show. Dental association trade shows are a substantial source of revenue, promotion and goodwill for dental supplies distributors, including the Defendants. The Defendants canceled their reserved spaces right before the 2014 TDA show, forfeiting significant deposits for prime location and associated promotions, all of which had been arranged well in advance and was non-refundable. Smaller distributors – not part of the Defendants' conspiracy – attended and increased their revenues and market share at the Defendants' expense.

45. Dozens of dental supplies and equipment manufacturers also stayed away from the TDA annual meeting and trade show, pulling out – like the Defendants – at the last minute, without warning, and at significant commercial expense and risk. Many of these manufacturers

explained to the TDA that their decision to pull out of the annual meeting and trade show was a result of pressure applied by Patterson and Schein to boycott the TDA for its support of SourceOne Dental's GPO platform.

46.     As a result of the Defendants' boycott, and the concerted pressure they brought to bear on dental supplies and equipment manufacturers to similarly boycott the TDA's 2014 annual meeting and trade show, that meeting and trade show had significantly fewer exhibitors, and was significantly less profitable for the TDA, than previous shows.  The Defendants' boycott of the TDA was specifically intended to send a message to TDA and to other state dental associations, many of which were actively interested in doing business with SourceOne, to refrain from doing so or suffer damages similar to those inflicted upon the TDA.

47.     The Defendants' tactics were successful in coercing state dental associations across the county into abandoning their plans to endorse SourceOne and to endorse and promote SourceOne's GPO platform to their members.  After the boycott of the TDA annual meeting and trade show, other state associations that had expressed interest in promoting SourceOne's GPO platform to their members changed course and declined to do so, citing concerns about the coordinated pressure of Defendants and the risk of being targeted with a boycott similar to the one aimed at the TDA.

48.     One state dental association that did go forward with a business relationship with SourceOne, albeit after substantial delays caused by their concerns with being targeted with a boycott similar to the one aimed at the TDA, was the Arizona Dental Association ("AZDA").  After AZDA agreed to endorse SourceOne's GPO platform for the benefit of Arizona dentists, the Defendants retaliated against the AZDA by boycotting its annual meeting and trade show in March 2015.  The Defendants were aware at the time of their boycott of an existing, enforceable

contract between SourceOne and the AZDA calling for the promotion and endorsement of SourceOne's GPO platform, due to last-minute attempts by the AZDA to ward off the threatened boycott through negotiations with the Defendants. In these negotiations, AZDA disclosed the existence of its contract with SourceOne, and offered to make certain changes to the GPO platform that SourceOne had developed for the benefit of its members, including to the name and trade dress of the platform, if the Defendants would stay their hand and abandon their planned boycott. Specifically, AZDA agreed to distance its name and associated goodwill from the marketing of SourceOne's GPO platform, thereby diluting the benefit of AZDA's endorsement of SourceOne's GPO platform, making that platform less attractive to AZDA's members and a less effective competitor to the Defendants. The Defendants were unappeased, and boycotted the AZDA trade show anyway. As with the boycott of the TDA a year earlier, the Defendants were the only distributors that did not attend this meeting, and their smaller rivals that did attend gained revenue and market share at the Defendants' expense. As with the earlier TDA boycott, the Defendants inflicted substantial damage against the AZDA and its trade show, causing AZDA lost revenue and profits as a result. Chastened by the Defendants' boycott, the AZDA has not since actively promoted SourceOne's GPO platform to its members.

49. Another state dental association, the Louisiana Dental Association ("LDA"), desired to simultaneously do business with SourceOne and to avoid the impact of the Defendants' boycott. To achieve this, the LDA planned to announce its endorsement of SourceOne's GPO platform only *after* the annual LDA meeting and trade show, to be held in April of 2015, despite the fact that SourceOne was compelled to offer an expensive indemnity of the LDA against lost revenues caused by a boycott of the Defendants. Nevertheless, Defendants Patterson and Schein learned of the LDA's planned business relationship with SourceOne –

which had been approved by the LDA Board of Directors in January 2015 – and in April 2015 threatened to boycott the LDA's annual meeting and trade show if the LDA did not abandon its planned business relationship with SourceOne. With the example of the Defendants' boycott of the TDA and the AZDA fresh in their minds, and with members voicing a concern that such a boycott of the LDA was certain to follow if the LDA went through with its plans to deal with SourceOne, the LDA abandoned plans to endorse SourceOne's GPO platform.

50.     The LDA was not alone in changing its plans to endorse SourceOne's GPO platform as a result of the Defendants' threats to boycott state associations that dealt with SourceOne. Other associations, including the California Dental Association, the Colorado Dental Association, and dozens more, were deterred from endorsing SourceOne's GPO platform by the Defendants' illegal and tortious conduct. For example, after enthusiastically reacting to the possibility of an endorsement of SourceOne's GPO platform, the Colorado Dental Association specifically stated to SourceOne in January 2015 that it was "concerned about the major dental suppliers in our area, Schein, Patterson and others pulling their support to the CDA [Colorado Dental Association] and our largest component society which hosts the Rocky Mountain Dental Conference each year" if it went ahead with its contemplated endorsement of SourceOne's platform. Like dozens of other state dental associations, the Colorado Dental Association abandoned plans to deal with SourceOne due to the Defendants' illegal and anticompetitive conduct.

51.     The Defendants knew that SourceOne had a contract with TDA and AZDA, and specifically intended to induce TDA and AZDA to terminate those contracts. Likewise, the Defendants knew that SourceOne was in discussions with many state dental associations, including the LDA, the California Dental Association, the Colorado Dental Association, and

dozens of others, and specifically intended to induce those state dental associations to not deal with SourceOne.

52.    The Nevada Dental Association ("NDA") did endorse SourceOne's GPO platform, but only because the NDA has no trade show for the Defendants to boycott, and is thus largely immune from their primary coercive strategy.

**The Defendants' Boycott of Dentists Dealing With SourceOne**

53.    Defendants also agreed to boycott dentists who purchased supplies from SourceOne by withholding service and repair for installed equipment at those dental practices. Upon learning that a dentist was purchasing from SourceOne, the Defendants have routinely threatened not to provide necessary service and repair to "disloyal" dentists, or to do so only at higher prices or with significant delays. These threats imperil the viability of the affected dentists' practices, and the quality and efficacy of the care provided by those dentists. As a result of these threats, dentists have curtailed or eliminated their purchases of dental supplies and equipment from SourceOne, or refrained from purchasing from SourceOne.

54.    Defendants also actively misrepresent to dentists the nature and quality of the dental supplies and equipment sold by SourceOne. Defendants misrepresent SourceOne's products as expired, counterfeit, altered, sold through unauthorized distribution channels, or otherwise unfit for their intended purpose. These representations are false. Defendants made these misrepresentations in an effort to convince dentists that purchasing dental supplies and equipment at discounted prices from new entrants, and particularly from SourceOne, was risky and undesirable. Many dentists curtailed or discontinued entirely their purchases from SourceOne after the Defendants made these misrepresentations, which were delivered privately to dentists and are thus difficult for SourceOne to detect and rebut.

## THE TEXAS ATTORNEY GENERAL'S INVESTIGATION OF THE DEFENDANTS

55.      In 2014, the Texas Attorney General opened an investigation of the Defendants' conduct as alleged above.  Pursuant to Civil Investigative Demands ("CIDs") issued in August 2014, the Defendants were compelled to produce internal business documents and electronic mail, among other documents, relating to the conduct alleged above to the Texas Attorney General.  The Texas CIDs identify by name only three distributors of dental supplies products, namely, the Defendants.  The Arizona Attorney General issued CIDs in its investigation of the Defendants in October 2014.

56.      In April 2015, the Texas Attorney General filed a complaint against Defendant Benco, alleging Benco's participation in the conspiracy alleged above.  A true and correct copy of this complaint is attached as Exhibit A, and is hereby incorporated by reference.   On information and belief, the documents and information gathered by the Texas Attorney General in his investigation of the Defendants support and prove the allegations in his complaint.  The Texas Attorney General the same day entered into a consent judgment with Benco, which obligates Benco to cooperate with the Texas Attorney General's ongoing investigation into the remaining Defendants.  Benco was also obligated to pay the Texas Attorney General $300,000. A true and correct copy of this consent judgment is attached as Exhibit B.

57.      The Texas Attorney General's law enforcement action against Benco did not remedy the effects of the Defendants' conspiracy, or signal to state dental associations that it was safe to deal with SourceOne.  As the representative of one state dental association that has been deterred from dealing with SourceOne explained to SourceOne in April 2015: "[H]ave suits also been filed against Patterson and Schein?  If not, where do things stand as far as the actions of those companies?  That's not to say that it isn't significant that the State successfully clipped

Benco's wings. But, if there isn't a similar threat to Schein and Patterson, there's still quite a problem, I'd think."

58. The Federal Trade Commission subsequently opened an investigation of the Defendants for their involvement in these matters. That investigation is active and ongoing.

## RELEVANT MARKET

59. One relevant antitrust market in which to evaluate the Defendants' conduct is the market for the marketing, distribution and sale of dental supplies in the United States.

60. One relevant market in which to assess the Defendants' conduct is in the market for the marketing, distribution and sale of the full line of dental supplies in the United States. Due to substantial economies of scope, or savings from "one stop shopping," in the marketing, distribution and sale of dental supplies, dentists generally prefer to purchase dental supplies from a supplier that can offer a full line of dental supplies, including acrylics, alloys and amalgam, anesthetics, burs, cements and liners, disposable paper and cotton supplies, endodontic products, handpieces, impression products, instruments, orthodontics, preventive products, retraction materials, surgical products, waxes and x-ray products. Buying these goods from a single seller significantly reduces dentists' transaction costs, because purchases of dental supplies are characterized by regular repeat purchases, each of which is of relatively small value. Purchasing dental supplies from full-line sellers offers dentists convenience and service characteristics that set full-line sellers apart from other sellers, including an efficient way to obtain dental supplies through centralized warehousing, delivery, and billing services that enable dentists to avoid carrying large inventories, dealing with a large number of vendors, and negotiating numerous transactions. Because dentists strongly prefer to purchase dental supplies from a single firm, firms selling only a partial line of dental supplies will not compete effectively with firms

supplying the full line of dental supplies. For all of these reasons, a hypothetical monopolist supplier of a full-line of dental supplies would be able to profitably increase the price of the full line of dental supplies above the competitive level, as shown by the Defendants' ability to charge supra-competitive prices for the full-line of dental supplies that each carries.

61. Alternatively, the Defendants' conduct may be assessed in the market for the marketing, distribution and sale of specific types of dental supplies in the United States. Because the various types of dental supplies, including acrylics, alloys and amalgam, anesthetics, burs, cements and liners, disposable paper and cotton supplies, endodontic products, handpieces, impression products, instruments, orthodontics, preventive products, retraction materials, surgical products, waxes and x-ray products, are not functionally interchangeable from the standpoint of consumers, a hypothetical monopolist of each such product or product type could profitably increase the price each such product or product-type above the competitive level.

62. Another relevant market in which to evaluate the Defendants conduct is the market for the marketing, distribution and sale of durable dental equipment in the United States, including amalgamators, amalgam separators, curing lights, operatory lights, x-ray equipment, lasers, sterilization equipment, vacuum systems, and other types of equipment used in dental practices. Equipment used in dental practices is generally customized for the needs of those practices, no other products or product types significantly constrain the prices of dental equipment, and a hypothetical monopolist of a full line of dental equipment, or of each such product or product type, could profitably increase the price of each such product or product-type above the competitive level.

63. The Defendants collectively have substantial market power in the relevant market or markets, however defined.

25

## DEFENDANTS' UNLAWFUL CONDUCT

64.     The Defendants agreed with one another, and with other distributors presently unknown to SourceOne, to boycott dentists, manufacturers and state dental associations that dealt with, or considered dealing with, SourceOne.  The Defendants had a conscious commitment to a common scheme to prevent the emergence of a viable GPO competitor, to exclude SourceOne from the relevant market, and to eliminate SourceOne as an effective competitor, by virtue of this agreement and the overt acts taken pursuant to this agreement.  Defendants took overt acts in furtherance of this conspiracy, including the anticompetitive and tortious conduct alleged herein.

65.     Injury to SourceOne was the direct, foreseeable and intended result of the Defendants' boycott of dentists, manufacturers and state dental associations.  The Defendants' boycott simultaneously harmed SourceOne and consumers in the relevant market by excluding SourceOne and thereby artificially maintaining or increasing the prices paid by dentists for dental supplies.  Although the mechanism of injury to SourceOne and to dental professionals (and thereby to consumers) is the same, the damages caused by Defendants' boycott to dental professionals in the form of higher prices is distinct from, and not duplicative of, the damages caused to SourceOne, in the form of lost profits and damaged equity and goodwill.  SourceOne is the most direct victim of the Defendants' boycott, and apportionment of the harms suffered by SourceOne and those suffered by less-direct victims of the boycott, including state dental associations, will not be difficult.

## SOURCEONE'S CLAIMS FOR RELIEF

## COUNT ONE:

## The Defendants Have Unreasonably Restrained Trade

66.     Plaintiff hereby restates Paragraphs 1 through 65 of this Complaint.   The Defendants' conduct as alleged herein are unreasonable restraints of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, the Arizona Uniform State Antitrust Act, ARIZ. REV. STAT. ANN. §§ 44-1401 *et seq*, and the Donnelly Act, N.Y. GEN. BUS. LAW §§ 340-347.

67.     The Defendants' agreement with one another, and with as-yet unknown co-conspirators, that each would boycott state dental associations, dentists, dental supplies distributors, and dental supplies manufacturers doing business with SourceOne was a *per se* unlawful group boycott, or in the alternative, was an unlawful restraint under the rule of reason.

68.     This conduct has damaged SourceOne in the form of lost profits, and damaged equity and goodwill, diminishing the value of SourceOne as a going concern.

## COUNT TWO:

## Tortious Interference with Prospective Business Relations

69.     Plaintiff hereby restates Paragraphs 1 through 65 of this Complaint.   The Defendants' conduct as alleged herein constitutes tortious interference with SourceOne's prospective business relations with state dental associations, including (i) the Louisiana Dental Association, the California Dental Association, the Colorado Dental Association, and dozens of other state dental associations, as will be proven at trial, that were each deterred from endorsing and promoting SourceOne's GPO platform to their members by the Defendants' unlawful and anticompetitive conduct; and (ii) the Texas Dental Association and the Arizona Dental Association, each of which would have more actively promoted SourceOne's GPO platform to

their members but-for the Defendants' conduct. But-for the Defendants' boycott of these and other state dental associations, dentists, dental supplies distributors, and dental supplies manufacturers doing business with SourceOne, SourceOne had a reasonable expectancy of prospective business relations in 2014 and beyond with these state dental associations that would have led to their endorsement and promotion of SourceOne's GPO platform to their members. Through their boycott of these and other state dental associations, dentists, dental supplies distributors, and dental supplies manufacturers doing business with SourceOne, the Defendants interfered with SourceOne's reasonable expectancy of prospective business relations with these state dental associations, causing SourceOne injury.

70. The Defendants' conduct in (i) withholding service from dentists dealing with SourceOne and (ii) misrepresenting the nature and quality of SourceOne's products to all dentists, has deterred dentists from dealing with SourceOne and constitutes tortious interference with SourceOne's prospective business relations with those dentists. SourceOne has lost substantial revenues and profits due to this conduct of the Defendants.

71. This conduct has damaged SourceOne in the form of lost profits, and damaged equity and goodwill, diminishing the value of SourceOne as a going concern.

## COUNT THREE:

## Civil Conspiracy

72. Plaintiff hereby restates Paragraphs 1 through 65 of this Complaint. Each of the Defendants' conduct as alleged herein constitutes civil conspiracy.

73. This conduct has damaged SourceOne in the form of lost profits, and damaged equity and goodwill, diminishing the value of SourceOne as a going concern.

## COUNT FOUR:

### Aiding and Abetting

74.     Plaintiff hereby restates Paragraphs 1 through 65 of this Complaint.  The conduct of each of the Defendants as alleged herein constitutes aiding and abetting of the other Defendants' ongoing tortious and anticompetitive conduct aimed at SourceOne.

75.     This conduct has damaged SourceOne in the form of lost profits, and damaged equity and goodwill, diminishing the value of SourceOne as a going concern.

### REQUEST FOR RELIEF

76.     To remedy these illegal acts, Plaintiff requests the Court:

a.      Enter an Order permanently enjoining the Defendants from entering into agreements to pressure third-parties, including dental supplies manufacturers and state dental associations, from doing business with SourceOne;

b.      Award compensatory and trebled damages in favor of the Plaintiff and against all Defendants, jointly and severally, and punitive damages, including all interest thereon;

c.      Award Plaintiff reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees; and

d.      Any such further relief as the Court deems appropriate.

/S/ JACK G. STERN

JACK G. STERN (Bar Number JS-1394)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
7th Floor
New York, NY 10022
(212) 446-2300

WILLIAM A. ISAACSON
JAMES P. DENVIR
CHRISTOPHER G. RENNER
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, DC 20015
(202) 237-2727