# EXHIBIT E

ACO

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:16-cv-00696-BMC-GRB

In re DENTAL SUPPLIES ANTITRUST LITIGATION      Date Filed: 02/11/2016
Assigned to: Judge Brian M. Cogan      Jury Demand: Plaintiff
Referred to: Magistrate Judge Gary R. Brown      Nature of Suit: 410 Anti-Trust
related Case: 2:15-cv-05440-BMC-GRB      Jurisdiction: Federal Question
Cause: 15:1 Antitrust Litigation

**In Re**

| | | |
|---|---|---|
| **Rule 45 Subpoena Issued to Strategic Data Marketing, LLC** | represented by | **Kenneth Bruce Pickle , Jr.** |

Radice Law Firm
34 Sunset Blvd
Long Beach, NJ 08008
646-245-8502
Fax: 609-385-0745
Email: kpickle@radicelawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Comfort Care Family Dental, P.C.** *on behalf of themselves and all others similarly situated* | represented by | **Brandi Hamilton** |

Barrett Law Group, P.A.
Po Box 927
Lexington, MS 39095
662-834-9168
Fax: 662-834-2628
Email:
bhamilton@barrettlawgroup.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Cramer**
Berger & Montague
1622 Locust Street
Philadelphia, PA 19103
(215)875-3000
Fax: (215)875-4604
Email: ecramer@bm.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua T. Ripley**

Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
215-875-3093
Fax: 215-875-4604
Email: jripley@bm.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick F. Madden**
Berger & Montague
1622 Locust Street
Philadelphia, PA 19103
215-875-3035
Fax: 215-875-4604
Email: pmadden@bm.net
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan F. Stephan**
Stephan Zouras LLP
205 N Michigan Ave
Suite 2560
Chicago, IL 60601
312-233-1550
Fax: 312-233-1560
Email: rstephan@stephanzouras.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Evan Rubenstein**
Radice Law Firm
34 Sunset Blvd
Long Beach, NJ 08008
646-245-8502
Fax: 609-385-0745
Email: drubenstein@radicelawfirm.com

*ATTORNEY TO BE NOTICED*

**James B. Zouras**
Stephan Zouras, LLP
205 N Michigan Avenue
Suite 2560
Chicago, IL 60601
312-233-1550
Fax: 312-233-1560

Email: jzouras@stephanzouras.com
*ATTORNEY TO BE NOTICED*

**John W Barrett**
Barrett Law Group, P.A.
P.O. Box 927
Lexington, MS 39095
(662) 834-9168
Fax: (662) 834-2628
Email: dbarrett@barrettlawgroup.com
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Teresa Becvar**
Stephan Zouras, LLP
205 N Michigan Avenue
Suite 2560
Chicago, IL 60601
312-233-1550
Fax: 312-233-1560
Email: tbecvar@stephanzouras.com
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
Radice Law Firm, PC
34 Sunset Blvd
Beach Haven, NJ 08008
646-245-8502
Fax: 646-386-7688
Email: jradice@radicelawfirm.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rossman Endodontics**                  represented by  **Brandi Hamilton**
*on behalf of themselves and all others*                  (See above for address)
*similarly situated*                                       *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                          **Eric Cramer**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Joshua T. Ripley**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick F. Madden**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan F. Stephan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James B. Zouras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John D. Barrett**
Barrett Law Group, P.A.
Po Box 927
404 Court Square North
Lexington, MS 39095
662-834-9168
Fax: 662-834-2628
Email: dbarrett@barrettlawgroup.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Teresa Becvar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Robert W. Grodner, DDS**
*on behalf of himself and all others
similarly situated*

represented by   **Christopher J. Cormier**
Cohen Milstein Sellers & Toll PLLC
5290 Denver Tech Center Pkwy
Suite 150
Denver, CO 80111

720-583-0650
Fax: 202-408-4699
Email: ccormier@cohenmilstein.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Goodpastor**
DiNovo Price Ellwanger & Hardy, LLP

7000 N Mopac Expressway
Suite 350
Austin, TX 78731
512-539-2626
Fax: 512-539-2627
Email: cgoodpastor@dpelaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gabriel R. Gervey**
DiNovo Price Ellwanger & Hardy, LLP

7000 N Mopac Expressway
Suite 350
Austin, TX 78731
512-539-2626
Fax: 512-539-2627
Email: ggervey@dpelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey B. Dubner**
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave Nw
Suite 500
Washington, DC 20005
202-408-4600
Fax: 202-408-4699
Email: jdubner@cohenmilstein.com
*TERMINATED: 06/19/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole E. Glauser**
DiNovo Price Ellwanger & Hardy, LLP

7000 N Mopac Expressway

Suite 350
Austin, TX 78731
512-539-2626
Fax: 512-539-2627
Email: nglauser@dpelaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard A. Koffman**
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave Nw
Suite 500
Washington, DC 20005
202-408-4600
Fax: 202-408-4699
Email: rkoffman@cohenmilstein.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sharon Kunjumon Robertson**
Cohen, Milstein, Hausfeld & Toll,
P.L.L.C.
150 E 52nd Street
30th Floor
New York, NY 10022
212-838-7797
Fax: 212-838-7745
Email: srobertson@cohenmilstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stanford Dresnin, DDS**          represented by  **Marc H. Edelson**
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA 18901
215-230-8043
Fax: 215-230-8735

Email: medelson@edelson-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua H. Grabar**
233 S 6th St
Suite 304
Philadelphia
Philadelphia, PA 19106
215-840-7112
Fax: 215-357-0269
Email: jgrabar@grabarlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bauer Dental Arts**                    represented by   **Andrew Michael Purdy**
*on behalf of itself and all others*                      Joseph Saveri Law Firm
*similarly situated*                                      555 Montgomery Street
                                                          Suite 1210
                                                          San Francisco, CA 94118
                                                          416-500-6800
                                                          Fax: 415-395-9940
                                                          Email: apurdy@saverilawfirm.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John Daniel Radice**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Joseph R. Saveri**
                                                          555 Montgomery Street
                                                          Suite 1210
                                                          San Francisco, CA 94111
                                                          415-500-6800
                                                          Fax: 415-395-9940
                                                          Email: jsaveri@saverilawfirm.com
                                                          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Joshua A. Davis**
Joseph Saveri Law Firm, Inc.
555 Montgomery Street
Suite 1210
San Francisco, CA 94111
415-500-6800
Fax: 415-395-9940
Email: jdavis@saverilawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan McEwan**
Joseph Saveri Law Firm, Inc.
555 Montgomery Street
Suite 1210
San Francisco, CA 94111
415-500-6800
Fax: 415-395-9940
Email: rmcewan@saverilawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dr. Robert Corwin**                  represented by  **Bradley J. Demuth**
Nussbaum Law Group, P.C.
570 Lexington Avenue, 19th Floor
New York, NY 10022
(212)702-7053
Fax: (212)681-0300
Email: bdemuth@nussbaumpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linda P. Nussbaum**
Nussbaum Law Group, PC
1211 Avenue of the Americas
40th floor
New York, NY 10036
917-438-9102
Fax: 212-681-0300
Email: lnussbaum@nussbaumpc.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Warren Burns**
Burns Charest LLP
900 Jackson Street
Suite 500
Dallas, TX 75202
469-904-4550
Fax: 469-444-5002
Email: wburns@burnscharest.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Keith Schwartz, D.M.D., P.A.**          represented by   **Bradley J. Demuth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Cramer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary I. Smith**
Hausfeld
325 Chestnut Street
Suite 900
Philadelphia, PA 19106
215-985-3270
Fax: 215-985-3271
Email: gsmith@hausfeld.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linda P. Nussbaum**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Robert W. Cobbs**
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave Nw
Suite 500
Washington, DC 20005
202-408-4600
Fax: 202-408-4699
Email: rcobbs@cohenmilstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Warren Burns**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica Weiner**
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave Nw
Suite 500
Washington, DC 20005
202-408-4600
Fax: 202-408-4699
Email: jweiner@cohenmilstein.com
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dr. Stephen M. Grussmark, DDS**          represented by  **Bradley J. Demuth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linda P. Nussbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Warren Burns**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Howard M. May, DDS**　　　　represented by　**Eric Cramer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric H. Gibbs**
Gibbs Law Group LLP
505 14th Street
Suite 1110
Oakland, CA 94612
510-350-9700
Fax: 510-350-9701
Email: ehg@classlawgroup.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary I. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George W. Sampson**
Sampson Dunlap LLP
1001 Fourth Avenue
Suite 3200
Seattle, WA 98154
206-369-3962
Fax: 206-260-1318
Email: george@sampsondunlap.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linda P. Lam**
Gibbs Law Group LLP
505 14th Street
WSuite 1110
Oakland, CA 94612
510-350-9700
Fax: 510-350-9701
Email: lpl@classlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marc David Grossman**
Sanders Viener Grossman, LLP
100 Herricks Road
Mineola, NY 11501
516-741-5252
Fax: 516-741-1243
Email:
mgrossman@thesandersfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael L. Schrag**
Gibbs Law Group LLP
505 14th Street
Suite 1110
Oakland, CA 94612
510-350-9700
Fax: 510-350-9701
Email: mls@classlawgroup.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert W. Cobbs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Weiner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bemus Point Dental, LLC**                    represented by    **Brent W. Landau**
Hausfeld LLP
325 Chestnut Street
Suite 900
Philadelphia, PA 19106
215-985-2315
Fax: 215-985-3270
Email: blandau@hausfeldllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary I. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melinda R. Coolidge**
Hausfeld LLP
325 Chestnut Street
Suite 900
Philadelphia, PA 19106
202-540-7200
Fax: 202-540-7201
Email: mcoolidge@hausfeldllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Allan Martin**
Hausfeld LLP
165 Broadway
Suite 2301
New York, NY 10006
646-357-1195
Fax: 212-202-4322
Email: smartin@hausfeld.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

John Daniel Radice
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Paul Bermudez**                    represented by   **John Domenick Zaremba**
*on behalf of himself and all others*                Zaremba Brownell & Brown PLLC
*similarly situated*                                 40 Wall Street
                                                     27th Floor
                                                     New York, NY 10005
                                                     212-380-6700
                                                     Fax: 212-871-6395
                                                     Email: jzaremba@zbblaw.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Brian D. Penny**
                                                     Goldman Scarlato & Penny, P.C.
                                                     8 Tower Bridge, Suite 1025
                                                     161 Washinton Street
                                                     Conshohocken, PA 19428
                                                     484-342-0700
                                                     Fax: 484-580-8747
                                                     Email: penny@lawgsp.com
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kenneth Bruce Pickle , Jr.**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John Daniel Radice**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kottemann Orthodontics, P.L.L.C.**   represented by   **Sharon S. Almonrode**
                                                       The Miller Law Firm PC
                                                       950 W University Dr
                                                       Ste 300
                                                       Rochester, MI 48307
                                                       (248)841-2200
                                                       Fax: (248)652-2852
                                                       Email: ssa@millerlawpc.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Steven N. Williams**
                                                       Cotchett, Pitre & McCarthy

840 Malcolm Road
Suite 200
Burlingame, CA 94010
650-697-6000
Fax: 650-697-0577
Email: swilliams@cpmlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Gustafson**
Gustafson Gluek PLLC
120 South 6th Street
Suite 2600
Minneapolis, MN 55402
(612)333-8844
Fax: (612)339-6622
Email:
dgustafson@gustafsongluek.com
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Naghmeh Yadegar, D.D.S., Inc.**    represented by    **Gregory K. Arenson**
*doing business as*                   Kaplan, Fox & Kilsheimer LLP
New Age Dental                        805 Third Avenue
                                      22nd Floor
                                      New York, NY 10022
                                      212-687-1980
                                      Fax: 212-687-7714
                                      Email: garenson@kaplanfox.com
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **Richard J. Kilsheimer**
                                      Kaplan Fox & Kilsheimer LLP
                                      850 Third Avenue
                                      14th Floor
                                      New York, NY 10022
                                      212-687-1980
                                      Fax: 212-687-7714
                                      Email: rkilsheimer@kaplanfox.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert N. Kaplan**
Kaplan, Kilsheimer & Fox, LLP
805 Third Avenue
New York, NY 10022
212-687-1980
Fax: 212-687-7714
Email: rkaplan@kaplanfox.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Evolution Dental Science, LLC**          represented by   **Brent W. Landau**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Cramer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary I. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melinda R. Coolidge**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert W. Cobbs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Allan Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Weiner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Casey Nelson**                    represented by   **David Woodward**
                                                    Heins Mills & Olson, P.L.C.
                                                    310 Clifton Avenue
                                                    Minneapolis, MN 55403
                                                    612-338-4605
                                                    Fax: 612-338-4692
                                                    Email: dwoodward@heinsmills.com
                                                    *TERMINATED: 06/06/2017*
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Eric Cramer**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gary I. Smith**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **James W. Anderson**
                                                    Heins Mills & Olson, P.L.C.
                                                    310 Clifton Avenue
                                                    Minneapolis, MN 55403
                                                    612-338-4605
                                                    Fax: 612-338-4692
                                                    Email: janderson@heinsmills.com
                                                    *LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert W. Cobbs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vincent J. Esades**
Heins Mills & Olson, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
612-338-4605
Fax: 612-338-4692
Email: vesades@heinsmills.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Weiner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert G. Eisler**
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801
302-622-7000
Fax: 302-622-7001
Email: reisler@gelaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jim Peck**                    represented by **Eric Cramer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary I. Smith**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert W. Cobbs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dianne M. Nast**
NastLaw LLC
1101 Market Street
Suite 2801
Philadelphia, PA 19107
215-923-9300
Fax: 215-923-9302
Email: dnast@nastlaw.com
*ATTORNEY TO BE NOTICED*

**Jessica Weiner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael L. Roberts**
Roberts Law Firm, P.A.
20 Rahling Circle
Little Rock, AR 72223
501-821-5575
Fax: 501-821-4474
Email: mikeroberts@robertslawfirm.us
*ATTORNEY TO BE NOTICED*

**Stephanie Egner Smith**
Roberts Law Firm, P.A.
20 Rahling Circle
Little Rock, AR 72223
501-821-5575
Fax: 501-821-4474
Email:
stephaniesmith@robertslawfirm.us

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Peter Bence, DMD, P.A.**                represented by   **Arun Srinivas Subramanian**
Susman Godfrey LLP
1301 Avenue of the Americas
32nd floor
New York, NY 10019
212-336-8330
Fax: 212-336-8340
Email:
asubramanian@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Christopher Carmody**
Susmen Godfrey LLP
1301 Avenue of the Americas
32nd floor
New York, NY 10019
212-336-8330
Fax: 212-336-8340
Email: bcarmody@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ian M. Gore**
Susman Godfrey LLP
1301 Avenue Of The Americas
32nd Floor
New York, NY 10019
(212)336-8300
Fax: (212)336-8340
Email: igore@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Jonathan Jeffrey Ross**
Susman Godfrey LLP
1000 Louisiana
Suite 5100
Houston, TX 77002
713-651-9366
Fax: 713-654-6666
Email: jross@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Shawn J. Rabin**
Susman Godfrey
1301 Avenue of the Americas
32nd floor
New York, NY 10019
(212)336-8330
Fax: (212)336-8340
Email: srabin@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kanellos & Kotis**                    represented by   **Michael Arthur Toomey**
Barrack Rodes & Bacine
11 Times Square
10th Floor
New York, NY 10036
(212)688-0782
Fax: (212)688-0783
Email: mtoomey@barrack.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Indianola Family Dentistry, P.L.C.**   represented by   **Benjamin David Elga**
Cuneo Gilbert and LaDuca LLP
16 Court Street
Suite 1012
Brooklyn, NY 11241
(929)258-7816
Fax: (202) 789-1813
Email: belga@cuneolaw.com
*TERMINATED: 11/18/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Watson Cuneo**
Cuneo, Gilbert & LaDuca LLP
507 C Street, NE
Washington, DC 20002
202-789-3960
Fax: 202-789-1813
Email: jonc@cuneolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Taylor Asen**
Cuneo Gilbert & DeLuca LLP
16 Court Street
Suite 1012
Brooklyn, NY 11241
929-258-7816
Fax: 202-789-1813
Email: tasen@cuneolaw.com
*TERMINATED: 05/17/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig S. Davis**
Lockridge Grindal Nauen P.L.L.P.
100 Washington Ave S
Suite 2200
Minneapolis, MN 55401
612-339-6900
Fax: 612-339-0981
Email: csdavis@locklaw.com
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert K. Shelquist**
Lockridge Grindal Nauen, P.L.L.P.
100 Washington Ave S
Suite 2200
Minneapolis, MN 55401
612-339-6900
Fax: 612-339-0981
Email: rkshelquist@locklaw.com
*ATTORNEY TO BE NOTICED*

**W. Joseph Bruckner**

Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
612-339-6900
Fax: 612-339-0981
Email: wjbruckner@locklaw.com
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**PJCC Dental PC**                     represented by **John Daniel Radice**
                                       (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

                                       **Kenneth Bruce Pickle , Jr.**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**West LA Dental Health Care Center**  represented by **Jeffrey A. Klafter**
                                       Klafte Olsen & Lesser LLP
                                       Two International Place
                                       Suite 350
                                       Rye Brook, NY 10573
                                       (914) 934-9200
                                       Fax: 914-934-9220
                                       Email: jak@klafterolsen.com
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

                                       **Kenneth Bruce Pickle , Jr.**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

                                       **John Daniel Radice**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**OMID FARAHMAND DMD, INC.**           represented by **Kenneth Bruce Pickle , Jr.**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*

John Daniel Radice
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mojdeh Shaystehfar**                represented by   **Jonathan K. Levine**
*on behalf of itself and all others*                  Pritzker Levine
*similarly situated*                                  180 Grand Avenue
*doing business as*                                   Sutie 1390
Linden Dental Care                                    Oakland, CA 94612
                                                      415-692-0772
                                                      Fax: 415-366-6110
                                                      Email: jkl@pritzkerlevine.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kenneth Bruce Pickle , Jr.**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **John Daniel Radice**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dennis M. Winter, D.D.S., P.C.**    represented by   **Benjamin David Elga**
                                                      (See above for address)
                                                      *TERMINATED: 11/18/2016*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Jonathan Watson Cuneo**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Taylor Asen**
                                                      (See above for address)
                                                      *TERMINATED: 05/17/2016*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Craig S. Davis**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kenneth Bruce Pickle , Jr.**
                                                      (See above for address)

*ATTORNEY TO BE NOTICED*

**Robert K. Shelquist**
(See above for address)
*ATTORNEY TO BE NOTICED*

**W. Joseph Bruckner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Thomas Caspers, D.D.S., P.S.**          represented by   **Mark A. Griffin**
Keller Rohrback
1201 Third Avenue
Suite 3200
Seattle, WA 98101
206-623-1900
Fax: 206-623-3384
Email: mgriffin@kellerrohrback.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy Hanson**
Keller Rohrback LLP
1201 Third Avenue
Suite 3200
Seattle, WA 98101
206-623-1900
Fax: 206-623-3384
Email: ahanson@kellerrohrback.com
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Arnell Prato, D.D.S., P.L.L.C**          represented by   **David S. Preminger**
*formerly known as*                                        Keller Rohrback LLP
Arnell N. Prato, D.D.S., P.L.L.C.                          1140 Avenue of The Americas, 9th

*doing business as*
Down To Earth Dental

Floor
New York, NY 10036
646-380-6690
Fax: 646-380-6692
Email:
dpreminger@kellerrohrback.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Cramer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary I. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark A. Griffin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert W. Cobbs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy Hanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Weiner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Dr. Joseph Styger, DDS**
*individually and on behalf of all others*

represented by **Darren T. Kaplan**
Darren Kaplan Law Firm, P.C.

*similar situated*

1359 Broadway
Suite 2001
New York, NY 10018
212-999-7370
Fax: 646-390-7410
Email: dkaplan@darrenkaplanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason S. Hartley**
Stueve Siegel Hanson LLP
550 West C Street
Suite 1750
San Diego, CA 92101
619-400-5822
Fax: 619-400-5832
Email: hartley@stuevesiegel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Cooper**
Stueve Siegel Hanson LLP
460 Nichols Road
Suite 200
Kansas City, MO 64112
816-714-7100
Fax: 816-714-7101
Email: cooper@stuevesiegel.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Anthony J. Peppy DDS & Samuel J.**        represented by  **Allan Steyer**
**Peppy Jr., DDS PC**                                        Steyer Lowenthal Boodrookas Alvarez
& Smith LLP
One California Street, Third Floor
San Francisco, CA 94111
415-421-3400
Fax: 415-421-2234

Email: asteyer@steyerlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Donald Scott Macrae**
Steyer Lowenthal Boodrookas Alvarez
& Smith LLP
One California Street
Third Floor
San Francisco, CA 94111
415-421-3400
Fax: 415-421-2234
Email: smacrae@bamlawca.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gabriel D. Zeldin**
Steyer Lowenthal Boodrookas Alvarez
& Smith LLP
One California Street
Third Floor
San Francisco, CA 94111
415-421-3400
Fax: 415-421-2234
Email: gzeldin@steyerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dr. Joshua Wolgin, DMD**          represented by **Laurie Rubinow**
*individually and on behalf of all those*              Shepherd, Finkelman, Miller & Shah
*similarly situated*                                    LLP
*doing business as*                                     875 Third Avenue, Suite 800
Wolgin Endodontic Group                                 New York, NY 10022
                                                        866-540-5505
                                                        Fax: 866-300-7367
                                                        Email: lrubinow@sfmslaw.com
                                                        *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Natalie F. Bennett**
Shepherd, Finkelman, Miller & Shah,
LLP
35 E State Street
Media, PA 19063
610-891-9880
Fax: 610-891-9883
Email: nfinkelman@sfmslaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dr. Nicholas Johnnidis**                represented by  **Brian Phillip Murray**
*on behalf of himself and all others*                    Glancy Binkow & Goldberg LLP
*similarly situated*                                     122 East 42nd Street
                                                         Suite 2920
                                                         New York, NY 10168
                                                         (212) 682-5340
                                                         Fax: 212-884-0988
                                                         Email: bmurray@glancylaw.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul C. Whalen**
                                                         Law Offices of Paul C. Whalen, P.C.
                                                         768 Plandome Road 3
                                                         Manhasset, NY 11030
                                                         516-426-6870
                                                         Fax: 212-658-9685
                                                         Email: pcwhalen@gmail.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Thomas James Kennedy**
                                                         Glancy Pronga & Murray LLP
                                                         122 East 42nd Street
                                                         Suite 2920
                                                         New York, NY 10168
                                                         212-682-5340
                                                         Fax: 212-884-0988
                                                         Email: tkennedy@glancylaw.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rittenhouse Smiles, P.C.**              represented by  **Jeremy Nathan Nash**
                                                         Lite DePalma Greenberg, LLC

570 Broad Street
Suite 1201
Newark, NJ 07102
973-877-3815
Fax: 973-623-0858
Email: jnash@litedepalma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tina Wolfson**
Ahdoot & Wolfson, PC
1016 Palm Avenue
West Hollywood, CA 90069
310-474-9111
Fax: 310-474-8585
Email: twolfson@ahdootwolfson.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alexander Greenberg, DDS**            represented by **Jeffrey H. Squire**
                                        Bragar Eagel & Squire, P.C.
                                        885 Third Avenue
                                        Ste. 3040
                                        New York, NY 10022
                                        (212) 308-5858
                                        Email: squire@bespc.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cornerstone Dentistry, P.C.**         represented by **Beau D. Hollowell**
                                        Karon LLC
                                        700 W. St. Clair Avenue
                                        Ste. 200
                                        Cleveland, OH 44113
                                        216-622-1851
                                        Fax: 216-241-8175
                                        Email: bhollowell@karonllc.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Daniel R. Karon**
                                        Karon LLC
                                        700 W. St. Clair Avenue
                                        Ste. 200
                                        Cleveland, OH 44113
                                        216-622-1851
                                        Fax: 216-622-8175

Email: dkraon@karonllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David P. McLafferty**
Law Offices of David P. McLafferty &
Associates, P.C.
923 Fayette Street
Conshohocken, PA 19428
610-940-4000
Fax: 610-940-4007
Email: dmclafferty@mclaffertylaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Garrett D. Blanchfield**
Reinhardt, Wendorf & Blanchfield
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
651-287-2100
Fax: 651-287-2103
Email: g.blanchfield@rwblawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roberta A. Yard**
Reinhardt Wendorf & Blanchfield
E1250 First National Bank Bldg.
332 Minnesota Street
St. Paul, MN 55101
651-287-2100
Fax: 651-287-2103
Email: r.yard@rwblawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Bruce Pickle , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Daniel Radice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Scott T. Ozaki DDS Inc.**                    represented by  **Alexandra S. Bernay**

*individually and on behalf of all others*
*similalry situated*
*doing business as*
Eastlake Peridontics & Implants

Coughlin Stoia Geller Rudman &
Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
(619)231-1058
Fax: (619)231-7423
Email: xanb@csgrr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian J. Robbins**
Robbins Arroyo LLP
600 B Street
Suite 1900
San Diego, CA 92101
619-525-3990
Fax: 619-525-3991
Email: brobbins@robbinsarroyo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carmen A. Medici**
Coughlin Stoia Geller Rudman &
Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619)231-1058
Fax: (619)231-7423
Email: cmedici@csgrr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David W. Mitchell**
Coughlin Stoia Geller Rudman &
Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
619-231-1058
Fax: 619-231-7423
Email: davidm@csgrr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George C. Aguilar**
Robbins Arroyo LLP
600 B. Street

Ste. 1900
San Diego, CA 92101
619-525-3990
Fax: 619-525-3991
Email: gaguilar@robbinsarroyo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonid Kandinov**
Robbins Arroyo LLP
600 B Street, Suite 1900
San Diego, CA 92101
619-525-3990
Fax: 619-525-3991
Email: lkandinov@robbinsarroyo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Joseph Coughlin**
Robbins Geller
30 Vesey Street, Suite 200
New York, NY 10007
212-693-1058
Email: patc@rgrdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Barry Patterson , Jr.**
Law Offices of Thomas G. Amon
156 West 56th Street
Ste. 1102
New York, NY 10019
212-810-2430
Fax: 212-810-2427
Email: ppatterson@amonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel H. Rudman**
Robbins Geller Rudman & Dowd, LLP
58 South Service Road
Suite 200
Melville, NY 11747
631-367-7100
Fax: 631-367-1173
Email: srudman@rgrdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas G. Amon**
Law Offices of Thomas G. Amon
156 West 56th Street
Ste. 1102
New York, NY 10019
(212) 810-2430
Fax: 212-810-2427
Email: tamon@amonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ronald A Moreno, D.D.S., P.S.**          represented by   **Mark A. Griffin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy Hanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**D.M.D. Bernard W. Kurek**          represented by   **Charles J. Kocher**
Saltz Mongeluzzi Barrett & Bendesky
P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
(215)496-8282
Fax: (215)496-0999
Email: ckocher@smbb.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Cramer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary I. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Weiner**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Larchmont Dental Associates, P.C.**      represented by **Charles J. Kocher**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Cramer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary I. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Weiner**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Henry Schein, Inc.**      represented by **Bradley I. Ruskin**
Proskauer Rose LLP
11 Times Square
New York, NY 10036
212-969-3465
Fax: 212-969-2900
Email: bruskin@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Colin Kass**
Proskauer Rose
1001 Pennsylvania Avenue
Suite 600
Washington, DC 20004
202-416-6890
Fax: 202-416-6899
Email: ckass@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Alexander Munkittrick**

Proskauer Rose
Eleven Times Square
New York, NY 10036
212-969-3226
Fax: 212-969-2900
Email: dmunkittrick@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Abeles**
Proskauer Rose
1001 Pennsylvania Avenue
Suite 600 South
Washington, DC 20004
202-416-5817
Fax: 202-416-6899
Email: sabeles@proskauer.com
*TERMINATED: 04/17/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Robert Chuk**
Proskauer Rose LLP
1001 Pennsylvania Avenue Nw
Suite 600
Washington, DC 20004
202-416-6697
Fax: 202-416-6899
Email: schuk@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adrian Fontecilla**
Proskauer Rose LLP
1001 Pennsylvania Ave Nw
Suite 600 South
Washington, DC 20004
202-416-5863
Fax: 202-416-6899
Email: afontecilla@proskauer.com
*ATTORNEY TO BE NOTICED*

**Barack Echols**
Kirkland & Ellis LLP
300 North Lasalle
Chicago, IL 60654
312-862-2000
Fax: 312-862-2200

Email: barack.echols@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James Andrew Langan**
Kirkland & Ellis
300 North Lasalle
Chicago, IL 60654
312-862-2000
Fax: 312-862-2200
Email: andrew.langan@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jaran R. Moten**
Kirkland & Ellis LLP
300 North Lasalle
Chicago, IL 60654
312-862-2000
Fax: 312-862-2200
Email: jaran.moten@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John P. McDonald**
Locke Lord LLP
2200 Ross Ave
Suite 2800
Dallas, TX 75201
(214)740-8758
Fax: (214)756-8758
Email: jpmcdonald@lockelord.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren M. Fincher**
Locke Lord LLP
600 Congress Ave
Suite 2200
Austin, TX 78701
(512)305-4843
Fax: (512)305-4800
Email: lfincher@lockelord.com
*ATTORNEY TO BE NOTICED*

**Sarah Lancaster**
Locke Lord LLP
600 Congress Avenue, Suite 2200

Austin, TX 78701
512-305-4756
Fax: 512-305-4800
Email: slancaster@lockelord.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Patterson Companies, Inc.**                 represented by   **James J. Long**
Briggs and Morgan, P.A.
2200 Ids Center
80 South Eighth Street
Minneapolis, MN 55402
612-977-8582
Fax: 612-977-8650
Email: jlong@briggs.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua R. Stein**
212-468-8000
Fax: 212-468-7900
Email: jstein@mofo.com
*TERMINATED: 08/16/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay William Schlosser**
Briggs and Morgan, P.A.
2200 Ids Center
80 South Eighth Street
Minneapolis, MN 55402
612-977-8539
Fax: 612-977-8650
Email: jschlosser@briggs.com
*ATTORNEY TO BE NOTICED*

**Michael B. Miller**
Morrison & Foerster LLP
250 West 55 Street
New York, NY 10019
212-468-8000
Fax: 212-468-7900
Email: mbmiller@mofo.com
*ATTORNEY TO BE NOTICED*

**Scott M. Flaherty**
Briggs and Morgan, P.A.

Suite 2200
80 South Eighth Street
Minneapolis, MN 55402
612-977-8400
Fax: 612-977-8650
Email: sflaherty@briggs.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Benco Dental Supply Company**             represented by   **Howard D. Scher**
Buchanan Ingersoll & Rooney PC
50 S 16th Street, Suite 3200
Philadelphia, PA 19102
215-665-3920
Fax: 215-665-8760
Email: howard.scher@bipc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samantha Lee Southall**
Buchanan Ingersoll & Rooney PC
2 Liberty Place
50 South 16 Street
Suite 3200
Philadelphia, PA 19102-2555
215-665-3884
Fax: 215-665-8760
Email: samantha.southall@bipc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carrie G. Amezcua**
Buchanan Ingersoll & Rooney PC
1700 K Street, Nw
Suite 300
Washington, DC 20006
202-452-7953
Fax: 202-452-7989
Email: carrie.amezcua@bipc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Schumacher**
Buchanan Ingersoll & Rooney PC
50 S 16th Street
Suite 3200
Philadelphia, PA 19102

215-665-8700
Fax: 215-665-8760
Email: david.schumacher@bipc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jackson E. Warren**
Buchanan Ingersoll & Rooney PC
50 S 16th Street, Suite 3200
Philadelphia, PA 19102
215-665-8700
Fax: 215-665-8760
Email: jackson.warren@bipc.com
*TERMINATED: 03/02/2017*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth L. Racowski**
Buchanan, Ingersoll & Rooney PC
Two Liberty Place
50 S 16th Street, Suite 3200
Philadelphia, PA 19102
215-665-3608
Fax: 215-665-8760
Email: kenneth.racowski@bipc.com
*ATTORNEY TO BE NOTICED*

**Thomas P. Manning**
Buchanan Ingersoll & Rooney PC
50 South 16th Street
Two Liberty Place, 32nd Floor
Philadelphia, PA 19102
215-665-3847
Fax: 215-665-8760
Email: thomas.manning@bipc.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Burkhart Dental Supply Company**          represented by  **Dai Wai Chin Feman**
*TERMINATED: 09/20/2017*                                    Dorsey & Whitney LLP
51 West 52 Street
New York, NY 10019
212-415-9345
Fax: 646-607-5913
Email: chinfeman.daiwai@dorsey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard H. Silberberg**
Dorsey & Whitney, L.L.P
250 Park Avenue
New York, NY 10177
212-415-9231
Fax: 212-953-7201
Email: silberberg.richard@dorsey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Richard Montcalm**
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019
212-415-9200
Fax: 646-417-7238
Email: montcalm.jonathan@dorsey.com

*ATTORNEY TO BE NOTICED*

**Interested Party**

**SourceOne Dental, Inc.**                    represented by   **Christopher G. Renner**
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue Nw
Suite 800
Washington, DC 20015
(202)237-2727
Fax: (202)237-6131
Email: crenner@bsfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jack G. Stern**
Boies Schiller & Flexner LLP
575 Lexington Avenue
New York, NY 10022
(212)446-2300
Fax: (212)446-2350
Email: jstern@bsfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James P. Denvir**
Boies Schiller & Flexner
5301 Wisconsin Avenue Nw
8th Fl
Washington, DC 20015
202-237-2727

Fax: 202-237-6131
Email: jdenvir@bsfllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William A. Isaacson**
Boies, Schiller & Flexner LLP
5301 Wisconsin Ave, Nw
#800
Washington, DC 20015
(202)237-2727
Fax: (202)237-6131
Email: wisaacson@bsfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Objector**

**Strategic Data Marketing**                    represented by    **Dustin F. Hecker**
Posternak Blankstein & Lund
800 Boylston Street
Prudential Tower
Boston, MA 02199
617-973-6100
Fax: 617-722-4927
Email: dhecker@pbl.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Objector**

**Data Marketing Strategic**                    represented by    **Dustin F. Hecker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Objector**

**Strategic Data Marketing**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/09/2016 | 1 | CASE MANAGEMENT ORDER NO. 1:. Ordered by Judge Brian M. Cogan on 02/05/2016. (Marziliano, August) (Main Document 1 replaced on 3/2/2016) (Marziliano, August). Modified on 3/2/2016 **See modification to pro hac vice submission.** (Marziliano, August). (Entered: 02/17/2016) |

| 02/12/2016 | 3 | NOTICE of Appearance by Robert N. Kaplan on behalf of Naghmeh Yadegar, D.D.S., Inc. (aty to be noticed) (Kaplan, Robert) Modified on 2/17/2016 (Marziliano, August). (Entered: 02/12/2016) |
|---|---|---|
| 02/12/2016 | 2 | CASE MANAGEMENT ORDER NO. 2. At the Initial Status Conference held on 2/9/16, the Court Ordered: (1) all actions asserting substantially similar claims are consolidated for pretrial purposes, SourceOne Dental, Inc. will appear on the docket as a related case; (2) a new civil case number, 16 Civ. 696, has been opened as the master docket for the consolidated class action cases; (3) all orders, pleadings, motions and other documents shall be filed electronically on the master 16 Civ. 696 docket only; (4) plaintiffs are to file a consolidated Amended Complaint by 2/26/2016 on the master 16 Civ. 696 docket; (5) until further Order, parties will join and are subject to the discovery schedule set forth by Magistrate Judge Brown in SourceOne, 15 Civ. 5440, available at Docket Entry No. 46.. Ordered by Judge Brian M. Cogan on 2/11/2016. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Marziliano, August) Modified on 3/3/2016 (Marziliano, August). (Entered: 03/03/2016) |
| 02/16/2016 | 4 | Consent MOTION for Protective Order *in Class Actions* by Rossman Endodontics. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Radice, John) Modified on 2/17/2016 (Marziliano, August). (Entered: 02/16/2016) |
| 02/17/2016 | | ELECTRONIC ORDER granting 3 Motion for Protective Order. Joint proposed confidentiality order 3 is hereby SO ORDERED. Ordered by Magistrate Judge Gary R. Brown on 2/17/2016. (Yim, Kevin) (Entered: 02/17/2016) |
| 02/17/2016 | | ELECTRONIC ORDER in case 1:16-cv-00282-BMC-GRB; granting (16) Motion for Protective Order in case 1:16-cv-00345-BMC-GRB; granting (17) Motion for Protective Order in case 1:16-cv-00355-BMC-GRB; granting (10) Motion for Protective Order in case 1:16-cv-00442-BMC-GRB; granting (10) Motion for Protective Order in case 1:16-cv-00443-BMC-GRB; granting (9) Motion for Protective Order in case 1:16-cv-00479-BMC-GRB; granting (8) Motion for Protective Order in case 1:16-cv-00497-BMC-GRB; granting (12) Motion for Protective Order in case 1:16-cv-00548-BMC-GRB; granting (10) Motion for Protective Order in case 1:16-cv-00560-BMC-GRB; granting (9) Motion for Protective Order in case 1:16-cv-00576-BMC-GRB; granting (7) Motion for Protective Order in case 1:16-cv-00591-BMC-GRB; granting (10) Motion for Protective Order in case 1:16-cv-00596-BMC-GRB; granting (7) Motion for Protective Order in case 1:16-cv-00609-BMC-GRB; granting (7) Motion for Protective Order in case 1:16-cv-00616-BMC-GRB; granting (7) Motion for Protective Order in case 1:16-cv-00631-BMC-GRB; granting (6) Motion for Protective Order in case 1:16-cv-00657-BMC-GRB; granting (2) Motion for Protective Order in case 1:16-cv-00661-BMC-GRB; granting (7) Motion for Protective Order in case 1:16-cv-00662-BMC-GRB; granting (7) Motion for Protective Order in case 1:16-cv-00666-BMC-GRB; granting (17) Motion for Protective Order in case 2:16-cv-00658-BMC-GRB; granting (6) Motion for Protective Order in case 2:16-cv-00570-BMC-GRB; granting (7) Motion for Protective Order in case 1:16-cv-00692-BMC-GRB; granting (5) |

| | | |
|---|---|---|
| | | Motion for Protective Order in case 1:16-cv-00762-BMC-GRB; granting (5) Motion for Protective Order in case 1:16-cv-00765-BMC-GRB. Joint proposed confidentiality orders are hereby SO ORDERED. Ordered by Magistrate Judge Gary R. Brown on 2/17/2016. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Yim, Kevin) (Entered: 02/17/2016) |
| 02/17/2016 | 5 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8385192. by Comfort Care Family Dental, P.C., Rossman Endodontics. (Hamilton, Brandi) Modified on 2/17/2016 (Marziliano, August). (Entered: 02/17/2016) |
| 02/17/2016 | 6 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8385245. by Comfort Care Family Dental, P.C., Rossman Endodontics. (Barrett, John) Modified on 2/17/2016 (Marziliano, August). (Entered: 02/17/2016) |
| 02/17/2016 | 7 | NOTICE of Appearance by W. Joseph Bruckner on behalf of Dennis M. Winter, D.D.S., P.C., Indianola Family Dentistry, P.L.C., Dennis M. Winter, D.D.S., P.C., Indianola Family Dentistry, P.L.C. (aty to be noticed) Associated Cases: 1:16-cv-00696-BMC-GRB, 2:16-cv-00658-BMC-GRB, 2:16-cv-00751-BMC-GRB (Bruckner, W.) Modified on 2/17/2016 (Marziliano, August). (Entered: 02/17/2016) |
| 02/17/2016 | 8 | NOTICE of Appearance by Robert K. Shelquist on behalf of Dennis M. Winter, D.D.S., P.C., Indianola Family Dentistry, P.L.C., Dennis M. Winter, D.D.S., P.C., Indianola Family Dentistry, P.L.C. (aty to be noticed) Associated Cases: 1:16-cv-00696-BMC-GRB, 2:16-cv-00658-BMC-GRB, 2:16-cv-00751-BMC-GRB (Shelquist, Robert) Modified on 2/17/2016 (Marziliano, August). (Entered: 02/17/2016) |
| 02/17/2016 | 9 | NOTICE of Appearance by Craig S. Davis on behalf of Dennis M. Winter, D.D.S., P.C., Indianola Family Dentistry, P.L.C., Dennis M. Winter, D.D.S., P.C., Indianola Family Dentistry, P.L.C. (aty to be noticed) Associated Cases: 1:16-cv-00696-BMC-GRB, 2:16-cv-00658-BMC-GRB, 2:16-cv-00751-BMC-GRB (Davis, Craig) Modified on 2/17/2016 (Marziliano, August). (Entered: 02/17/2016) |
| 02/17/2016 | 10 | NOTICE of Appearance by Shawn J. Rabin on behalf of Peter Bence, DMD, P.A. (aty to be noticed) Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Rabin, Shawn) (Entered: 02/17/2016) |
| 02/18/2016 | | ELECTRONIC ORDER granting (15) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00345-BMC-GRB; granting (10) Motion for Leave to Appear Pro Hac Vice ; granting (11) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00548-BMC-GRB; granting (6) Motion for Leave to Appear Pro Hac Vice ; granting (7) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00691-BMC-GRB; granting (5) Motion for Leave to Appear Pro Hac Vice ; granting (6) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00696-BMC-GRB. Ordered by Magistrate Judge Gary R. Brown on 2/18/2016. Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00345-BMC-GRB, 1:16-cv-00548-BMC-GRB, 1:16-cv-00691-BMC-GRB (Yim, |

| | | Kevin) (Entered: 02/18/2016) |
|---|---|---|
| 02/18/2016 | 11 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8388152. by Jim Peck. (Roberts, Michael) (Entered: 02/18/2016) |
| 02/18/2016 | 12 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8388210. by Jim Peck. (Smith, Stephanie) (Entered: 02/18/2016) |
| 02/18/2016 | 13 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on February 9, 2016, before Judge Brian Cogan. Court Reporter/Transcriber Lisa Schmid, Telephone number (718)613-2644. Email address: LisaSchmidCCR.RMR@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 3/10/2016. Redacted Transcript Deadline set for 3/21/2016. Release of Transcript Restriction set for 5/18/2016. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Schmid, Lisa) (Entered: 02/18/2016) |
| 02/18/2016 | 14 | SUMMONS Returned Executed by Peter Bence, DMD, P.A.. (Carmody, William) (Entered: 02/18/2016) |
| 02/18/2016 | 15 | SUMMONS Returned Executed by Peter Bence, DMD, P.A.. (Carmody, William) (Entered: 02/18/2016) |
| 02/18/2016 | 16 | SUMMONS Returned Executed by Peter Bence, DMD, P.A.. (Carmody, William) (Entered: 02/18/2016) |
| 02/18/2016 | 17 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8388965. by Paul Bermudez. (Attachments: # 1 Affidavit, # 2 Exhibit, # 3 Certificate of Service) (Penny, Brian) (Entered: 02/18/2016) |
| 02/19/2016 | | ELECTRONIC ORDER granting 11 Motion for Leave to Appear Pro Hac Vice ; granting 12 Motion for Leave to Appear Pro Hac Vice ; granting 17 Motion for Leave to Appear Pro Hac Vice. Ordered by Magistrate Judge Gary R. Brown on 2/19/2016. (Yim, Kevin) (Entered: 02/19/2016) |
| 02/19/2016 | 18 | Letter by Comfort Care Family Dental, P.C., Rossman Endodontics (Attachments: # 1 Exhibit Brandi Hamilton Certificate of Good Standing) (Barrett, John) (Entered: 02/19/2016) |
| 02/19/2016 | 19 | Letter by Comfort Care Family Dental, P.C., Rossman Endodontics (Attachments: # 1 Exhibit John Barrett Certificate of Good Standing) (Barrett, John) (Entered: 02/19/2016) |
| 02/19/2016 | 20 | NOTICE of Appearance by Jonathan Jeffrey Ross on behalf of Peter Bence, DMD, P.A. (aty to be noticed) (Ross, Jonathan) (Entered: 02/19/2016) |
| 02/22/2016 | 21 | MOTION for Leave to Appear Pro Hac Vice of Jeffrey B. Gittleman Filing fee $ 150, receipt number 0207-8395420. by Kanellos & Kotis. (Toomey, Michael) (Entered: 02/22/2016) |
| | | |

| 02/22/2016 | | ELECTRONIC ORDER granting 21 Motion for Leave to Appear Pro Hac Vice. Ordered by Magistrate Judge Gary R. Brown on 2/22/2016. C/ECF (Johnston, Linda) (Entered: 02/22/2016) |
| --- | --- | --- |
| 02/22/2016 | | Email Notification Test - DO NOT REPLY (Ortiz, Grisel) (Entered: 02/22/2016) |
| 02/22/2016 | 22 | NOTICE of Appearance by John D. Barrett on behalf of Comfort Care Family Dental, P.C., Rossman Endodontics (notification declined or already on case) (Barrett, John) (Entered: 02/22/2016) |
| 02/22/2016 | 23 | NOTICE of Appearance by Brandi Hamilton on behalf of Comfort Care Family Dental, P.C., Rossman Endodontics (notification declined or already on case) (Hamilton, Brandi) (Entered: 02/22/2016) |
| 02/24/2016 | 24 | Notice of Related Case indicated on the civil cover sheet in case 16cv906. (Rodin, Deanna) (Entered: 02/24/2016) |
| 02/24/2016 | 25 | Letter MOTION for Leave to File *Concerning Filing Amended Complaint Under Seal* by Comfort Care Family Dental, P.C.. (Radice, John) (Entered: 02/24/2016) |
| 02/24/2016 | | ORDER granting 25 Motion for Leave to File. The procedure for filing a redacted version is accepted. Defendants will have to make a specific showing of the need for each redaction. Ordered by Judge Brian M. Cogan on 2/24/2016. (Clarke, Melonie) (Entered: 02/24/2016) |
| 02/25/2016 | 26 | Notice of MOTION for Leave to Appear Pro Hac Vice *Jason S. Hartley* Filing fee $ 150, receipt number 0207-8406282. by Joseph Styger, DDS. Associated Cases: 1:16-cv-00696-BMC-GRB, 2:16-cv-00712-BMC-GRB (Kaplan, Darren) (Entered: 02/25/2016) |
| 02/25/2016 | 27 | Notice of MOTION for Leave to Appear Pro Hac Vice *Sean Cooper* Filing fee $ 150, receipt number 0207-8406319. by Joseph Styger, DDS. Associated Cases: 1:16-cv-00696-BMC-GRB, 2:16-cv-00712-BMC-GRB (Kaplan, Darren) (Entered: 02/25/2016) |
| 02/26/2016 | | ELECTRONIC ORDER granting (11) Motion for Leave to Appear Pro Hac Vice ; granting (12) Motion for Leave to Appear Pro Hac Vice in case 2:16-cv-00712-BMC-GRB; granting (26) Motion for Leave to Appear Pro Hac Vice ; granting (27) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00696-BMC-GRB. Ordered by Magistrate Judge Gary R. Brown on 2/26/2016. Associated Cases: 1:16-cv-00696-BMC-GRB, 2:16-cv-00712-BMC-GRB (Yim, Kevin) (Entered: 02/26/2016) |
| 02/26/2016 | 28 | MOTION for Leave to Electronically File Document under Seal *attaching Consolidated Amended Complaint* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Consolidated Amended Complaint) (Radice, John) (Entered: 02/26/2016) |
| 02/26/2016 | 29 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8411998. by Jim Peck. (Nast, Dianne) (Entered: 02/26/2016) |

| 02/26/2016 | | ORDER granting plaintiffs' 28 motion for leave to electronically filed document under seal to the extent that it will be available to case participants only. The Consolidated Amended Complaint may be filed underseal, pending review of the proposed redactions as contemplated in plaintiffs' 25 motion and my 2/24/16 ECF Order. The Court finds that a brief period of sealing until it can determine whether the limited right of public access outweighs any private interests is appropriate. Plaintiffs must provide by 3/11/16 a redacted Consolidated Amended Complaint that is supported by specific justifications for each proposed redaction, after which time theCourt will make a final ruling on what portions of the Consolidated Amended Complaint, if any, will remain sealed.. Ordered by Judge Brian M. Cogan on 2/26/2016. (Marziliano, August) (Entered: 02/26/2016) |
|---|---|---|
| 02/26/2016 | 30 | CONSOLIDATED CLASS ACTION COMPLAINT against All Defendants, filed by Peter Bence, DMD, P.A., Paul Bermudez, Robert W. Grodner, DDS, PJCC Dental PC, Keith Schwartz, D.M.D., P.A., Mojdeh Shaystehfar, Dennis M. Winter, D.D.S., P.C., Stanford Dresnin, DDS, Rossman Endodontics, Comfort Care Family Dental, P.C., Naghmeh Yadegar, D.D.S., Inc., OMID FARAHMAND DMD, INC., Joseph Styger, DDS, Casey Nelson, Kanellos & Kotis, Stephen M. Grussmark, DDS, Indianola Family Dentistry, P.L.C., West LA Dental Health Care Center, Bemus Point Dental, LLC, Anthony J. Peppy DDS & Samuel J. Peppy Jr., DDS PC, Robert Corwin, Kottemann Orthodontics, P.L.L.C., Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bauer Dental Arts, Howard M. May, DDS, Thomas Caspers, D.D.S., P.S., Jim Peck. (Marziliano, August) Modified on 2/26/2016 (Marziliano, August). (Entered: 02/26/2016) |
| 02/29/2016 | | ELECTRONIC ORDER granting 29 Motion for Leave to Appear Pro Hac Vice. Ordered by Magistrate Judge Gary R. Brown on 2/29/2016. (Yim, Kevin) (Entered: 02/29/2016) |
| 02/29/2016 | 31 | NOTICE of Change of Firm and Address by Joseph R. Saveri (Saveri, Joseph) (Entered: 02/29/2016) |
| 02/29/2016 | 32 | NOTICE of Change of Address - Correction by Andrew Michael Purdy (Purdy, Andrew) (Entered: 02/29/2016) |
| 03/01/2016 | 33 | Letter by Patterson Companies, Inc. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Long, James) (Entered: 03/01/2016) |
| 03/01/2016 | 34 | Letter *of Intent to File Motion To Dismiss* by Benco Dental Supply Company Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Scher, Howard) (Entered: 03/01/2016) |
| 03/01/2016 | 35 | Letter MOTION for Leave to File *a Motion to Dismiss Certain Claims made in the Consolidated Class Action Complaint* by Henry Schein, Inc.. (Kass, Colin) (Entered: 03/01/2016) |
| 03/02/2016 | 36 | MOTION for Leave to Appear Pro Hac Vice *(Notice of Appearance)* Filing fee $ 150, receipt number 0207-8422226. by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Howard M. May, DDS, Casey Nelson, Jim |

| | | |
|---|---|---|
| | | Peck, Keith Schwartz, D.M.D., P.A.. (Cobbs, Robert) (Entered: 03/02/2016) |
| 03/02/2016 | 37 | MOTION for Leave to Appear Pro Hac Vice *Daniel E. Gustafson* Filing fee $ 150, receipt number 0207-8423076. by Kottemann Orthodontics, P.L.L.C.. Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00576-BMC-GRB (Gustafson, Daniel) (Entered: 03/02/2016) |
| 03/02/2016 | | ORDER. Case Management Order No. 1 directs that all documents filed on ECF must be appropriately labeled so that the docket remains intelligible, e.g., "Letter Motion For Leave to File a Motion to Dismiss". Docket 33 in 1:16-cv-00696-BMC-GRB titled "Letter by Patterson Companies, Inc." fails to comply with CMO No. 1 and is therefore stricken. Ordered by Judge Brian M. Cogan on 3/2/2016. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Weisberg, Peggy) (Entered: 03/02/2016) |
| 03/02/2016 | 38 | Letter *Pursuant to Case Management Order No. 2, Paragraph IV, Regarding Intent to File a Pre-Motion Letter or Other Response to the Consolidated Class Action Complaint* by Patterson Companies, Inc. (Long, James) (Entered: 03/02/2016) |
| 03/02/2016 | | ORDER. Plaintiffs shall file a detailed response to defendants' 34 35 38 letters by 3/18/2016. In light of the multiple letters, the three (3) page limit for plaintiffs' response is increased to five pages. A Premotion Conference on defendants' proposed motion to dismiss is set for 3/23/2016 at 2:15 pm in Courtroom 8D South. Any amended premotion conference letters by defendants must be submitted by 3/16/2016. Defendants should be prepared to promptly file their motions to dismiss following the conference. Ordered by Judge Brian M. Cogan on 3/2/2016. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Weisberg, Peggy) (Entered: 03/02/2016) |
| 03/03/2016 | | ELECTRONIC ORDER granting (15) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00576-BMC-GRB; granting (36) Motion for Leave to Appear Pro Hac Vice ; granting (37) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00696-BMC-GRB. Ordered by Magistrate Judge Gary R. Brown on 3/3/2016. Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00576-BMC-GRB (Yim, Kevin) (Entered: 03/03/2016) |
| 03/03/2016 | | Incorrect Case/Document/Entry Information. ELECTRONIC ORDER granting 36 Motion for Leave to Appear Pro Hac Vice. Ordered by Magistrate Judge Gary R. Brown on 3/3/2016. C/ECF (Johnston, Linda) (Entered: 03/03/2016) deleted as duplicative entry. (McMorrow, Karen) (Entered: 03/03/2016) |
| 03/03/2016 | 39 | NOTICE of Appearance by Tina Wolfson on behalf of Rittenhouse Smiles, P.C. (aty to be noticed) Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00762-BMC-GRB (Wolfson, Tina) (Entered: 03/03/2016) |
| 03/03/2016 | 40 | NOTICE of Appearance by Jason S. Hartley on behalf of Joseph Styger, DDS (aty to be noticed) (Hartley, Jason) (Entered: 03/03/2016) |
| 03/03/2016 | | Email Notification Test - DO NOT REPLY. (Fagan, Linda) (Entered: |

| | | 03/03/2016) |
|---|---|---|
| 03/03/2016 | 41 | NOTICE of Appearance by Sean Cooper on behalf of Joseph Styger, DDS (aty to be noticed) Associated Cases: 1:16-cv-00696-BMC-GRB, 2:16-cv-00712-BMC-GRB (Cooper, Sean) (Entered: 03/03/2016) |
| 03/04/2016 | 42 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8430877. by Rittenhouse Smiles, P.C.. Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00762-BMC-GRB (Spector, Eugene) (Entered: 03/04/2016) |
| 03/04/2016 | 43 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8430914. by Rittenhouse Smiles, P.C.. Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00762-BMC-GRB (Jagher, Jonathan) (Entered: 03/04/2016) |
| 03/07/2016 | | ELECTRONIC ORDER granting (36) Motion for Leave to Appear Pro Hac Vice ; granting (42) Motion for Leave to Appear Pro Hac Vice ; granting (43) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00696-BMC-GRB; granting (14) Motion for Leave to Appear Pro Hac Vice ; granting (15) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00762-BMC-GRB. Ordered by Magistrate Judge Gary R. Brown on 3/7/2016. Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00762-BMC-GRB (Yim, Kevin) (Entered: 03/07/2016) |
| 03/08/2016 | 44 | NOTICE of Appearance by Robert G. Eisler on behalf of Casey Nelson (aty to be noticed) (Eisler, Robert) (Entered: 03/08/2016) |
| 03/08/2016 | | Email Notification Test - DO NOT REPLY Associated Cases: 1:16-cv-00696-BMC-GRB, 2:16-cv-00712-BMC-GRB (Levine, Evelyn) (Entered: 03/08/2016) |
| 03/08/2016 | 45 | NOTICE of Appearance by William Caldes on behalf of Rittenhouse Smiles, P.C. (aty to be noticed) (Attachments: # 1 Exhibit A - Motion to Admit Counsel Pro Hac Vice, # 2 Exhibit B - Proof of Payment of Pro Hac Vice Fee) Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00762-BMC-GRB (Caldes, William) (Entered: 03/08/2016) |
| 03/08/2016 | 46 | Letter MOTION for Leave to File *a Motion to Dismiss* by Patterson Companies, Inc.. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Long, James) (Entered: 03/08/2016) |
| 03/09/2016 | 47 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8439788. by Rittenhouse Smiles, P.C.. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Wolfson, Tina) (Entered: 03/09/2016) |
| 03/10/2016 | | ELECTRONIC ORDER granting (53) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00282-BMC-GRB; granting (24) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00345-BMC-GRB; granting (26) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00355-BMC-GRB; granting (18) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00442-BMC-GRB; granting (18) Motion for Leave to Appear Pro Hac Vice in |

| | | case 1:16-cv-00443-BMC-GRB; granting (17) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00479-BMC-GRB; granting (16) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00497-BMC-GRB; granting (23) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00548-BMC-GRB; granting (19) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00560-BMC-GRB; granting (18) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00576-BMC-GRB; granting (15) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00591-BMC-GRB; granting (19) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00596-BMC-GRB; granting (16) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00609-BMC-GRB; granting (15) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00616-BMC-GRB; granting (15) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00631-BMC-GRB; granting (14) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00657-BMC-GRB; granting (10) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00661-BMC-GRB; granting (15) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00662-BMC-GRB; granting (15) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00666-BMC-GRB; granting (29) Motion for Leave to Appear Pro Hac Vice in case 2:16-cv-00658-BMC-GRB; granting (14) Motion for Leave to Appear Pro Hac Vice in case 2:16-cv-00570-BMC-GRB; granting (15) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00691-BMC-GRB; granting (15) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00692-BMC-GRB; granting (18) Motion for Leave to Appear Pro Hac Vice in case 2:16-cv-00712-BMC-GRB; granting (47) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00696-BMC-GRB; granting (17) Motion for Leave to Appear Pro Hac Vice in case 2:16-cv-00751-BMC-GRB; granting (18) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00762-BMC-GRB; granting (14) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00765-BMC-GRB; granting (11) Motion for Leave to Appear Pro Hac Vice in case 2:16-cv-00906-BMC-GRB; granting (10) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00945-BMC-GRB; granting (10) Motion for Leave to Appear Pro Hac Vice in case 2:16-cv-01020-BMC-GRB. Ordered by Magistrate Judge Gary R. Brown on 3/10/2016. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Yim, Kevin) (Entered: 03/10/2016) |
| 03/11/2016 | 48 | Letter *regarding intent to file unredacted unsealed version of CAC* by Comfort Care Family Dental, P.C. (Radice, John) (Entered: 03/11/2016) |
| 03/11/2016 | 49 | AMENDED COMPLAINT against All Defendants, filed by Comfort Care Family Dental, P.C.. (Radice, John) (Entered: 03/11/2016) |
| 03/17/2016 | 50 | Notice of Related Case (Bowens, Priscilla) (Entered: 03/17/2016) |
| 03/17/2016 | 51 | Notice of Related Case (Bowens, Priscilla) (Entered: 03/17/2016) |
| 03/17/2016 | 52 | Letter *in response to Defendants letters regarding motions to dismiss* by Comfort Care Family Dental, P.C. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Cramer, Eric) (Entered: 03/17/2016) |

| 03/22/2016 | 53 | Notice of Related Case indicated on the civil cover sheet in case 16cv1377. (Rodin, Deanna) (Entered: 03/22/2016) |
|---|---|---|
| 03/23/2016 | | Minute Entry and Order for Pre-Motion Conference held on 3/23/2016 before Judge Brian M. Cogan. All parties present. If the parties do not jointly propose an alternative schedule for defendants' Motions to Dismiss, the following schedule will apply: Defendants' Motions to Dismiss are due 4/13/2016, plaintiffs' opposition is due 5/4/2016, replies are due 5/16/2016. If defendants wish to include materials obtained in discovery in their replies they should provide authority in support of this position. Depending on the resolution of this issue, additional briefing may be required. The parties should consult with Magistrate Judge Brown concerning a discovery plan. See transcript for additional details. (Court Reporter: Joshua Edwards). (Weisberg, Peggy) (Entered: 03/23/2016) |
| 03/28/2016 | 54 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 3.23.16, before Judge Brian M. Cogan. Court Reporter/Transcriber Joshua B. Edwards. Email address: joshuabedwards1980@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/18/2016. Redacted Transcript Deadline set for 4/28/2016. Release of Transcript Restriction set for 6/27/2016. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Edwards, Joshua) (Entered: 03/28/2016) |
| 03/29/2016 | | The following motions 16 Civ. 345 23 ,16 Civ. 355 25 ,16 Civ. 442 17 ,16 Civ. 443 17 ,16 Civ. 479 16 ,16 Civ. 497 15 ,16 Civ. 548 22 ,16 Civ. 560 18 ,16 Civ. 576 17 ,16 Civ. 591 14 ,16 Civ. 596 18 ,16 Civ. 609 15 ,16 Civ. 616 14 ,16 Civ. 631 14 ,16 Civ. 657 13 16 Civ. 661 9 ,16 Civ. 662 14 ,16 Civ. 666 14 ,16 Civ. 691 14 ,16 Civ. 692 14 ,16 Civ. 762 17 ,16 Civ. 765 13 ,16 Civ. 945 9 16 Civ. 570 13 ,16 Civ. 658 28 ,16 Civ. 712 17 ,16 Civ. 751 16 16 Civ. 906 10 ,16 Civ. 1020 9 and 16 Civ.282 52 were granted at the Pre-Motion Conference held on 3/23/2016 and is therefore terminated in the individual actions. The parties are reminded to comply with Case Management Order No. 2, which directs the parties that all orders, pleadings, motions, and other documents shall be filed on the master "16 Civ. 696" docket **only**. The documents filed in the master docket are deemed filed in individual dockets to the extent applicable. Ordered by Judge Brian M. Cogan on 3/29/2016. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Clarke, Melonie) (Entered: 03/29/2016) |
| 03/29/2016 | 55 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8489126. by Arnell Prato, D.D.S., P.L.L.C, Thomas Caspers, D.D.S., P.S., Ronald A Moreno, D.D.S., P.S.. (Hanson, Amy) (Entered: 03/29/2016) |
| 03/29/2016 | 56 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8490250. by Arnell Prato, D.D.S., P.L.L.C, Ronald A Moreno, D.D.S., P.S., Thomas Caspers, D.D.S., P.S.. (Griffin, Mark) (Entered: 03/29/2016) |

| 03/30/2016 | | ELECTRONIC ORDER granting 55 Motion for Leave to Appear Pro Hac Vice ; granting 56 Motion for Leave to Appear Pro Hac Vice. Ordered by Magistrate Judge Gary R. Brown on 3/30/2016. (Yim, Kevin) (Entered: 03/30/2016) |
|------------|------|---|
| 04/05/2016 | 57 | Letter *requesting Rule 16 pretrial conference before Magistrate Judge Brown* by Comfort Care Family Dental, P.C. (Radice, John) (Entered: 04/05/2016) |
| 04/05/2016 | 58 | Letter *in response to Plaintiffs' letter (Dkt. No. 57) requesting Rule 16 pretrial conference before Magistrate Judge Brown* by Henry Schein, Inc. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Chuk, Stephen) (Entered: 04/05/2016) |
| 04/06/2016 | | ELECTRONIC ORDER re 57 Letter filed by Comfort Care Family Dental, P.C. Liaison counsel for class plaintiffs' request for a Rule 16 pretrial conference to work out a discovery plan to be scheduled on April 13, 2016 is denied with leave to renew. There is no indication that counsel for plaintiffs conferred with defense counsel on these issues prior to submission of the within application. Local Rule 37.3 and the undersigned's individual rules require the attorneys for the respective parties to confer in good faith in person or by telephone in an effort to resolve and/or narrow these issues prior to seeking judicial intervention. Ordered by Magistrate Judge Gary R. Brown on 4/6/2016.c/ecf (Johnston, Linda) (Entered: 04/06/2016) |
| 04/07/2016 | | Email Notification Test - DO NOT REPLY (Layne, Monique) (Entered: 04/07/2016) |
| 04/08/2016 | 59 | Consent MOTION for Extension of Time to File *Defendants Motions to Dismiss* by Benco Dental Supply Company. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Scher, Howard) (Entered: 04/08/2016) |
| 04/11/2016 | 60 | ORDER 59 Consent Motion for Scheduling Order. ( Ordered by Judge Brian M. Cogan on 4/8/2016 ) (Guzzi, Roseann) (Entered: 04/11/2016) |
| 05/04/2016 | 61 | MOTION for Leave to Electronically File Document under Seal *in Support of Motion to Dismiss* by Benco Dental Supply Company. (Attachments: # 1 Memorandum in Support Memorandum of Law in Support of Motion to Dismiss filed under seal, # 2 Exhibit Exhibits B through J in support of Memorandum of Law in Support of Motion to Dismiss filed under seal) Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Scher, Howard) (Entered: 05/04/2016) |
| 05/04/2016 | 62 | Motion to Dismiss for Failure to State a Claim by Benco Dental Supply Company. (Attachments: # 1 Memorandum in Support Memorandum of Law in Support of Motion to Dismiss filed under seal at DE#61, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibits B through J in Support of Memorandum of Law in Support of Motion to Dismiss filed under seal at DE#61) Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Scher, Howard) (Entered: 05/04/2016) |
| 05/04/2016 | 63 | MOTION to Seal *Exhibits filed in connection with Schein's Motion to Dismiss the Consolidated Class Action Complaint* by Henry Schein, Inc.. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Under Seal Exhibit D, # 2 Under Seal Exhibit F) Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Kass, Colin) (Entered: 05/04/2016) |
| 05/04/2016 | 64 | MOTION to Dismiss *the Consolidated Class Action Complaint* by Henry Schein, Inc.. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Kass, Colin) (Entered: 05/04/2016) |
| 05/04/2016 | 65 | MEMORANDUM in Support re (18 in 1:16-cv-00661-BMC-GRB, 17 in 2:16-cv-01377-BMC-GRB, 23 in 1:16-cv-00662-BMC-GRB, 18 in 1:16-cv-00945-BMC-GRB, 18 in 1:16-cv-01280-BMC-GRB, 27 in 1:16-cv-00596-BMC-GRB, 25 in 1:16-cv-00479-BMC-GRB, 23 in 1:16-cv-00691-BMC-GRB, 22 in 1:16-cv-00657-BMC-GRB, 19 in 2:16-cv-00906-BMC-GRB, 23 in 1:16-cv-00591-BMC-GRB, 26 in 1:16-cv-00443-BMC-GRB, 23 in 1:16-cv-00666-BMC-GRB, 61 in 1:16-cv-00282-BMC-GRB, 27 in 1:16-cv-00560-BMC-GRB, 24 in 1:16-cv-00497-BMC-GRB, 26 in 1:16-cv-00762-BMC-GRB, 23 in 1:16-cv-00631-BMC-GRB, 32 in 1:16-cv-00345-BMC-GRB, 22 in 2:16-cv-00570-BMC-GRB, 37 in 2:16-cv-00658-BMC-GRB, 24 in 1:16-cv-00609-BMC-GRB, 27 in 1:16-cv-00576-BMC-GRB, 22 in 1:16-cv-00765-BMC-GRB, 23 in 1:16-cv-00692-BMC-GRB, 34 in 1:16-cv-00355-BMC-GRB, 31 in 1:16-cv-00548-BMC-GRB, 64 in 1:16-cv-00696-BMC-GRB, 14 in 1:16-cv-01333-BMC-GRB, 26 in 1:16-cv-00442-BMC-GRB, 18 in 2:16-cv-01020-BMC-GRB, 23 in 1:16-cv-00616-BMC-GRB, 26 in 2:16-cv-00712-BMC-GRB, 25 in 2:16-cv-00751-BMC-GRB) MOTION to Dismiss *the Consolidated Class Action Complaint* filed by Henry Schein, Inc.. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Kass, Colin) (Entered: 05/04/2016) |
| 05/04/2016 | 66 | AFFIDAVIT/DECLARATION in Support re (18 in 1:16-cv-00661-BMC-GRB, 17 in 2:16-cv-01377-BMC-GRB, 23 in 1:16-cv-00662-BMC-GRB, 18 in 1:16-cv-00945-BMC-GRB, 18 in 1:16-cv-01280-BMC-GRB, 27 in 1:16-cv-00596-BMC-GRB, 25 in 1:16-cv-00479-BMC-GRB, 23 in 1:16-cv-00691-BMC-GRB, 22 in 1:16-cv-00657-BMC-GRB, 19 in 2:16-cv-00906-BMC-GRB, 23 in 1:16-cv-00591-BMC-GRB, 26 in 1:16-cv-00443-BMC-GRB, 23 in 1:16-cv-00666-BMC-GRB, 61 in 1:16-cv-00282-BMC-GRB, 27 in 1:16-cv-00560-BMC-GRB, 24 in 1:16-cv-00497-BMC-GRB, 26 in 1:16-cv-00762-BMC-GRB, 23 in 1:16-cv-00631-BMC-GRB, 32 in 1:16-cv-00345-BMC-GRB, 22 in 2:16-cv-00570-BMC-GRB, 37 in 2:16-cv-00658-BMC-GRB, 24 in 1:16-cv-00609-BMC-GRB, 27 in 1:16-cv-00576-BMC-GRB, 22 in 1:16-cv-00765-BMC-GRB, 23 in 1:16-cv-00692-BMC-GRB, 34 in 1:16-cv-00355-BMC-GRB, 31 in 1:16-cv-00548-BMC-GRB, 64 in 1:16-cv-00696-BMC-GRB, 14 in 1:16-cv-01333-BMC-GRB, 26 in 1:16-cv-00442-BMC-GRB, 18 in 2:16-cv-01020-BMC-GRB, 23 in 1:16-cv-00616-BMC-GRB, 26 in 2:16-cv-00712-BMC-GRB, 25 in 2:16-cv-00751-BMC-GRB) MOTION to Dismiss *the Consolidated Class Action Complaint* filed by Henry Schein, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J) Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Kass, Colin) (Entered: 05/04/2016) |
| 05/04/2016 | 67 | NOTICE of Appearance by Adrian Fontecilla on behalf of Henry Schein, Inc. (aty to be noticed) Associated Cases: 1:16-cv-00696-BMC-GRB et al. |

| | | (Fontecilla, Adrian) (Entered: 05/04/2016) |
|---|---|---|
| 05/04/2016 | 68 | Letter MOTION for Leave to Electronically File Document under Seal by Patterson Companies, Inc.. (Attachments: # 1 Memorandum in Support Defendant Patterson Companies, Inc.'s Memorandum in Support of its Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, # 2 Exhibit 1 to Declaration of James J. Long, # 3 Exhibit 2 to Declaration of James J. Long, # 4 Exhibit 3 to Declaration of James J. Long) (Long, James) (Entered: 05/04/2016) |
| 05/04/2016 | 69 | Motion to Dismiss for Failure to State a Claim by Patterson Companies, Inc.. (Long, James) (Entered: 05/04/2016) |
| 05/04/2016 | 70 | MEMORANDUM in Support re 69 Motion to Dismiss for Failure to State a Claim filed by Patterson Companies, Inc.. (Long, James) (Entered: 05/04/2016) |
| 05/04/2016 | 71 | AFFIDAVIT/DECLARATION in Support re 69 Motion to Dismiss for Failure to State a Claim filed by Patterson Companies, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Long, James) (Entered: 05/04/2016) |
| 05/05/2016 | 72 | Amended Motion to Dismiss for Failure to State a Claim *the Consolidated Class Action Complaint - Oral Argument Requested* by Benco Dental Supply Company. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Scher, Howard) (Entered: 05/05/2016) |
| 05/11/2016 | 73 | NOTICE of Appearance by Samantha Lee Southall on behalf of Benco Dental Supply Company (aty to be noticed) Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Southall, Samantha) (Entered: 05/11/2016) |
| 05/13/2016 | | ORDER granting defendants' 61 63 68 motions for leave to electronically file documents under seal. The documents contain confidential information, including that of third parties, and were produced pursuant to a Confidentiality Order. Defendant Benco is ORDERED to file a redacted memorandum of law to their 72 amended motion to dismiss by 5/19/16. Benco's motion to dismiss at 62 , having been amended is therefore terminated. Ordered by Judge Brian M. Cogan on 5/13/2016. (Weisberg, Peggy) (Entered: 05/13/2016) |
| 05/13/2016 | | Email Notification Test - DO NOT REPLY. (Latka-Mucha, Wieslawa) (Entered: 05/13/2016) |
| 05/16/2016 | 74 | REDACTION to (21 in 2:16-cv-01377-BMC-GRB, 30 in 1:16-cv-00443-BMC-GRB, 36 in 1:16-cv-00345-BMC-GRB, 30 in 1:16-cv-00762-BMC-GRB, 22 in 1:16-cv-00945-BMC-GRB, 22 in 1:16-cv-01280-BMC-GRB, 35 in 1:16-cv-00548-BMC-GRB, 27 in 1:16-cv-00616-BMC-GRB, 23 in 2:16-cv-00906-BMC-GRB, 27 in 1:16-cv-00692-BMC-GRB, 27 in 1:16-cv-00666-BMC-GRB, 31 in 1:16-cv-00576-BMC-GRB, 27 in 1:16-cv-00591-BMC-GRB, 28 in 1:16-cv-00497-BMC-GRB, 31 in 1:16-cv-00596-BMC-GRB, 28 in 1:16-cv-00609-BMC-GRB, 30 in 2:16-cv-00712-BMC-GRB, 27 in 1:16-cv-00662-BMC-GRB, 27 in 1:16-cv-00631-BMC-GRB, 29 in 1:16-cv-00479-BMC-GRB, 31 in 1:16-cv-00560-BMC-GRB, 29 in 2:16-cv-00751-BMC- |

| | | |
|---|---|---|
| | | GRB, 72 in 1:16-cv-00696-BMC-GRB, 22 in 1:16-cv-00661-BMC-GRB, 41 in 2:16-cv-00658-BMC-GRB, 26 in 2:16-cv-00570-BMC-GRB, 26 in 1:16-cv-00657-BMC-GRB, 18 in 1:16-cv-01333-BMC-GRB, 30 in 1:16-cv-00442-BMC-GRB, 38 in 1:16-cv-00355-BMC-GRB, 27 in 1:16-cv-00691-BMC-GRB, 26 in 1:16-cv-00765-BMC-GRB, 65 in 1:16-cv-00282-BMC-GRB, 22 in 2:16-cv-01020-BMC-GRB) Amended Motion to Dismiss for Failure to State a Claim *the Consolidated Class Action Complaint - Oral Argument Requested*, Order on Motion for Leave to Electronically File Document under Seal, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Seal,,,,,,,,, *Redacted Memorandum of Law in Support of Its Motion to Dismiss the Consolidated Class Action Complaint* by Benco Dental Supply Company Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Scher, Howard) (Entered: 05/16/2016) |
| 05/16/2016 | 75 | Consent MOTION for Extension of Time to File *MTD Briefs, and to Modify Page Limits* by Comfort Care Family Dental, P.C.. (Radice, John) (Entered: 05/16/2016) |
| 05/16/2016 | 76 | MOTION to Withdraw as Attorney by Indianola Family Dentistry, P.L.C.. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Asen, Taylor) (Entered: 05/16/2016) |
| 05/17/2016 | | ORDER granting 75 Motion for Extension of Time to File. Plaintiffs' omnibus opposition brief is due 6/1/2016 and can be up to 50 pages long, defendants' replies are due 6/15/2016 and each can be up to 15 pages long. Ordered by Judge Brian M. Cogan on 5/17/2016. (Weisberg, Peggy) (Entered: 05/17/2016) |
| 05/17/2016 | | ORDER granting 76 Motion to Withdraw as Attorney. Attorney Taylor Asen terminated. Ordered by Judge Brian M. Cogan on 5/17/2016. (Weisberg, Peggy) (Entered: 05/17/2016) |
| 06/01/2016 | 77 | Letter MOTION for Leave to Electronically File Document under Seal *pursuant to confidentiality order* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Memorandum in Opposition to defendants' motions to dismiss) (Radice, John) (Entered: 06/01/2016) |
| 06/04/2016 | 78 | NOTICE of Change of Address and Telephone by Linda P. Nussbaum Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00442-BMC-GRB, 1:16-cv-00443-BMC-GRB, 1:16-cv-00479-BMC-GRB (Nussbaum, Linda) (Entered: 06/04/2016) |
| 06/07/2016 | 79 | NOTICE of Change of Address by William Christopher Carmody *and law firm of Susman Godfrey L.L.P.* Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00631-BMC-GRB (Carmody, William) (Entered: 06/07/2016) |
| 06/14/2016 | 80 | MEMORANDUM in Opposition *to Defendants' Motions to Dismiss, public version* filed by Comfort Care Family Dental, P.C.. (Radice, John) (Entered: 06/14/2016) |
| 06/15/2016 | 81 | REPLY in Support re (21 in 2:16-cv-01377-BMC-GRB, 30 in 1:16-cv-00443- |

| | | |
|---|---|---|
| | | BMC-GRB, 36 in 1:16-cv-00345-BMC-GRB, 30 in 1:16-cv-00762-BMC-GRB, 22 in 1:16-cv-00945-BMC-GRB, 22 in 1:16-cv-01280-BMC-GRB, 35 in 1:16-cv-00548-BMC-GRB, 27 in 1:16-cv-00616-BMC-GRB, 23 in 2:16-cv-00906-BMC-GRB, 27 in 1:16-cv-00692-BMC-GRB, 27 in 1:16-cv-00666-BMC-GRB, 31 in 1:16-cv-00576-BMC-GRB, 27 in 1:16-cv-00591-BMC-GRB, 28 in 1:16-cv-00497-BMC-GRB, 31 in 1:16-cv-00596-BMC-GRB, 28 in 1:16-cv-00609-BMC-GRB, 30 in 2:16-cv-00712-BMC-GRB, 27 in 1:16-cv-00662-BMC-GRB, 27 in 1:16-cv-00631-BMC-GRB, 29 in 1:16-cv-00479-BMC-GRB, 31 in 1:16-cv-00560-BMC-GRB, 29 in 2:16-cv-00751-BMC-GRB, 72 in 1:16-cv-00696-BMC-GRB, 22 in 1:16-cv-00661-BMC-GRB, 41 in 2:16-cv-00658-BMC-GRB, 26 in 2:16-cv-00570-BMC-GRB, 26 in 1:16-cv-00657-BMC-GRB, 18 in 1:16-cv-01333-BMC-GRB, 30 in 1:16-cv-00442-BMC-GRB, 38 in 1:16-cv-00355-BMC-GRB, 27 in 1:16-cv-00691-BMC-GRB, 26 in 1:16-cv-00765-BMC-GRB, 65 in 1:16-cv-00282-BMC-GRB, 22 in 2:16-cv-01020-BMC-GRB) Amended Motion to Dismiss for Failure to State a Claim *the Consolidated Class Action Complaint - Oral Argument Requested* filed by Benco Dental Supply Company. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Scher, Howard) (Entered: 06/15/2016) |
| 06/15/2016 | 83 | Letter MOTION to Seal by Henry Schein, Inc.. (Attachments: # 1 Henry Schein's Reply in Support of Its Motion to Dismiss) (Kass, Colin) (Entered: 06/15/2016) |
| 06/15/2016 | 84 | REPLY in Support re 64 MOTION to Dismiss *the Consolidated Class Action Complaint - Public Version* filed by Henry Schein, Inc.. (Kass, Colin) (Entered: 06/15/2016) |
| 06/15/2016 | 85 | REPLY in Support re 69 Motion to Dismiss for Failure to State a Claim filed by Patterson Companies, Inc.. (Long, James) (Entered: 06/15/2016) |
| 06/15/2016 | 86 | AFFIDAVIT/DECLARATION in Support re 69 Motion to Dismiss for Failure to State a Claim filed by Patterson Companies, Inc.. (Attachments: # 1 Exhibit A) (Long, James) (Entered: 06/15/2016) |
| 06/16/2016 | | ORDER granting class plaintiffs' 77 and defendant Henry Schein, Inc.'s 82 83 Motions for Leave to Electronically File Document under Seal. The documents contain confidential information, including that of third parties, and were produced pursuant to a Confidentiality Order. Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Judge Brian M. Cogan on 6/16/2016. (Weisberg, Peggy) (Entered: 06/16/2016) |
| 06/22/2016 | 88 | MOTION for Leave to Appear Pro Hac Vice *of Natalie Finkelman Bennett* Filing fee $ 150, receipt number 0207-8705812. by Joshua Wolgin, DMD. (Attachments: # 1 Affidavit of Natalie Finkelman Bennett In Support of Motion to Admit Counsel Pro Hac Vice, # 2 Proposed Order, # 3 Certificate of Service) Associated Cases: 1:16-cv-00696-BMC-GRB, 2:16-cv-01020-BMC-GRB (Bennett, Natalie) (Entered: 06/22/2016) |
| 06/23/2016 | | ELECTRONIC ORDER granting 88 Motion for Leave to Appear Pro Hac |

| | | Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. Ordered by Magistrate Judge Gary R. Brown on 6/23/2016. C/ECF (Johnston, Linda) (Entered: 06/23/2016) |
|---|---|---|
| 06/23/2016 | 89 | Consent MOTION for Protective Order *protocol limiting discovery of expert reports and materials* by Comfort Care Family Dental, P.C.. (Radice, John) (Entered: 06/23/2016) |
| 06/24/2016 | | ELECTRONIC ORDER. (89) Joint Motion for Protective Order in case 1:16-cv-00696-BMC-GRB is hereby SO ORDERED. Ordered by Magistrate Judge Gary R. Brown on 6/24/2016. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Yim, Kevin) (Entered: 06/24/2016) |
| 06/24/2016 | 90 | Letter *Joint Letter Regarding Discovery Stipulations and Scheduling* by Henry Schein, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6) (Kass, Colin) (Entered: 06/24/2016) |
| 06/30/2016 | | ORDER Upon review of the proposed schedule, it appears that the schedule is inconsistent with Case Management Order No. 2 (see DE 2), requiring that "until further Order, parties will join and are subject to the discovery schedule set forth by Magistrate Judge Brown in SourceOne, 15 Civ. 5440, available at Docket Entry No. 46." Whereas no further Order has been entered, the parties are to meet and confer to provide a proposed schedule consistent with that set forth in the SourceOne case. |
| | | With respect to the parties' dispute as to the scheduling priority of summary judgment vs. class certification, absent further guidance from the district judge, the parties should expect to proceed with summary judgment first. See In re Vitamin C Antitrust Litig., 279 F.R.D. 90, 98 (E.D.N.Y. 2012) ("briefing related to class certification was complete [but] a decision on this motion was reserved pending defendants' omnibus motion for summary judgment") |
| | | Regarding defendants' requests to permit a sur-rebuttal expert report, said request appears to be predicated upon the concern that plaintiffs' expert might, in a rebuttal expert report, include previously-undisclosed data that would require further expert review. To mitigate these concerns, the request for a sur-rebuttal report is denied without prejudice to renewal should that eventuality actually arise. Ordered by Magistrate Judge Gary R. Brown on 6/30/2016. (Brown, Gary) (Entered: 06/30/2016) |
| 07/08/2016 | 91 | NOTICE of Appearance by Charles J. Kocher on behalf of Bernard W. Kurek, Larchmont Dental Associates, P.C. (aty to be noticed) (Kocher, Charles) (Entered: 07/08/2016) |
| 07/08/2016 | 92 | Letter *of Intent to File Motion to Enter Scheduling Order* by Comfort Care Family Dental, P.C. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 |

| | | |
|---|---|---|
| | | Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit) Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Ripley, Joshua) (Entered: 07/08/2016) |
| 07/08/2016 | | ORDER re: plaintiffs' 92 letter of intent to file motion. The letter is deemed to be plaintiffs' motion. Defendants are to file a combined letter in response to plaintiffs' motion by 7/22/16 explaining why the deadlines to which they had already stipulated should not be So Ordered. Clearly the SourceOne schedule will not accommodate a class action, so the Court is inclined to enter the stipulated dates, along with plaintiffs' proposed dates for expert reports, class certification and Daubert motions, and summary judgment motions. Absent a legitimate reason to abandon the proposed schedule, the Court will enter the parties stipulated discovery deadlines and plaintiffs' proposed deadlines. All parties are reminded to comply with the filing procedures in the Section II.B of CMO #2; failure to do so in the future may result in sanctions. Ordered by Judge Brian M. Cogan on 7/8/2016. (Weisberg, Peggy) (Entered: 07/08/2016) |
| 07/13/2016 | 93 | Letter *in response to the putative class plaintiffs' July 8th letter (ECF 92)* by Benco Dental Supply Company, Henry Schein, Inc., Patterson Companies, Inc. (Kass, Colin) (Entered: 07/13/2016) |
| 07/14/2016 | 94 | CASE MANAGEMENT ORDER NO. 3. ( Ordered by Judge Brian M. Cogan on 7/14/2016 ) (Guzzi, Roseann) (Entered: 07/14/2016) |
| 08/05/2016 | 95 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8817559. by Casey Nelson. (Attachments: # 1 Affidavit and Certificates of Good Standing) (Esades, Vincent) (Entered: 08/05/2016) |
| 08/08/2016 | | ELECTRONIC ORDER in case 1:16-cv-00609-BMC-GRB; granting (95) Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. Ordered by Magistrate Judge Gary R. Brown on 8/8/2016. Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00609-BMC-GRB (Yim, Kevin) (Entered: 08/08/2016) |
| 08/08/2016 | 96 | NOTICE of Appearance by Vincent J. Esades on behalf of Casey Nelson (notification declined or already on case) Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00609-BMC-GRB (Esades, Vincent) (Entered: 08/08/2016) |
| 08/10/2016 | 97 | Corporate Disclosure Statement by Patterson Companies, Inc. (Long, James) (Entered: 08/10/2016) |
| 08/12/2016 | 98 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8835064. by Henry Schein, Inc.. (Attachments: # 1 Proposed Order) (McDonald, John) (Entered: 08/12/2016) |
| 08/15/2016 | | ELECTRONIC ORDER granting 98 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the |

| | | |
|---|---|---|
| | | NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. Ordered by Magistrate Judge Gary R. Brown on 8/15/2016. (Yim, Kevin) (Entered: 08/15/2016) |
| 08/15/2016 | 99 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8840036. by Casey Nelson. (Attachments: # 1 Affidavit and Certificate of Good Standing) Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00609-BMC-GRB (Anderson, James) (Entered: 08/15/2016) |
| 08/15/2016 | 100 | MOTION to Withdraw as Attorney by Patterson Companies, Inc.. (Attachments: # 1 Proposed Order) (Stein, Joshua) (Entered: 08/15/2016) |
| 08/15/2016 | 101 | AFFIDAVIT/DECLARATION in Support re 100 MOTION to Withdraw as Attorney filed by Patterson Companies, Inc.. (Stein, Joshua) (Entered: 08/15/2016) |
| 08/16/2016 | | ELECTRONIC ORDER granting 100 Motion to Withdraw as Attorney. Attorney Joshua R. Stein TERMINATED. Ordered by Magistrate Judge Gary R. Brown on 8/16/2016. (Yim, Kevin) (Entered: 08/16/2016) |
| 08/16/2016 | | ELECTRONIC ORDER granting 99 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. Ordered by Magistrate Judge Gary R. Brown on 8/16/2016. (Yim, Kevin) (Entered: 08/16/2016) |
| 08/23/2016 | 102 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8860078. by Casey Nelson. (Attachments: # 1 Affidavit and Certificates of Good Standing) Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00609-BMC-GRB (Woodward, David) (Entered: 08/23/2016) |
| 08/24/2016 | | ELECTRONIC ORDER in case 1:16-cv-00609-BMC-GRB; granting (102) Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. in case 1:16-cv-00696-BMC-GRB. Ordered by Magistrate Judge Gary R. Brown on 8/24/2016. Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00609-BMC-GRB (Yim, Kevin) (Entered: 08/24/2016) |
| 08/24/2016 | | ELECTRONIC ORDER finding as moot (35) Motion for Leave to Appear Pro Hac Vice ; finding as moot (36) Motion for Leave to Appear Pro Hac Vice in case 1:16-cv-00609-BMC-GRB. Ordered by Magistrate Judge Gary R. Brown on 8/24/2016. Associated Cases: 1:16-cv-00696-BMC-GRB, 1:16-cv-00609-BMC-GRB (Yim, Kevin) (Entered: 08/24/2016) |

| | | |
|---|---|---|
| 08/26/2016 | 103 | First MOTION for Extension of Time to Amend (49 in 1:16-cv-00696-BMC-GRB) Amended Complaint *Regarding the Deadline to Join New Parties* by Comfort Care Family Dental, P.C.. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Radice, John) (Entered: 08/26/2016) |
| 09/09/2016 | 104 | Consent MOTION to Adjourn Conference *Status Conference scheduled for September 12, 2016* by Henry Schein, Inc.. (Fontecilla, Adrian) (Entered: 09/09/2016) |
| 09/12/2016 | | ORDER granting 104 Motion to Adjourn Conference. The 9/12/16 conference is adjourned without date... Ordered by Magistrate Judge Gary R. Brown on 9/12/2016. (McMorrow, Karen) (Entered: 09/12/2016) |
| 09/13/2016 | | ELECTRONIC ORDER granting 103 . The proposed Stipulation Regarding the Deadline to Join New Parties is hereby So Ordered. Ordered by Magistrate Judge Gary R. Brown on 9/13/2016. c/ecf (Johnston, Linda) (Entered: 09/13/2016) |
| 09/14/2016 | 105 | NOTICE of Change of Address by Eric H. Gibbs Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Gibbs, Eric) (Entered: 09/14/2016) |
| 09/14/2016 | 106 | NOTICE of Change of Address by Michael L. Schrag Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Schrag, Michael) (Entered: 09/14/2016) |
| 09/14/2016 | 107 | NOTICE of Change of Address by Linda P. Lam Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Lam, Linda) (Entered: 09/14/2016) |
| 09/15/2016 | 108 | NOTICE of Appearance by Natalie F. Bennett on behalf of Joshua Wolgin, DMD (aty to be noticed) (Attachments: # 1 Certificate of Service) (Bennett, Natalie) (Entered: 09/15/2016) |
| 09/28/2016 | 109 | MEMORANDUM DECISION & ORDER that the motions to dismiss are denied. 64 Motion to Dismiss; denying 69 Motion to Dismiss for Failure to State a Claim; denying 72 Motion to Dismiss for Failure to State a Claim. ( Ordered by Judge Brian M. Cogan on 9/26/2016 ) (Guzzi, Roseann) (Entered: 09/28/2016) |
| 09/28/2016 | 110 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-8949728. by Henry Schein, Inc.. (Attachments: # 1 Proposed Order) (McDonald, John) (Entered: 09/28/2016) |
| 09/29/2016 | | ORDER. Counsel are reminded that Case Management Order No. 2 directs that all pleadings, motions, and other documents shall be filed via ECF on the master docket 16-cv-00696 **ONLY.** To the extent there is inconsistency between Case Management Order No. 1 and Case Management Order No. 2 regarding spreading entries, Case Management No. 2 supersedes. All documents filed on the master docket shall be deemed filed and docketed in each individual case, and counsel are ordered to **not** spread docket entries to the member cases. Failure to comply with this Order may result in sanctions. Ordered by Judge Brian M. Cogan on 9/29/2016. (Weisberg, Peggy) (Entered: 09/29/2016) |
| | | |

| | | |
|---|---|---|
| 09/29/2016 | | ELECTRONIC ORDER granting 110 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. Ordered by Magistrate Judge Gary R. Brown on 9/29/2016. c/ecf (Johnston, Linda) (Entered: 09/29/2016) |
| 10/07/2016 | 111 | Consent MOTION for Extension of Time to File *Defendants' Answers to Amended Complaint thirty days after it is filed* by Benco Dental Supply Company. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Scher, Howard) (Entered: 10/07/2016) |
| 10/07/2016 | 112 | ORDER granting 111 Motion for Extension of Time to File. Defendants Patterson Companies, Inc., Henry Schein, Inc., and Benco DentalSupply Company shall answer or otherwise respond to the Amended Consolidated Class ActionComplaint thirty days after it is filed. ( Ordered by Judge Brian M. Cogan on 10/7/2016 ) (Guzzi, Roseann) (Entered: 10/07/2016) |
| 10/07/2016 | | ORDER re: 111 in Lead case no 1:16-cv-00696-BMC-GRB In re Dental Supplies Antitrust Litigation. On 9/29/2016, the Court entered an Order reminding the parties that "all pleadings, motions, and other documents shall be filed via ECF on the master docket 16-cv-00696 ONLY." The Court also warned the parties that failure to comply with the Order may result in sanctions. Howard Scher filed a Consent Motion for Extension of Time to File Defendants' Answers to Amended Complaint; and this motion was filed on both the master docket and individual dockets in contravention of this Court's Order. Pursuant to Rule 16(f), Mr. Scher is sanctioned in the amount of $100.00, payable to the Clerk of the Court by 10/14/2016. Mr. Scher should ECF file proof of payment by that date or risks further sanctions. Ordered by Judge Brian M. Cogan on 10/7/2016. (Weisberg, Peggy) (Entered: 10/07/2016) |
| 10/11/2016 | 113 | NOTICE by Benco Dental Supply Company re Order,,, *Notice of Compliance with Court's Order of October 7, 2016* (Scher, Howard) (Entered: 10/11/2016) |
| 10/11/2016 | 114 | First MOTION for pre motion conference re 30 Sealed, Amended Complaint,,,,,, *to seek leave to amend the Consolidated Class Action Complaint to add Burkhart Dental Supply Company as a defendant* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Exhibit Exhibit A - Second Consolidated Class Action Complaint) (Radice, John) (Entered: 10/11/2016) |
| 10/11/2016 | 115 | FILING FEE: $ 100.00, receipt number 4653106964 regarding sanction fee submitted by Howard D. Scher. (Guzzi, Roseann) (Entered: 10/14/2016) |
| 10/12/2016 | | ORDER re: 114 first motion for pre-motion conference. The Court's requirement for a pre-motion conference is waived, and plaintiffs' letter is deemed to be their motion to file an amended complaint. Defendants have until 10/21/2016 to file any objections to plaintiffs' motion. If defendants do not object by 10/21/2016, plaintiffs may file their amended complaint. |

| | | |
|---|---|---|
| | | Ordered by Judge Brian M. Cogan on 10/12/2016. (Weisberg, Peggy) (Entered: 10/12/2016) |
| 10/22/2016 | 116 | AMENDED COMPLAINT *Second Consolidated Class Action Complaint* against All Defendants, filed by Comfort Care Family Dental, P.C.. (Radice, John) (Entered: 10/22/2016) |
| 10/25/2016 | 117 | WAIVER OF SERVICE Returned Executed by Comfort Care Family Dental, P.C.. Burkhart Dental Supply Company waiver sent on 10/25/2016, answer due 12/26/2016. (Radice, John) (Entered: 10/25/2016) |
| 11/01/2016 | 118 | NOTICE of Appearance by Ian M. Gore on behalf of Peter Bence, DMD, P.A. (aty to be noticed) (Gore, Ian) (Entered: 11/01/2016) |
| 11/17/2016 | 119 | MOTION to Withdraw as Attorney by Indianola Family Dentistry, P.L.C.. (Elga, Benjamin) (Entered: 11/17/2016) |
| 11/18/2016 | | ORDER granting 119 Motion to Withdraw as Attorney. Attorney Benjamin David Elga terminated. Ordered by Magistrate Judge Gary R. Brown on 11/18/2016. (McMorrow, Karen) (Entered: 11/18/2016) |
| 11/21/2016 | 120 | ANSWER to 116 Amended Complaint by Benco Dental Supply Company. (Scher, Howard) (Entered: 11/21/2016) |
| 11/21/2016 | 121 | ANSWER to 116 Amended Complaint by Patterson Companies, Inc.. (Long, James) (Entered: 11/21/2016) |
| 11/21/2016 | 122 | ANSWER to 116 Amended Complaint by Henry Schein, Inc.. (Kass, Colin) (Entered: 11/21/2016) |
| 11/22/2016 | 123 | Letter MOTION for Leave to File *Motion to Dismiss* by Burkhart Dental Supply Company. (Silberg, Richard) (Entered: 11/22/2016) |
| 11/22/2016 | 124 | NOTICE of Appearance by Dai Wai Chin Feman on behalf of Burkhart Dental Supply Company (aty to be noticed) (Chin Feman, Dai) (Entered: 11/22/2016) |
| 11/22/2016 | 125 | Corporate Disclosure Statement by Burkhart Dental Supply Company (Silberg, Richard) (Entered: 11/22/2016) |
| 11/23/2016 | 126 | NOTICE of Appearance by Johnathan Richard Montcalm on behalf of Burkhart Dental Supply Company (aty to be noticed) (Montcalm, Johnathan) (Entered: 11/23/2016) |
| 11/23/2016 | | ORDER re 123 Motion for Leave to File a Motion to Dismiss. Plaintiffs are ordered to respond to Burkhart's letter seeking leave to file a motion to dismiss by 12/2/2016. The Court will hold a pre-motion conference on 12/7/2016 at 4:00 PM in Courtroom 8D. Ordered by Judge Brian M. Cogan on 11/23/2016. (Shami, Amanda) (Entered: 11/23/2016) |
| 11/29/2016 | 127 | Consent MOTION for Protective Order *(Amends Operative Protective Order [ECF No. 3] Only to Include Execution by Burkhart Dental Supply)* by Burkhart Dental Supply Company. (Silberg, Richard) (Entered: |

| | | 11/29/2016) |
|---|---|---|
| 11/30/2016 | 128 | Notice of Appearance Filing fee $ 150, receipt number 0207-9100154. by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bernard W. Kurek, Larchmont Dental Associates, P.C., Howard M. May, DDS, Casey Nelson, Jim Peck, Keith Schwartz, D.M.D., P.A.. (Weiner, Jessica) Modified on 12/1/2016 (McMorrow, Karen). (Entered: 11/30/2016) |
| 11/30/2016 | | ELECTRONIC ORDER granting 127 Motion for Protective Order. The parties' proposed Amended Protective Order is hereby So Ordered. Ordered by Magistrate Judge Gary R. Brown on 11/30/2016. c/ecf (Johnston, Linda) (Entered: 11/30/2016) |
| 12/01/2016 | | Motions terminated, docketed incorrectly: 128 MOTION for Leave to Appear Pro Hac Vice *(Notice of Appearance)* Filing fee $ 150, receipt number 0207-9100154. filed by Larchmont Dental Associates, P.C., Evolution Dental Science, LLC, Bernard W. Kurek, Keith Schwartz, D.M.D., P.A., Jim Peck, Casey Nelson, Howard M. May, DDS, Arnell Prato, D.D.S., P.L.L.C. (McMorrow, Karen) (Entered: 12/01/2016) |
| 12/02/2016 | 129 | Letter *Class Plaintiffs' Letter in Opposition to Defendant Burkhart Dental Supply Co.'s Letter Motion for Leave to File Motion to Dismiss* by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bernard W. Kurek, Larchmont Dental Associates, P.C., Howard M. May, DDS, Casey Nelson, Jim Peck, Keith Schwartz, D.M.D., P.A. (Smith, Gary) (Entered: 12/02/2016) |
| 12/08/2016 | | Minute Entry and Order for Pre-Motion Conference held on 12/7/2016 before Judge Brian M. Cogan. Both sides present. The Court set the following briefing schedule on Burkhart's motion to dismiss: Burkhart's brief by 1/13/2017; plaintiffs' opposition by 2/17/2017; and Burkhart's reply by 3/3/2017. See transcript for details. (Court Reporter: Linda Danelcyzk) (Weisberg, Peggy) (Entered: 12/08/2016) |
| 01/11/2017 | 130 | NOTICE of Appearance by Daniel Evan Rubenstein on behalf of Comfort Care Family Dental, P.C. (aty to be noticed) (Rubenstein, Daniel) (Entered: 01/11/2017) |
| 01/11/2017 | 131 | NOTICE by Joshua Wolgin, DMD *of Change of Firm Affiliation and Address* (Goldstein, Jayne) (Entered: 01/11/2017) |
| 01/13/2017 | 132 | NOTICE of Change of Address by Christopher J. Cormier (Cormier, Christopher) (Entered: 01/13/2017) |
| 01/13/2017 | 134 | MOTION to Dismiss *Second Consolidated Class Action Complaint* by Burkhart Dental Supply Company. Responses due by 2/17/2017 (Silberberg, Richard) (Entered: 01/13/2017) |
| 01/13/2017 | 135 | DECLARATION re 134 MOTION to Dismiss *Second Consolidated Class Action Complaint (Jeff Reece)* by Burkhart Dental Supply Company (Attachments: # 1 Exhibit A) (Silberberg, Richard) (Entered: 01/13/2017) |
| 01/13/2017 | 136 | DECLARATION re 134 MOTION to Dismiss *Second Consolidated Class* |

| | | |
|---|---|---|
| | | *Action Complaint (Aaron Goldstein)* by Burkhart Dental Supply Company (Attachments: # 1 Exhibit A) (Silberg, Richard) (Entered: 01/13/2017) |
| 01/13/2017 | 137 | MEMORANDUM in Support re 134 MOTION to Dismiss *Second Consolidated Class Action Complaint* filed by Burkhart Dental Supply Company. (Silberg, Richard) (Entered: 01/13/2017) |
| 01/17/2017 | | ORDER granting 133 Burkhart's Motion to Seal Materials in Support of Motion to Dismiss. Burkhart has provided sufficient information that sealing of the unredacted briefing and supporting documents is necessary to protect third party privacy interests and to protect against the creation of a competitive disadvantage by disclosure. However, Burkhart did not file their sealed documents properly and is advised to familiarize itself with the proper ways to file under seal for the future. Ordered by Judge Brian M. Cogan on 1/17/2017. (Weisberg, Peggy) (Entered: 01/17/2017) |
| 02/10/2017 | 138 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on December 7, 2016, before Judge Brian M. Cogan. Court Reporter/Transcriber Linda Danelczyk, Telephone number 718-613-2330. Email address: Linda_Danelczyk@nyed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 3/3/2017. Redacted Transcript Deadline set for 3/13/2017. Release of Transcript Restriction set for 5/11/2017. (Danelczyk, Linda) (Entered: 02/10/2017) |
| 02/17/2017 | 139 | MEMORANDUM in Opposition re 134 MOTION to Dismiss *Second Consolidated Class Action Complaint* filed by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bernard W. Kurek, Larchmont Dental Associates, P.C., Howard M. May, DDS, Casey Nelson, Jim Peck, Keith Schwartz, D.M.D., P.A.. (Attachments: # 1 Declaration Eric L. Cramer (Redacted), # 2 Declaration Gary I. Smith, Jr. (Redacted), # 3 Declaration Gary I. Smith, Jr.) (Smith, Gary) (Entered: 02/17/2017) |
| 02/17/2017 | 140 | MOTION to Seal Document by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bernard W. Kurek, Larchmont Dental Associates, P.C., Howard M. May, DDS, Casey Nelson, Jim Peck, Keith Schwartz, D.M.D., P.A.. (Attachments: # 1 Memorandum in Opposition to Defendant Burkhart Dental Supply Co.'s Motion to Dismiss the Second Consolidated Class Action Complaint, # 2 Declaration of Eric L. Cramer, # 3 Declaration of Gary I. Smith, Jr.) (Smith, Gary) Modified on 2/21/2017 (Clarke, Melonie). (Entered: 02/17/2017) |
| 02/17/2017 | 141 | DECLARATION re 139 Memorandum in Opposition, *Declaration of John Radice* by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bernard W. Kurek, Larchmont Dental Associates, P.C., Howard M. May, DDS, Casey Nelson, Jim Peck, Keith Schwartz, D.M.D., P.A. (Smith, Gary) (Entered: 02/17/2017) |
| | | |

| 02/17/2017 | 142 | NOTICE by Arnell Prato, D.D.S., P.L.L.C re 140 MOTION to Seal Document , 139 Memorandum in Opposition, *Filing Error* (Smith, Gary) (Entered: 02/17/2017) |
| 02/21/2017 | | ORDER granting 140 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov.. Ordered by Judge Brian M. Cogan on 2/21/2017. (Clarke, Melonie) (Entered: 02/21/2017) |
| 02/22/2017 | 143 | Consent MOTION for Leave to File Excess Pages *on Motion to Dismiss Reply* by Burkhart Dental Supply Company. (Silberberg, Richard) (Entered: 02/22/2017) |
| 02/22/2017 | | ORDER granting 143 . Defendant Burkhart Dental Supply may file a 15-page reply brief in support of its motion to dismiss the second consolidated class action complaint. Ordered by Judge Brian M. Cogan on 2/22/2017. (Weisberg, Peggy) (Entered: 02/22/2017) |
| 02/27/2017 | 144 | MOTION for Leave to Appear Pro Hac Vice *of Joshua H. Grabar* Filing fee $ 150, receipt number 0207-9323252. by Stanford Dresnin, DDS. (Attachments: # 1 Affidavit of Joshua H. Grabar, # 2 Exhibit Certificate of Good Standing, # 3 Certificate of Service) (Grabar, Joshua) (Entered: 02/27/2017) |
| 02/27/2017 | 145 | NOTICE by Stanford Dresnin, DDS re 144 MOTION for Leave to Appear Pro Hac Vice *of Joshua H. Grabar* Filing fee $ 150, receipt number 0207-9323252. *(Re Docket No. 144 Text of Proposed Order)* (Grabar, Joshua) (Entered: 02/27/2017) |
| 02/28/2017 | | ORDER granting 144 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. Ordered by Magistrate Judge Gary R. Brown on 2/28/2017. c/ecf (Johnston, Linda) (Entered: 02/28/2017) |
| 03/01/2017 | 146 | NOTICE of Appearance by Joshua H. Grabar on behalf of Stanford Dresnin, DDS (notification declined or already on case) (Attachments: # 1 Certificate of Service) (Grabar, Joshua) (Entered: 03/01/2017) |
| 03/02/2017 | 147 | MEMORANDUM in Opposition re 134 MOTION to Dismiss *Second Consolidated Class Action Complaint* filed by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bernard W. Kurek, Larchmont Dental Associates, P.C., Howard M. May, DDS, Casey Nelson, Jim Peck, Keith Schwartz, D.M.D., P.A.. (Attachments: # 1 Declaration of Eric L. Cramer, # 2 Declaration of Gary I. Smith, Jr.) (Smith, Gary) (Entered: 03/02/2017) |
| 03/02/2017 | 148 | MEMORANDUM in Opposition re 134 MOTION to Dismiss *Second Consolidated Class Action Complaint* filed by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bernard W. Kurek, Larchmont Dental |

| | | Associates, P.C., Howard M. May, DDS, Casey Nelson, Jim Peck, Keith Schwartz, D.M.D., P.A.. (Attachments: # 1 Declaration of Eric L. Cramer, # 2 Declaration of Gary I. Smith, Jr.) (Smith, Gary) (Entered: 03/02/2017) |
|---|---|---|
| 03/02/2017 | 149 | MOTION to Withdraw as Attorney by Benco Dental Supply Company. (Warren, Jackson) (Entered: 03/02/2017) |
| 03/02/2017 | | ORDER granting 149 Motion to Withdraw as Attorney. Attorney Jackson E. Warren terminated. Ordered by Judge Brian M. Cogan on 3/2/2017. (Weisberg, Peggy) (Entered: 03/02/2017) |
| 03/03/2017 | 150 | REPLY in Support re 134 MOTION to Dismiss *Second Consolidated Class Action Complaint* filed by Burkhart Dental Supply Company. (Silberberg, Richard) (Entered: 03/03/2017) |
| 03/03/2017 | 151 | AFFIDAVIT/DECLARATION in Support re 134 MOTION to Dismiss *Second Consolidated Class Action Complaint Reply Declaration of Jeff Reece* filed by Burkhart Dental Supply Company. (Silberberg, Richard) (Entered: 03/03/2017) |
| 03/03/2017 | 152 | AFFIDAVIT/DECLARATION in Support re 134 MOTION to Dismiss *Second Consolidated Class Action Complaint Reply Declaration of Dai Wai Chin Feman* filed by Burkhart Dental Supply Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Silberberg, Richard) (Entered: 03/03/2017) |
| 03/03/2017 | 153 | MOTION for Leave to Electronically File Document under Seal by Burkhart Dental Supply Company. (Attachments: # 1 Reply Brief, # 2 Reply Declaration of Jeff Reece, # 3 Ex. A to Reply Declaration of Dai Wai Chin Feman) (Silberberg, Richard) (Entered: 03/03/2017) |
| 03/06/2017 | | ORDER granting 153 Motion for Leave to Electronically File Document under Seal. Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Judge Brian M. Cogan on 3/6/2017. (Weisberg, Peggy) (Entered: 03/06/2017) |
| 03/06/2017 | 154 | REPLY in Support re 134 MOTION to Dismiss *Second Consolidated Class Action Complaint (Documents under seal per 3/6/2017 Order)* filed by Burkhart Dental Supply Company. (Attachments: # 1 Reply Declaration of Jeff Reece (under seal), # 2 Ex. A to Reply Declaration of Dai Wai Chin Feman (under seal)) (Silberberg, Richard) (Entered: 03/06/2017) |
| 03/06/2017 | 155 | NOTICE of Change of Address by Warren Burns (Burns, Warren) (Entered: 03/06/2017) |
| 03/08/2017 | 156 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-9349622. by Benco Dental Supply Company. (Attachments: # 1 Affidavit of David Schumacher, # 2 Exhibit A - Certificate of Good Standing) (Schumacher, David) (Entered: 03/08/2017) |
| 03/10/2017 | | ORDER granting 156 David Schumacher's Motion for Leave to Appear Pro |

| | | |
|---|---|---|
| | | Hac Vice as counsel for defendant Benco Dental Supply Company. The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerk's Office. Ordered by Judge Brian M. Cogan on 3/10/2017. (Weisberg, Peggy) (Entered: 03/10/2017) |
| 03/10/2017 | 157 | MOTION for Leave to Electronically File Document under Seal by Comfort Care Family Dental, P.C.. (Attachments: # 1 Letter to Judge Cogan re: amending the confidentiality order, # 2 Proposed amended confidentiality order) (Radice, John) (Entered: 03/10/2017) |
| 03/15/2017 | | MOTIONS REFERRED: 157 MOTION for Leave to Electronically File Document under Seal referred to Magistrate Judge Gary R. Brown. (Weisberg, Peggy) (Entered: 03/15/2017) |
| 03/17/2017 | 158 | REPLY in Opposition - *Response to putative class plaintiffs' March 10, 2017 pre-motion letter regarding their request to amend the Confidentiality Order* filed by Benco Dental Supply Company, Henry Schein, Inc., Patterson Companies, Inc.. (Kass, Colin) (Entered: 03/17/2017) |
| 03/17/2017 | 159 | DECLARATION of Kenneth Pickle in Support of Class Plaintiffs' Motion to Compel Strategic Data Marketing, LLC's Compliance with Rule 45 Subpoena. (Bowens, Priscilla) (Entered: 03/21/2017) |
| 03/17/2017 | 160 | MEMORANDUM OF LAW in Support of Class Plaintiffs' Motion to Compel Strategic Data Marketing, LLC's Compliance with Rule 45 Subpoena (Bowens, Priscilla) (Entered: 03/21/2017) |
| 03/27/2017 | | ELECTRONIC ORDER granting 157 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Magistrate Judge Gary R. Brown on 3/27/2017. C/ECF (Johnston, Linda) (Entered: 03/27/2017) |
| 03/27/2017 | 163 | MOTION to Amend/Correct/Supplement Order on Motion for Protective Order by Comfort Care Family Dental, P.C.. (Attachments: # 1 Exhibit Proposed Amended Confidentiality Order) (Radice, John) (Entered: 03/27/2017) |
| 03/27/2017 | 164 | MOTION for Extension of Time to File *motion to enlarge time to respond to motion to compel compliance with non-party subpoena (assented-to)* by Strategic Data Marketing, Data Marketing Strategic, Strategic Data Marketing. (Hecker, Dustin) (Entered: 03/27/2017) |
| 03/27/2017 | 165 | ORDER granting in part 163 Motion to Amend/Correct/Supplement. See attached order for details. Ordered by Magistrate Judge Gary R. Brown on 3/27/2017. (McMorrow, Karen) (Entered: 03/28/2017) |
| 03/28/2017 | | Incorrect Case/Document/Entry Information. Docket entry 162 ORDER re 157 MOTION for Leave to Electronically File Document under Seal filed by |

| | | |
|---|---|---|
| | | Comfort Care Family Dental, P.C.; 158 Reply in Opposition, filed by Henry Schein, Inc., Patterson Companies, Inc., Benco Dental Supply Company: See attached Order for details. Ordered by Magistrate Judge Gary R. Brown on 3/27/2017. c/ecf (Johnston, Linda) (Entered: 03/27/2017) was deleted from the docket to correct a clerical mistake. It was added as DE165. There will be no document 162 on the docket. (McMorrow, Karen) (Entered: 03/28/2017) |
| 03/30/2017 | | ELECTRONIC ORDER granting 164 Motion for Extension of Time to File. Consistent with Judge Cote's Order, liaison counsel for class action plaintiffs are directed to file their motion papers and all exhibits, including redacted public filings and unredacted sealed filings. Furthermore, the motion for extension of time to respond to the motion to compel is GRANTED. Ordered by Magistrate Judge Gary R. Brown on 3/30/2017. c/ecf (Meehan, James) (Entered: 03/30/2017) |
| 03/30/2017 | 166 | MOTION to Compel *Strategic Data Marketing, LLC's compliance with Rule 45 subpoena, with redacted supporting documents* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Memorandum in Support Memorandum of Law (redacted), # 2 Declaration Declaration of Kenneth Pickle (redacted)) (Radice, John) (Entered: 03/30/2017) |
| 03/30/2017 | 167 | MOTION to Compel *Strategic Data Marketing, LLC's compliance with Rule 45 subpoena, with unredacted supporting documents* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Memorandum in Support Memorandum of Law (unredacted), # 2 Declaration Declaration of Kenneth Pickle (unredacted)) (Radice, John) (Entered: 03/30/2017) |
| 03/31/2017 | 168 | Consent MOTION for Protective Order *(Proposed Amended Confidentiality Order)* by Comfort Care Family Dental, P.C.. (Radice, John) (Entered: 03/31/2017) |
| 04/03/2017 | 169 | ORDER granting 168 Motion for Protective Order. Ordered by Magistrate Judge Gary R. Brown on 4/3/2017. (McMorrow, Karen) (Entered: 04/03/2017) |
| 04/04/2017 | 170 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-9421407. by Strategic Data Marketing. (Attachments: # 1 Affidavit, # 2 Good Standing Certificate) (Hecker, Dustin) (Entered: 04/04/2017) |
| 04/04/2017 | 171 | Letter *Enclosing Supplemental Declaration of Jeff Reece* by Burkhart Dental Supply Company (Attachments: # 1 Declaration) (Silberg, Richard) (Entered: 04/04/2017) |
| 04/04/2017 | 172 | MOTION for Leave to Electronically File Document under Seal by Burkhart Dental Supply Company. (Attachments: # 1 Declaration (Cover Letter), # 2 Declaration) (Silberg, Richard) (Entered: 04/04/2017) |
| 04/05/2017 | | ORDER granting 172 . In light of my prior ruling finding that Burkhart has provided sufficient information that sealing this witness's declaration is necessary to protect against the creation of a competitive disadvantage by disclosure, and that this submission amends information contained in his prior |

| | | |
|---|---|---|
| | | sealed declaration, Burkhart may also file the supplemental declaration under seal. Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Judge Brian M. Cogan on 4/5/2017. (Weisberg, Peggy) (Entered: 04/05/2017) |
| 04/05/2017 | | ELECTRONIC ORDER granting 170 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office. Ordered by Magistrate Judge Gary R. Brown on 4/5/2017. c/ecf (Johnston, Linda) (Entered: 04/05/2017) |
| 04/05/2017 | 173 | Letter *Enclosing Supplemental Declaration of Jeff Reece* by Burkhart Dental Supply Company (Attachments: # 1 Declaration (Supplemental Reece - Under Seal)) (Silberberg, Richard) (Entered: 04/05/2017) |
| 04/07/2017 | 174 | MOTION for Leave to Electronically File Document under Seal *Opposition to Motion to Compel Under Seal Pursuant to Protective Order* by Data Marketing Strategic. (Attachments: # 1 Memorandum in Opposition) (Hecker, Dustin) (Entered: 04/07/2017) |
| 04/07/2017 | 175 | DECLARATION re 174 MOTION for Leave to Electronically File Document under Seal *Opposition to Motion to Compel Under Seal Pursuant to Protective Order [Declaration of Jacinta Francis]* by Data Marketing Strategic (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Hecker, Dustin) (Entered: 04/07/2017) |
| 04/07/2017 | 176 | First MOTION for Extension of Time to Complete Discovery *Class Plaintiffs' Unopposed First Request for a Schedule Extension* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Proposed Order Proposed Scheduling Order) (Radice, John) (Entered: 04/07/2017) |
| 04/10/2017 | 177 | SCHEDULING ORDER re: 176 amended deadlines. ( Ordered by Judge Brian M. Cogan on 4/10/2017 ) (Guzzi, Roseann) (Entered: 04/10/2017) |
| 04/10/2017 | | ELECTRONIC ORDER granting 174 Motion for Leave to Electronically File Document under Seal. Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Magistrate Judge Gary R. Brown on 4/10/2017. c/ecf (Johnston, Linda) (Entered: 04/10/2017) |
| 04/11/2017 | 178 | MEMORANDUM in Opposition re Order on Motion for Leave to Electronically File Document under Seal, *to Plaintiffs' Motion to Compel* filed by Data Marketing Strategic. (Hecker, Dustin) (Entered: 04/11/2017) |
| 04/13/2017 | 179 | Consent MOTION for Extension of Time to File Response/Reply as to 178 Sealed, Memorandum in Opposition *to Class Plaintiffs' Motion to Compel Strategic Data Marketing, LLC's Compliance with Rule 45 Subpoena* by Comfort Care Family Dental, P.C.. (Rubenstein, Daniel) (Entered: |

| | | 04/13/2017) |
|---|---|---|
| 04/14/2017 | 180 | MOTION to Withdraw as Attorney by Henry Schein, Inc.. (Abeles, Scott) (Entered: 04/14/2017) |
| 04/14/2017 | | ELECTRONIC ORDER granting 179 Motion for Extension of Time to File Response/Reply. Application granted. Ordered by Magistrate Judge Gary R. Brown on 4/14/2017. c/ecf (Johnston, Linda) (Entered: 04/14/2017) |
| 04/17/2017 | | ORDER granting 180 Motion to Withdraw as Attorney. Attorney Scott Abeles terminated. Ordered by Magistrate Judge Gary R. Brown on 4/17/2017. (McMorrow, Karen) (Entered: 04/17/2017) |
| 04/18/2017 | 181 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-9458048. by Henry Schein, Inc.. (Attachments: # 1 Notice of Motion, # 2 Affidavit, # 3 Proposed Order) (Lancaster, Sarah) (Entered: 04/18/2017) |
| 04/18/2017 | 182 | NOTICE of Appearance by Lauren M. Fincher on behalf of Henry Schein, Inc. (aty to be noticed) (Fincher, Lauren) (Entered: 04/18/2017) |
| 04/18/2017 | 183 | NOTICE of Appearance by Lauren M. Fincher on behalf of Henry Schein, Inc. (notification declined or already on case) (Fincher, Lauren) (Entered: 04/18/2017) |
| 04/18/2017 | 184 | REPLY to Response to Motion re 167 MOTION to Compel *Strategic Data Marketing, LLC's compliance with Rule 45 subpoena, with unredacted supporting documents (Redacted version of reply)* filed by Comfort Care Family Dental, P.C.. (Rubenstein, Daniel) (Entered: 04/18/2017) |
| 04/18/2017 | 185 | MOTION for Leave to Electronically File Document under Seal *Unredacted version of reply in support of Class Plaintiffs' motion to compel Strategic Data Marketing, LLC's compliance with Rule 45 subpoena* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Memorandum in Support Unredacted version of reply) (Rubenstein, Daniel) (Entered: 04/18/2017) |
| 04/19/2017 | | ELECTRONIC ORDER granting 185 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Magistrate Judge Gary R. Brown on 4/19/2017. C/ECF (Johnston, Linda) (Entered: 04/19/2017) |
| 04/19/2017 | 186 | REPLY to Response to Motion re 167 MOTION to Compel *Strategic Data Marketing, LLC's compliance with Rule 45 subpoena, with unredacted supporting documents (Unredacted version of reply)* filed by Comfort Care Family Dental, P.C.. (Rubenstein, Daniel) (Entered: 04/19/2017) |
| 04/19/2017 | | ELECTRONIC ORDER deferring ruling on 181 Motion for Leave to Appear Pro Hac Vice. The undersigned hereby defers ruling on the petition to appear pro hac vice until petitioner files a motion in conformity with Local Civil Rule 1.3(c)(1)(a)&(b). Ordered by Magistrate Judge Gary R. Brown on 4/19/2017. c/ecf (Johnston, Linda) (Entered: 04/19/2017) |
| 04/19/2017 | 187 | Notice of MOTION to Amend/Correct/Supplement 181 MOTION for Leave |

| | | |
|---|---|---|
| | | to Appear Pro Hac Vice Filing fee $ 150, receipt number 0207-9458048. by Henry Schein, Inc.. (Attachments: # 1 Affidavit, # 2 Certificate of Good Standing, # 3 Proposed Order) (Lancaster, Sarah) (Entered: 04/19/2017) |
| 04/20/2017 | | ELECTRONIC ORDER granting 181 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the $150 admission fee be submitted to the Clerks Office; granting 187 Motion to Amend/Correct/Supplement. Ordered by Magistrate Judge Gary R. Brown on 4/20/2017. C/ECF (Johnston, Linda) (Entered: 04/20/2017) |
| 04/24/2017 | | ORDER granting in part and denying in part 166 and 167 . On this motion, plaintiffs seek to compel production of certain documents and information from non-party Strategic Data Marketing, LLC ("SDM"), specifically certain reports produced to defendants as well as the underlying raw data relating to those reports. SDM objects to production of the reports essentially because the "information that the Plaintiffs seek was provided in confidence." DE 178 at 1. No privilege is invoked, and the concerns raised by SDM are more than adequately addressed by subjecting the reports to be furnished to the existing confidentiality order in this case. The underlying raw data, however, presents a different situation. SDM has articulated -- at least at this juncture -- sufficient facts to support a finding that production of the underlying data would be an undue burden upon this non-party, four-person business. The data sought extends over a decade, involves a variety of electronic formats and storage media, and would require substantial distraction and time investments by management and legal counsel, even though plaintiffs have offered to reimburse SDM for out-of-pocket costs. Furthermore, while plaintiffs have articulated a basis for relevance, the issue is more one of completeness than discovery. Hence, on balance, the burden on SDM appears to outweigh the interests of plaintiffs regarding the raw data.Therefore, it is hereby ORDERED that plaintiffs' motion to compel is GRANTED as to the subject reports but DENIED as to the underlying raw data. Furthermore, SDM may make an appropriate designation of the reports under the existing confidentiality order.Ordered by Magistrate Judge Gary R. Brown on 4/24/2017. (Brown, Gary) (Entered: 04/24/2017) |
| 05/08/2017 | 188 | MOTION for Protective Order *Precluding Discovery into Schein's Medical and Animal Health Businesses* by Henry Schein, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Kass, Colin) (Entered: 05/08/2017) |
| 05/15/2017 | 189 | Letter MOTION for Leave to Electronically File Document under Seal by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bernard W. Kurek, Larchmont Dental Associates, P.C., Howard M. May, DDS, Casey Nelson, Jim Peck, Keith Schwartz, D.M.D., P.A.. (Attachments: # 1 Class Plaintiffs' Opposition to Defendant Henry Schein, Inc.'s Motion for a Protective Order, # 2 Declaration Gary I. Smith, Jr., # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 |

| | | |
|---|---|---|
| | | Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20) (Smith, Gary) (Entered: 05/15/2017) |
| 05/16/2017 | | ELECTRONIC ORDER granting 189 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov..Counsel is directed to either file your original document unsealed or not at all. Counsel is further directed to provide the Court with a courtesy copy of the document(s). Ordered by Magistrate Judge Gary R. Brown on 5/16/2017. c/ecf (Johnston, Linda) (Entered: 05/16/2017) |
| 05/16/2017 | 190 | REPLY in Opposition re 188 MOTION for Protective Order *Precluding Discovery into Schein's Medical and Animal Health Businesses (UNDER SEAL)* filed by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bernard W. Kurek, Larchmont Dental Associates, P.C., Howard M. May, DDS, Casey Nelson, Jim Peck, Keith Schwartz, D.M.D., P.A.. (Smith, Gary) (Entered: 05/16/2017) |
| 05/16/2017 | 191 | AFFIDAVIT/DECLARATION in Opposition re 188 MOTION for Protective Order *Precluding Discovery into Schein's Medical and Animal Health Businesses (UNDER SEAL)* filed by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bernard W. Kurek, Larchmont Dental Associates, P.C., Howard M. May, DDS, Casey Nelson, Jim Peck, Keith Schwartz, D.M.D., P.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20) (Smith, Gary) (Entered: 05/16/2017) |
| 05/19/2017 | 192 | Notice of MOTION for Leave to Appear Pro Hac Vice *for Barack S. Echols* Filing fee $ 150, receipt number 0207-9540342. by Henry Schein, Inc.. (Echols, Barack) (Entered: 05/19/2017) |
| 05/22/2017 | | ELECTRONIC ORDER deferring ruling on 192 Motion for Leave to Appear Pro Hac Vice. The undersigned hereby defers ruling on the petition to appear pro hac vice until petitioner files a motion in conformity with Local Civil Rule 1.3(c)(1)(a)&(b). Ordered by Magistrate Judge Gary R. Brown on 5/22/2017. c/ecf (Johnston, Linda) (Entered: 05/22/2017) |
| 05/22/2017 | 193 | MOTION for Leave to Appear Pro Hac Vice *Barack S. Echols* Filing fee $ 150, receipt number 0207-9546117. by Henry Schein, Inc.. (Echols, Barack) (Entered: 05/22/2017) |
| 05/23/2017 | | ELECTRONIC ORDER granting 192 193 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the 150 admission fee be |

| | | |
|---|---|---|
| | | submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee* . Ordered by Magistrate Judge Gary R. Brown on 5/23/2017. C/ECF (Johnston, Linda) (Entered: 05/23/2017) |
| 05/23/2017 | [194](#) | NOTICE of Appearance by Barack Echols on behalf of Henry Schein, Inc. (notification declined or already on case) (Echols, Barack) (Entered: 05/23/2017) |
| 05/23/2017 | | ORDER granting [188](#) Motion for Protective Order. Defendant Henry Schein, Inc. ("Schein") seeks a protective order as to several discovery devices aimed at obtaining information about separate and independent businesses run by Schein, to wit: medical and veterinarian supply businesses. The discovery sought, even by plaintiffs' characterization, appears to be, at best, contextual background material which could conceivably serve as FRE 404(b)-type evidence. However, the burden of obtaining this information (as well as the inevitable follow-up to such a production), even if relevant, is substantial. Notably, some of the data sought resides in a legacy computer system incompatible with any present systems operated by defendant, which would serve to increase the costs and effort. Moreover, the risk of delay of this case attendant to these requests -- given the advanced state of discovery -- is substantial. In carefully balancing the costs and burdens of providing this material against the speculative and attenuated probative value, I find that the discovery sought is disproportionate. Therefore, the protective order is hereby GRANTED. Ordered by Magistrate Judge Gary R. Brown on 5/23/2017. (Brown, Gary) (Entered: 05/23/2017) |
| 06/05/2017 | [195](#) | MOTION to Withdraw as Attorney *Declaration of David Woodward in Support of Motion to Withdraw* by Casey Nelson. (Woodward, David) (Entered: 06/05/2017) |
| 06/06/2017 | [196](#) | MOTION for Leave to Appear Pro Hac Vice *for Jaran R. Moten* Filing fee $ 150, receipt number 0207-9580281. by Henry Schein, Inc.. (Moten, Jaran) (Entered: 06/06/2017) |
| 06/06/2017 | | ORDER granting [195](#) Motion to Withdraw as Attorney. Attorney David Woodward terminated. Ordered by Magistrate Judge Gary R. Brown on 6/6/2017. (McMorrow, Karen) (Entered: 06/06/2017) |
| 06/06/2017 | | ELECTRONIC ORDER granting [196](#) Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the 150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee* . Ordered by Magistrate Judge Gary R. Brown on 6/6/2017. C/ECF (Johnston, Linda) (Entered: 06/06/2017) |
| 06/06/2017 | [197](#) | Consent MOTION for Extension of Time to Complete Discovery *to take deposition of non-party James Archer Jr.* by Benco Dental Supply Company. (Southall, Samantha) (Entered: 06/06/2017) |
| | | |

| 06/06/2017 | 198 | MOTION for Leave to Electronically File Document under Seal by Comfort Care Family Dental, P.C.. (Attachments: # 1 Memorandum in Support Memorandum of Law in Support of Class Plaintiffs' Rule 72(a) Objections to May 23, 2017 Order Granting Motion for a Protective Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45) (Radice, John) (Entered: 06/06/2017) |
| --- | --- | --- |
| 06/06/2017 | 199 | MOTION to Vacate Order on Motion for Protective Order,,,, by Comfort Care Family Dental, P.C.. (Attachments: # 1 Declaration Declaration of John Radice, # 2 Memorandum in Support Class Plaintiffs' Rule 72(a) Objections to May 23, 2017 Order (redacted)) (Radice, John) (Entered: 06/06/2017) |
| 06/07/2017 | | ELECTRONIC ORDER granting 197 Motion for Extension of Time to Complete Discovery. The parties' proposed Stipulation is hereby So Ordered. Ordered by Magistrate Judge Gary R. Brown on 6/7/2017. (Johnston, Linda) (Entered: 06/07/2017) |
| 06/07/2017 | | ELECTRONIC ORDER granting 198 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Magistrate Judge Gary R. Brown on 6/7/2017. C/ECF (Johnston, Linda) (Entered: 06/07/2017) |
| 06/07/2017 | 200 | MOTION to Vacate Order on Motion for Protective Order,,,, *Memorandum of Law in Support of Class Plaintiffs' Rule 72(a) Objections to May 23, 2017 Order Granting Motion for a Protective Order (unredacted and with exhibits)* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45) (Radice, John) (Entered: 06/07/2017) |
| 06/07/2017 | 201 | NOTICE of Appearance by Jaran R. Moten on behalf of Henry Schein, Inc. (notification declined or already on case) (Moten, Jaran) (Entered: 06/07/2017) |

| | | |
|---|---|---|
| 06/09/2017 | 202 | MOTION for Leave to Appear Pro Hac Vice *for J. Andrew Langan* Filing fee $ 150, receipt number 0207-9591643. by Henry Schein, Inc.. (Langan, James) (Entered: 06/09/2017) |
| 06/10/2017 | 203 | ORDER in case 1:16-cv-00282-BMC-GRB; denying [199, 200] Motion to Vacate. For the foregoing reasons, Judge Browns Order is affirmed, plaintiffs Rule 72 objections are overruled, and their motions to vacate 199 200 are denied. Ordered by Judge Brian M. Cogan on 6/10/2017. Associated Cases: 1:16-cv-00696-BMC-GRB et al. (Cogan, Brian) (Entered: 06/10/2017) |
| 06/12/2017 | | ELECTRONIC ORDER granting 202 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the 150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee* . Ordered by Magistrate Judge Gary R. Brown on 6/12/2017. C/ECF (Johnston, Linda) (Entered: 06/12/2017) |
| 06/12/2017 | 204 | NOTICE of Appearance by James Andrew Langan on behalf of Henry Schein, Inc. (notification declined or already on case) (Langan, James) (Entered: 06/12/2017) |
| 06/15/2017 | 205 | MOTION for Leave to Appear Pro Hac Vice *of Charles J. Kocher, Esq*. Filing fee $ 150, receipt number 0207-9607734. by Bernard W. Kurek, Larchmont Dental Associates, P.C.. (Attachments: # 1 Declaration Declaration of Charles J. Kocher in Support of Pro Hac Vice Application, # 2 Exhibit Exh. A., # 3 Exhibit Exh. B.) (Kocher, Charles) (Entered: 06/15/2017) |
| 06/15/2017 | 206 | NOTICE by Rittenhouse Smiles, P.C. *Notice of Change of Firm Name, Spector Roseman & Kodroff P.C.* (Spector, Eugene) (Entered: 06/15/2017) |
| 06/15/2017 | 207 | Second MOTION for Extension of Time to Complete Discovery *as to Defendant Burkhart and Stipulation Between Class Plaintiffs and Defendant Burkhart Regarding Discovery* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Proposed Order Proposed Order Granting Motion to Extend Fact Discovery as to Defendant Burkhart and Stipulation Between Class Plaintiffs and Defendant Burkhart Regarding Discovery) (Radice, John) (Entered: 06/15/2017) |
| 06/16/2017 | 208 | MOTION to Withdraw as Attorney *and Declaration of Richard Koffman in Support of Motion to Withdraw Jeffrey B. Dubner* by Robert W. Grodner, DDS. (Koffman, Richard) (Entered: 06/16/2017) |
| 06/16/2017 | | ELECTRONIC ORDER granting 205 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the 150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee* . Ordered by Magistrate Judge Gary R. Brown on 6/16/2017. c/ecf (Johnston, |

| | | Linda) (Entered: 06/16/2017) |
|---|---|---|
| 06/16/2017 | | ELECTRONIC ORDER granting 207 Motion for Extension of Time to Complete Discovery. Application granted. The parties' proposed stipulation is hereby So Ordered. Ordered by Magistrate Judge Gary R. Brown on 6/16/2017. c/ecf (Johnston, Linda) (Entered: 06/16/2017) |
| 06/19/2017 | 209 | ORDER dated 6/16/17 re: extension of fact discovery deadline and stipulation regarding remaining discovery. ( Ordered by Judge Brian M. Cogan on 6/16/2017 ) (Guzzi, Roseann) (Entered: 06/19/2017) |
| 06/19/2017 | | ORDER granting 208 Motion to Withdraw as Attorney. Attorney Jeffrey B. Dubner terminated. Ordered by Magistrate Judge Gary R. Brown on 6/19/2017. (McMorrow, Karen) (Entered: 06/19/2017) |
| 06/19/2017 | | ORDER TO SHOW CAUSE. Class plaintiffs are ORDERED TO SHOW CAUSE why Burkhart's motion to dismiss for lack of personal jurisdiction should not be granted and plaintiffs' claims against Burkhart dismissed in light of Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty., No. 16-466. Class plaintiffs' response to the Order to Show Cause due 7/5/2017, and Burkhart's reply, if any, due 7/12/2017. Ordered by Judge Brian M. Cogan on 6/19/2017. (Weisberg, Peggy) (Entered: 06/19/2017) |
| 07/05/2017 | 210 | RESPONSE TO ORDER TO SHOW CAUSE by Arnell Prato, D.D.S., P.L.L.C, Evolution Dental Science, LLC, Bernard W. Kurek, Larchmont Dental Associates, P.C., Howard M. May, DDS, Casey Nelson, Jim Peck, Keith Schwartz, D.M.D., P.A. (Cramer, Eric) (Entered: 07/05/2017) |
| 07/12/2017 | 211 | MOTION for Leave to Electronically File Document under Seal by Burkhart Dental Supply Company. (Attachments: # 1 Memorandum in Support) (Silberberg, Richard) (Entered: 07/12/2017) |
| 07/12/2017 | 212 | REPLY in Support re Order to Show Cause,, filed by Burkhart Dental Supply Company. (Silberberg, Richard) (Entered: 07/12/2017) |
| 07/13/2017 | | ORDER granting 211 Motion for Leave to Electronically File Document under Seal. Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Judge Brian M. Cogan on 7/13/2017. (Weisberg, Peggy) (Entered: 07/13/2017) |
| 07/13/2017 | 213 | REPLY in Support re Order to Show Cause,, filed by Burkhart Dental Supply Company. (Silberberg, Richard) (Entered: 07/13/2017) |
| 07/13/2017 | 214 | Letter *to Judge Gary R. Brown requesting guidance concerning a related action* by Benco Dental Supply Company, Burkhart Dental Supply Company, Henry Schein, Inc., Patterson Companies, Inc. (Fontecilla, Adrian) (Entered: 07/13/2017) |
| 07/14/2017 | | ELECTRONIC ORDER re 214 Letter filed by Henry Schein, Inc., Patterson Companies, Inc., Burkhart Dental Supply Company, Benco Dental Supply Company. Application granted, on consent. The proposed deadline for |

| | | defendants to respond is hereby So Ordered. Defense counsel shall serve a copy of this Electronic Order on Counsel for Non-Party Archer and White Sales Inc. forthwith. Ordered by Magistrate Judge Gary R. Brown on 7/14/2017. c/ecf (Johnston, Linda) (Entered: 07/14/2017) |
|---|---|---|
| 07/18/2017 | 215 | Letter *Defendant Schein's Letter Pursuant to Court's July 14, 2017 Order Regarding Archer and White Sales, Inc.'s Motion to Compel in Related Action* by Henry Schein, Inc. (Attachments: # 1 Exhibit 1) (Kass, Colin) (Entered: 07/18/2017) |
| 07/18/2017 | 216 | Letter *stating Class Plaintiffs' position on Archer & White subpoena issue* by Comfort Care Family Dental, P.C. (Radice, John) (Entered: 07/18/2017) |
| 07/18/2017 | 217 | Letter *Pursuant to the Court's July 14, 2017 Order regarding Archer & White Sales' Motion to Compel* by Patterson Companies, Inc. (Miller, Michael) (Entered: 07/18/2017) |
| 07/18/2017 | 218 | Letter *Defendant Benco's Letter Pursuant to Court's July 14, 2017 Order Regarding Archer and White Sales, Inc.'s Motion to Compel in Related Action* by Benco Dental Supply Company (Scher, Howard) (Entered: 07/18/2017) |
| 07/18/2017 | 219 | Letter *Pursuant to the Court's July 14, 2017 Order Regarding the Motion to Compel by Archer & White Sales, Inc.* by Burkhart Dental Supply Company (Silberberg, Richard) (Entered: 07/18/2017) |
| 07/20/2017 | 220 | Letter *informing the Court of Archer and White Sales, Inc.'s filing in its miscellaneous subpoena action* by Comfort Care Family Dental, P.C. (Attachments: # 1 Exhibit Archer and White Sales, Inc.'s letter to Judge Brown in miscellaneous action concerning EDTX hearing) (Radice, John) (Entered: 07/20/2017) |
| 07/20/2017 | 221 | Letter *informing the Court of Archer and White Sales, Inc.'s second filing in its miscellaneous subpoena action* by Comfort Care Family Dental, P.C. (Attachments: # 1 Exhibit Archer and White Sales, Inc.'s second letter to Judge Brown in miscellaneous action, concerning EDTX order) (Radice, John) (Entered: 07/20/2017) |
| 07/21/2017 | 222 | Letter *Defendant Benco's Supplemental Letter Pursuant to Court's July 14, 2017 Order Regarding Archer and White Sales, Inc.'s Motion to Compel in Related Action* by Benco Dental Supply Company (Scher, Howard) (Entered: 07/21/2017) |
| 08/03/2017 | 223 | ORDER in case 1:16-cv-00696-BMC-GRB; denying (1) Motion to Compel in case 1:17-mc-01947-BMC-GRB. See order for details. Ordered by Magistrate Judge Gary R. Brown on 8/3/2017. (McMorrow, Karen) (Entered: 08/03/2017) |
| 08/04/2017 | 224 | Second MOTION for Extension of Time to Complete Discovery *Second Motion for an Extension of the Expert Discovery Schedule* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Proposed Order Proposed Scheduling Order, # 2 Declaration Declaration of James T. McClave, PhD, # 3 Exhibit Exhibit 1, # 4 Exhibit Exhibit 2, # 5 Exhibit Exhibit 3, # 6 Exhibit Exhibit 4, # |

| | | |
|---|---|---|
| | | 7 Exhibit Exhibit 5, # 8 Exhibit Exhibit 6, # 9 Exhibit Exhibit 7) (Radice, John) (Entered: 08/04/2017) |
| 08/07/2017 | | ORDER re: 224 Second Motion for Extension of Time to Complete Discovery. Defendants' responses to this motion are due by 8/11/2017. Ordered by Judge Brian M. Cogan on 8/7/2017. (Weisberg, Peggy) (Entered: 08/07/2017) |
| 08/09/2017 | 225 | DECLARATION re 224 Second MOTION for Extension of Time to Complete Discovery *Second Motion for an Extension of the Expert Discovery Schedule Supplemental Declaration of James T. McClave, PhD* by Comfort Care Family Dental, P.C. (Radice, John) (Entered: 08/09/2017) |
| 08/11/2017 | 226 | RESPONSE in Opposition re 224 Second MOTION for Extension of Time to Complete Discovery *Second Motion for an Extension of the Expert Discovery Schedule* filed by Patterson Companies, Inc.. (Long, James) (Entered: 08/11/2017) |
| 08/11/2017 | 227 | RESPONSE in Opposition re 224 Second MOTION for Extension of Time to Complete Discovery *Second Motion for an Extension of the Expert Discovery Schedule* filed by Benco Dental Supply Company. (Scher, Howard) (Entered: 08/11/2017) |
| 08/11/2017 | 228 | RESPONSE in Opposition re 224 Second MOTION for Extension of Time to Complete Discovery *Second Motion for an Extension of the Expert Discovery Schedule* filed by Henry Schein, Inc.. (Kass, Colin) (Entered: 08/11/2017) |
| 08/11/2017 | 229 | MOTION to Seal *the Declaration of Adrian Fontecilla and the exhibits thereto* by Henry Schein, Inc.. (Attachments: # 1 Declaration of Adrian Fontecilla (under seal), # 2 Exhibit A (under seal), # 3 Exhibit B (under seal), # 4 Exhibit C (under seal), # 5 Exhibit D (under seal), # 6 Exhibit E (under seal), # 7 Exhibit F (under seal), # 8 Exhibit G (under seal), # 9 Exhibit H (under seal), # 10 Exhibit I (under seal), # 11 Exhibit J (under seal), # 12 Exhibit K (under seal), # 13 Exhibit L (under seal), # 14 Exhibit M (under seal), # 15 Exhibit N (under seal), # 16 Exhibit O (under seal), # 17 Exhibit P (under seal), # 18 Exhibit Q (under seal), # 19 Exhibit R (under seal), # 20 Exhibit S (under seal)) (Kass, Colin) (Entered: 08/11/2017) |
| 08/14/2017 | | ORDER denying 224 Second MOTION for Extension of Time to Complete Discovery. Plaintiffs have failed to establish that good cause exists for an extension of the expert discovery schedule. Defendants have not engaged in dilatory tactics; rather, it is clear from plaintiffs' letter that their expert made analytical errors that have put him and his team behind their desired schedule. Plaintiffs' supplemental declaration regarding the additional Burkhart production is similarly unavailing -- plaintiffs sought and received an extension of Burkhart's discovery until 8/10/2017, so a production on 8/4/2017 is both timely and not reason enough to change the expert report deadlines, especially given the relatively small number of documents contained therein. Plaintiffs have already received two extensions of time, and they have shown no good cause to warrant a third. Ordered by Judge Brian M. Cogan on 8/14/2017. (Weisberg, Peggy) (Entered: 08/14/2017) |

| 08/15/2017 | 230 | MOTION for Reconsideration re Order on Motion for Extension of Time to Complete Discovery,,, *Motion for Reconsideration of Order Denying Class Plaintiffs' Motion to Extend the Expert Discovery Deadline* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Exhibit Exhibit 1 - Henry Schein's Objections and Responses to Plaintiffs' First Set of RFPs) (Radice, John) (Entered: 08/15/2017) |
|---|---|---|
| 08/16/2017 | | ORDER denying 230 Motion for Reconsideration. "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Montblanc-Simplo GmbH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010). Plaintiffs' motion assumes that the Court relied on the parties' arguments regarding the discovery disputes that transpired during the pendency of discovery, but those issues were and remain immaterial, mooting the vast majority of plaintiffs' motion (either as immaterial or as new facts and arguments raised for the first time on reconsideration). If a party fails to raise a discovery dispute, that party has waived its right to that discovery; I am not going to hear about those disputes at this late date. On 6/15/2017, plaintiffs moved for an extension of time to complete discovery with Burkhart and stated in their application that no other dates, including expert discovery, were being changed. Thus, the Court's only concern as to the third motion for an extension of time is what transpired between 6/15/2017 and 8/4/2017 that would necessitate an extension, and the only issue raised as to that time period is plaintiffs' need to have Schein reproduce its last production 25 days after the close of discovery. That did not warrant a 90-day extension on plaintiffs' initial motion, nor does it warrant a 30-day extension now. The Court did not overlook any of the relevant facts, and plaintiffs' attempt to relitigate the same issue is rejected. Ordered by Judge Brian M. Cogan on 8/16/2017. (Weisberg, Peggy) (Entered: 08/16/2017) |
| 08/18/2017 | 231 | Notice of Related Case indicated on the civil cover sheet in case 17-CV-4834 (SJF)(SIL). (Landow, Concetta) (Entered: 08/18/2017) |
| 08/21/2017 | 232 | MOTION for Leave to Appear Pro Hac Vice *for Aaron Goldstein* Filing fee $ 150, receipt number 0207-9771098. by Burkhart Dental Supply Company. (Montcalm, Jonathan) (Entered: 08/21/2017) |
| 08/22/2017 | | ELECTRONIC ORDER granting 232 Motion for Leave to Appear Pro Hac Vice The attorney shall register for ECF, registration is available online at the NYEDs homepage. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the 150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee* . Ordered by Magistrate Judge Gary R. Brown on 8/22/2017. C/ECF (Johnston, Linda) (Entered: 08/22/2017) |
| 09/08/2017 | | ORDER granting 229 Motion to Seal. Ordered by Judge Brian M. Cogan on 9/8/2017. (Weisberg, Peggy) (Entered: 09/08/2017) |
| 09/12/2017 | 233 | Emergency MOTION for Extension of Time to Complete Discovery *First* |

|  |  | *Emergency Consent Motion for an Extension of the Expert Disclosure Deadlines as a Result of Hurricane Irma* by Comfort Care Family Dental, P.C.. (Attachments: # 1 Proposed Order) (Radice, John) (Entered: 09/12/2017) |
| 09/12/2017 | 234 | ORDER granting 233 Motion for Extension of Time to Complete Discovery. Plaintiffs' expert reports due 9/19/2017; defendants' expert reports due 11/20/2017; plaintiffs' rebuttal due 1/16/2018. See Amended Scheduling Order. Ordered by Judge Brian M. Cogan on 9/12/2017. (Weisberg, Peggy) (Entered: 09/12/2017) |
| 09/20/2017 | 235 | MEMORANDUM DECISION AND ORDER dated 9/20/17 granting defendant Burkhart's 134 Motion to Dismiss plaintiffs Second Consolidated Class Action Complaint. ( Ordered by Judge Brian M. Cogan on 9/20/2017 ) (Guzzi, Roseann) (Entered: 09/20/2017) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 10/13/2017 13:56:25 | | | |
| **PACER Login:** | Prosk0036:4786464:0 | **Client Code:** | 36142/060/9664 |
| **Description:** | Docket Report | **Search Criteria:** | 1:16-cv-00696-BMC-GRB |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE DENTAL SUPPLIES ANTITRUST LITIGATION | **No. 1:16-CV-00696-BMC-GRB**<br><br>**SECOND CONSOLIDATED CLASS ACTION COMPLAINT (ALL CASES)**<br><br>**JURY TRIAL DEMANDED** |

## CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiffs Arnell Prato, D.D.S., P.L.L.C., d/b/a/ Down to Earth Dental ("Down to Earth Dental"), Evolution Dental Sciences, LLC ("Evolution"), Howard M. May, DDS, P.C. ("May"), Casey Nelson, D.D.S. ("Nelson"), Jim Peck, D.D.S. ("Peck"), Bernard W. Kurek, D.M.D. and Larchmont Dental Associates, P.C., (collectively, "Kurek"), Keith Schwartz, D.M.D., P.A. ("Schwartz") (collectively, "Plaintiffs"), on behalf of themselves and a proposed class (defined below) of all other similarly situated direct purchasers of dental supplies and equipment distribution services from defendants Henry Schein, Inc. ("Henry Schein"), Patterson Companies, Inc. ("Patterson"), Benco Dental Supply Company ("Benco"), and Burkhart Dental Supply Company ("Burkhart") (collectively, "Defendants"), bring this action for treble damages and injunctive relief under Section 1 of the Sherman Antitrust Act, demanding a trial by jury of all issues so triable. Plaintiffs allege the following, based upon personal knowledge as to matters relating to themselves, and upon information and belief, and documents produced in discovery in related litigation and the investigation of counsel as to all other matters:

## NATURE OF THE ACTION

1.      Plaintiffs have purchased dental supplies and equipment directly from Defendants. Plaintiffs seek to represent a Class (defined below) of approximately 142,000 unique dental practices, orthodontic practices, and dental laboratories ("dental practices") operating within the United States, most of which are small sole-practitioner operations.

2.      Defendants include by far the three largest distributors of dental supplies and equipment in the United States. Insulated by high barriers to entry, largely created and bolstered by the conspiracy alleged herein, Defendants have collectively accounted for between 80% and 90% of this highly concentrated market, with Henry Schein currently holding 41% of the market,

Patterson 34%, and Benco 10%.

3.      This case involves a nationwide agreement not to compete on price by Henry Schein, Patterson, Benco, Burkhart, and other co-conspirators so as to be able to charge dental practices supracompetitive prices for dental supplies and equipment. The Defendants' overarching agreement not to compete on price had, and continues to have, three interrelated components— all three of which support the common goal of suppressing price competition so that they each could charge artificially inflated prices for dental supplies and equipment, and thereby reap supracompetitive profits. The overarching conspiracy included the following three elements:

4.      *First*, Henry Schein, Patterson, Benco, and Burkhart and other co-conspirators agreed among themselves to fix margins on dental supplies and equipment. In the words of Henry Schein Regional Manager Mark Lowery, the aim of the margin-fixing scheme was to ensure that dentists "get[] [dental products] for the same price no matter who they buy it from" so that "we all get paid," and the scope of the margin-fixing scheme ran "unanimously across the industry [for] as long as [he's] been in the dental business."

5.      *Second*, Henry Schein, Patterson, Benco, Burkhart and other co-conspirators allocated customers among themselves, agreeing not to poach one another's customers and, in support of that customer allocation agreement, agreeing not to actively recruit or poach one another's sales representatives. Because sales representatives often have relationships with customers and sometimes have the ability to bring books of business with them, the Defendants' "no-poach agreement" supported and bolstered the customer allocation agreement, which in turn, supported and bolstered the Defendants' overarching agreement not to compete on price.

6.      *Finally*, Henry Schein, Patterson, Benco, Burkhart, and other co-conspirators combined to block the entry and expansion of lower-margin, lower-priced, rival dental distributors that

threatened the Defendants' ability to charge supracompetitive prices and maintain supracompetitive profit margins. Henry Schein, Patterson, Benco, Burkhart, and other yet-unknown conspirators engaged in a concerted and collusive effort that involved threats to boycott collectively, and actual group boycotts of, dental supply and equipment manufacturers, state dental trade associations, dental practices, and other industry participants that chose to deal with or sell to lower-priced dental distributors. As a consequence of Henry Schein, Patterson, Benco, and Burkhart's substantial collective market power, the Defendants' threatened and actual boycotts were successful in deterring market participants from doing business with or associating with lower-priced rivals—cutting these rivals off from critical suppliers and customer bases.

7.    These successful group boycotts began in or before 2008 and include the foreclosure and impairment of nationwide dental distribution competitors as well as competitors that, but-for the group boycotts, were poised for nationwide expansion. Victims of the conspiracy have included multiple discounting distributor rivals, with a variety of business models, including entities like Amazon.com, Inc., poised to grow substantially the sale of dental supplies over the internet. As to Amazon.com, in particular, a Henry Schein employee worried in writing that it had the potential to be "a freight train that will drive down margins." The Defendants' group boycott also targeted entities with innovative distribution methods and business models, such as SourceOne Dental, Inc. ("SourceOne"), which offers dentists discounted dental supplies over the internet and additionally partnered with state dental associations to aggregate their members' purchasing volumes as a means to further bring down prices. Over the Class Period (defined *infra*), the conspiracy aimed its sights at multiple rival dental distributors, whose business models involved gaining customers by undercutting the margins of the Defendants, including Archer & White

Sales, Inc. ("Archer & White"), Dynamic Dental, and Pearson Dental Supply Co. The Defendants collectively threatened dental equipment and supply manufacturers that the Defendants would each refuse to carry, promote, or sell the manufacturers' products if the manufacturers did not force these rival distributors to raise their prices. These group boycotts have impaired dental distribution rivals, foreclosed them from competing, and removed the natural downward pressure on prices and margins that would have flowed directly from enhanced competition absent the conspiracy. One prominent industry participant observed that SourceOne, in particular, which had emerged as a major competitive threat to Defendants beginning in 2013, would have spread throughout the nation in a "nano-second" if not for the group boycotts.

8.     The conspiracy complained of herein has spawned private actions by at least two of Defendants' rivals—one in 2012 by Archer and White,[1] and another in 2015 by SourceOne, as well as active government investigations by the Arizona Attorney General, the Texas Attorney General, and the U.S. Federal Trade Commission. SourceOne's suit is pending in this District,[2] and specifically alleges that a group boycott by Henry Schein, Patterson, and Benco has stifled its growth, allowing them to charge higher prices than those that would have prevailed in a world absent the conspiracy. The Texas Attorney General's investigation has already resulted in a complaint and consent judgment against Benco, and continues against Henry Schein and Patterson.

9.     The concerted conduct alleged herein constitutes an unlawful agreement not to compete, and in furtherance and enforcement of that overarching agreement not to compete on price,

---

[1] *Archer and White Sales, Inc. v. Henry Schein, Inc., et al.*, 2:12-cv-00572-JRG-RSP (E.D. Tex.).
[2] *SourceOne Dental, Inc. v. Patterson Companies, Inc., et al.*, No. 15-cv-5440-BMC-GRB (E.D.N.Y.) (Cogan, J.).

agreements to fix margins, allocate customers, and group boycotts of entities dealing with discounting rivals who threatened to undercut Defendants' cartelized margins. This conduct is *per se* illegal under Section 1 of the Sherman Act. The conduct has suppressed competition, fixed, raised, and stabilized prices for dental equipment and supplies, reduced consumer choice and consumer welfare, and caused Plaintiffs and members of the proposed Class antitrust injury in the form overcharge damages flowing from the imposition of higher prices than those that would have prevailed in a market undistorted by the Defendants' overarching agreement not to compete on price.

## JURISDICTION AND VENUE

10. Plaintiffs bring claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, seeking treble damages pursuant to Section 4 of the Clayton Antitrust Act, 15 U.S.C. § 15 and injunctive relief pursuant to Section 16 of the Clayton Antitrust Act, 15 U.S.C. § 26. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1337(a).

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 22 as Defendants reside, transact business, committed an illegal or tortious act, have an agent, or can be found in this District and a substantial portion of the events described below have been carried out in this District.

12. This Court has personal jurisdiction over Defendants as each distributes dental supplies and equipment within this District, enters into contracts within this District, markets its distribution offering in this District, and otherwise transacts business within this District.

## INTERSTATE COMMERCE

13. Henry Schein operates its business from 65 distribution centers throughout the nation. Patterson operates its business from 8 distribution centers throughout the nation. Benco operates

6

its business from 6 distribution centers throughout the nation. Burkhart is incorporated under the laws of Washington state, with its headquarters in Tacoma, Washington, and branches in Alaska, Arizona, California, Colorado, Idaho, Nevada, Oklahoma, Oregon, Texas, and Utah.

14.     These distribution centers facilitate the sale of dental supplies and equipment to dental practices nationwide, in a continuous and uninterrupted flow of commerce across state lines.

15.     As the dental supplies and equipment distribution at issue in this action are sold in interstate commerce, the price impact on dental supplies and equipment distribution flowing from Defendants' unlawful conduct has had a substantial effect upon interstate commerce.

## PARTIES

### A.     Plaintiffs

16.     Down to Earth Dental operates two dentist offices located in Tacoma, Washington. Throughout the Class Period defined below, Down to Earth Dental purchased dental supplies and equipment from one or more Defendants at prices that were artificially inflated as a result of the conduct alleged herein and has thereby suffered antitrust injury.

17.     Kurek operated a dental office in Mount Laurel, New Jersey. During the Class Period (defined below), Kurek purchased dental supplies and equipment from one or more Defendants at prices that were artificially inflated as a result of the conduct alleged herein and has thereby suffered antitrust injury.

18.     May operates a dentist office located in Los Gatos, California. Throughout the Class Period defined below, May purchased dental supplies and equipment from one or more Defendants at prices that were artificially inflated as a result of the conduct alleged herein and has thereby suffered antitrust injury.

19.     Peck operates a dentist office in New Braunfels, Texas. Throughout the Class Period

defined below, Peck purchased dental supplies and equipment from one or more Defendants at prices that were artificially inflated as a result of the conduct alleged herein and has thereby suffered antitrust injury.

20.    Nelson operates a dentist office in Minneapolis, Minnesota. Throughout the Class Period defined below, Nelson purchased dental supplies and equipment from one or more Defendants at prices that were artificially inflated as a result of the conduct alleged herein and has thereby suffered antitrust injury.

21.    Schwartz operates a dentist office in Coconut Creek, Florida. Throughout the Class Period defined below, Schwartz purchased dental supplies and equipment from one or more Defendants at prices that were artificially inflated as a result of the conduct alleged herein and has thereby suffered antitrust injury.

22.    Evolution operates a dental laboratory in Buffalo, NY. Throughout the Class Period defined below, Evolution purchased dental supplies and equipment from one or more Defendants at prices that were artificially inflated as a result of the conduct alleged herein and has thereby suffered antitrust injury.

**B.    Defendants**

23.    Henry Schein, which is incorporated under the laws of Delaware with its headquarters in Melville, New York, is the nation's largest distributor of dental supplies and equipment.

24.    Patterson, which is incorporated under the laws of Minnesota with its headquarters in St. Paul, Minnesota, is the nation's second largest distributor of dental supplies and equipment.

25.    Benco, which is incorporated under the laws of Delaware with its headquarters in Pittston, Pennsylvania, is the nation's third largest distributor of dental supplies and equipment.

26.    Burkhart is incorporated under the laws of Washington state, with its headquarters in

Tacoma, Washington, and is a prominent distributor of dental supplies and equipment.

## CO-CONSPIRATORS

27.     Various other individuals and entities not named as defendants herein participated as co-conspirators with Defendants and performed acts and made statements in furtherance of the conspiracy.

## CLASS ACTION ALLEGATIONS

28.     Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23 as representatives of a Class defined as follows:

> All persons or entities that purchased dental supplies and equipment from Henry Schein, Patterson, Benco, Burkhart or any combination thereof, during the period beginning August 31, 2008, until such time as the anticompetitive conduct alleged herein has ceased (the "Class Period"). Excluded from the Class are Defendants, their subsidiaries, affiliate entities, and employees, and all federal or state government entities or agencies.

29.     The members of the Class are so numerous that joinder is impracticable. There are tens of thousands of dental practices that directly purchased dental supplies and equipment distribution from Defendants the Class Period.

30.     There are numerous questions of law and fact that predominate over any issues affecting individual members of the Class, including, *inter alia*:

       a.  Whether Defendants conspired not to compete with one another on price;

       b.  Whether Defendants conspired with one another to allocate the market between themselves;

       c.  Whether Defendants conspired with one another to fix, maintain, and/or raise the prices charged to members of the Class for dental supplies and equipment;

       d.  Whether Defendants conspired with one another to boycott or threaten to boycott one or more competitors, manufacturers, trade associations, customers, or other

9

market participants with the aim of lessening competition in the United States

dental supplies and equipment distribution services market;

e. Whether the conduct alleged herein artificially maintained, preserved, or

enhanced Defendants' collective market power;

f. Whether the conduct alleged herein constitutes a *per se* violation of the federal

antitrust laws;

g. Whether the conduct alleged herein caused damages to the members of the Class

in the form of overcharges paid for dental supplies and equipment distribution

services, and the proper measure of such overcharge damages.

31.     Plaintiffs have no interests that are antagonistic to those of other or absent members of

the Class, such that they can fairly and adequately represent and protect their interests.

32.     Plaintiffs have retained counsel with substantial experience litigating complex antitrust

class actions, including substantial experience litigating such cases within this District.

33.     Class treatment of Plaintiffs' federal antitrust claims is a superior method for the fair and

efficient adjudication of this controversy in that, among other things, such treatment will permit a

large number of similarly situated persons to prosecute common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of effort and expense that

numerous individual actions would engender.

34.     Plaintiffs know of no difficulty likely to be encountered in the maintenance of this action

as a class action under Federal Rule of Civil Procedure 23.

## DEFENDANTS POSSESS SUBSTANTIAL MARKET POWER IN THE U.S. MARKET FOR DENTAL SUPPLIES AND EQUIPMENT DISTRIBUTION SERVICES

35.     Plaintiffs allege a *per se* illegal agreement not to compete on price, including agreements

to fix and stabilize margins and prices, agreements not to compete for customers, and agreements

10

to boycott persons and entities that did business with dental supply distributors that discounted prices and margins. To the extent Plaintiffs' claims must proceed under the rule of reason or otherwise require the definition of a relevant market, the market relevant to Plaintiffs' claims is the United States market for dental supplies and equipment distribution services.

36.     In order to treat their patients, dental practices regularly consume dozens if not hundreds of different types of dental supplies including, *inter alia*: acrylics, adhesive agents, alloys, anesthetics, articulating products, burs, cements and liners, crown and bridge products, endodontics, implants, impression materials, instruments, pins and posts, retraction materials, rubber dam materials, waxes, infection control products, and x-ray accessories ("dental supplies"), as well as various kinds of dental equipment including, *inter alia*, imaging devices, dental chairs, and CAD/CAM systems ("dental equipment," and with dental supplies, "dental supplies and equipment").

37.     There are hundreds of dental supplies and equipment manufacturers operating within the United States and elsewhere that create the products dental practices require to treat their patients. To avoid the burden and expense associated with purchasing, processing, and receiving orders from dozens of manufacturers on a regular basis, dental practices use distributors, like Defendants, who stock a wide-ranging catalogue of dental manufacturers' products. Approximately 75% of all such supplies and equipment are sold through distributors like Defendants.

38.     Henry Schein, Patterson, Benco, and Burkhart purchase dental supplies and equipment products from dental manufacturers, warehouse them in their distribution centers, and resell and deliver them directly to dental practices like Plaintiffs, charging dental practices the products' cost (from the manufacturer) plus distribution fees (typically set as a percentage of the cost) on

top of the cost, which the Defendants often refer to as a "margin."

39.    Because of the burden, expense, and inefficiency associated with purchasing, processing, and receiving orders from dozens of manufacturers, purchasing directly from manufacturers is not a reasonably available substitute for purchasing through distributors. By purchasing through a distributor, dental practices can place, process, and receive fewer orders and shipments, saving both time and money compared with ordering each of the various products they need from the individual manufacturers. Moreover, manufacturers themselves lack the distribution channels necessary to efficiently, affordably, and timely provide dental practices their products. Some manufacturers do not even offer direct purchasing options, requiring dental practices to purchase those manufacturers' products through distributors like the Defendants. This means that dental supplies and equipment manufactures could not discipline Defendants' pricing power even if, contrary to fact, they did offer lower-cost or higher-quality direct purchasing options.

40.    At all times relevant hereto, Defendants have collectively possessed market power—that is, they maintained the ability to raise prices significantly above competitive levels profitably, without losing a commensurate number of sales—in the United States market for dental supplies and equipment distribution services.

**THE U.S. MARKET FOR DENTAL SUPPLIES AND EQUIPMENT DISTRIBUTION SERVICES IS PARTICULARLY SUSCEPTIBLE TO ANTICOMPETITIVE CONDUCT**

41.    The United States dental supplies and equipment distribution services market is marked by several characteristics that both facilitate the market's susceptibility to anticompetitive conduct and bolster the Defendants' substantial market power.

42.    *First*, the market is highly concentrated. Defendants collectively occupy between 80% and 90% of the relevant market, correlating to a Herfindahl-Hirschman Index ("HHI")—a common measure of industry concentration utilized by the United States Department of Justice

12

and economists throughout the nation—of over 3,000. An HHI over 2,500 is considered to be a "highly concentrated" industry. This market concentration makes it easier for Henry Schein, Patterson, Benco, and Burkhart to effectuate their anticompetitive scheme and virtually impossible for direct purchasers to circumvent the effects of Defendants' conspiracy.

43.     *Second*, the market also has high entry barriers, largely created and bolstered by the Defendants' conspiracy. Crucial industry access points such as state dental associations also serve as entry barriers as those critical junctures or "choke points," which connect suppliers with customers, can be, and in fact are, manipulated by large incumbents like Defendants.

44.     *Third*, the market is characterized by relatively static demand. Faced with static or declining demand, firms *should* attempt to undercut one another's prices to steal market share from one another. However, the fear of lower prices and lower profit margins creates a greater incentive to engage in collusive anticompetitive conduct to preserve corporate profits. Demand has remained relatively consistent, particularly because insured adults and children receive routine dental care coverage and dental care demand is directly correlated with dental supplies and equipment demand. Yet, Henry Schein, Patterson, Benco, and Burkhart have consistently raised their distribution prices in near lock step year-after-year. Rising prices in a market facing static or declining demand are inconsistent with competitive equilibrium prices and demonstrate that the market has been distorted by anticompetitive conduct.

### THE DEFENDANTS CONSPIRED TO FIX PRICES AND MARGINS FOR THE DISTRIBUTION OF DENTAL SUPPLIES AND EQUIPMENT

45.     The core of the conspiracy between Henry Schein, Patterson, Benco, and Burkhart involved an overarching agreement not to compete on price so as to inflate prices artificially and maintain supracompetitive margins despite static or declining demand and competitive threats from multiple sources, including rival nationwide distributors, the internet, and innovative

distribution business models. The price dental practices pay distributors for dental supplies and equipment has two components: the distributor's acquisition cost for the product from the manufacturer, and a distribution fee or margin on top of its acquisition cost.

46.     For years, Henry Schein, Patterson, Benco, and Burkhart have agreed on the distribution fee or margin component they would charge customers. At least as far back as 2005, Henry Schein, Patterson, Benco, and Burkhart agreed to charge margins on dental supplies and equipment between 26-28%. They have, every year since 2005, raised these margins, and presently, the cartelized margins are 35% or higher.

47.     Defendants have orchestrated the conspiracy through private meetings at professional events, personal gatherings, text messages, phone calls, business and personnel email messages, and intermediaries, including, *e.g.*, the sales representatives and executives of dental supply and equipment manufacturers. And although there is little active recruitment among the conspirators for one another's sales representatives (as a result of a no-poaching agreement, detailed *infra*), there is substantial overlap among high level employees, with many of the conspirators' high level employees moving between and among the Defendants. This perpetual "revolving door" facilitates the overarching agreement not to compete on price.

48.     In furtherance of the conspiracy not to compete on price, Henry Schein, Patterson, Benco, and Burkhart also agreed to boycott and exclude lower-priced distributors that threatened their supracompetitive prices. In some cases, the conspirators gave lower-priced distributors a choice: Join the cartel and raise your prices, or we will jointly pressure dental supply and equipment manufacturers and other industry participants to cut you off. Upon information and belief, Benco and Burkhart were given such a choice, and joined the overarching conspiracy not to compete. After years of concerted and oppressive boycotts at the hands of the major distributors, Archer &

White and its joint venture partner, Dynamic Dental—two discount distributors that substantially undercut the Defendants' prices—were also given such a choice. They declined the invitation and suffered a conspiracy of retaliation from the Defendants as a result.

49.     Specifically, in June of 2008, reeling from the force of the Defendants' group boycott, alleged in more detail *infra*, Archer & White and Dynamic Dental, through sales representative Skip Pettus, met with Henry Schein's Mark Lowery *and* Burkhart's Jack Powers. In that meeting, Mr. Pettus learned of the Defendants' long-standing price fixing conspiracy. Messrs. Lowery and Powers offered to end the group boycott of Archer & White if Archer & White and Dynamic Dental agreed to maintain margins on their sales of dental products between 32 and 34%, the then-prevailing cartelized margin.

50.     During this meeting, Mr. Lowery of Henry Schein suggested to Mr. Pettus that if Archer & White and Dynamic Dental "***took price out of the equation***, you know, you'd probably get along with – more of the local people." Mr. Lowery noted that he did not want to get beat on a sale "because of price" and that "***I'd like to think I know where – where Jack*** [of Burkhart] ***is going to come in at*** [on price]." Mr. Lowery went on that he "consider[ed] Jack a good competitor. I like Jack."

51.     Mr. Lowery continued, referencing the group boycott, "Even your vendors [manufacturers] that you do have, I think you'll get to maintain better relationships with them if you don't drop your drawers [offer low prices]," and that "if I'm not going to do it [enforce the boycott], they're going to put somebody else in my place to do it [enforce the boycott]."

52.     Urging Archer & White and Dynamic Dental to raise prices, Mr. Lowery queried, "Are you making money over there? . . . I mean, if you are making money, I—I'm going to say you probably thought you were going to make more money than what you're making."

15

53.     Mr. Pettus pointedly asked what he had to do to "get along" with Defendants, to "get to a professional level" or be "accepted into the market" "just like a [Burkhart] *or a Patterson is*." Mr. Lowery responded by reiterating that Archer & White and Dynamic Dental's low pricing, or "drawer dropping," was the problem:

> Well, you know, I think the—the big thing is—you know, it goes back to, I don't know that you have to necessarily *buy the market*. I don't think you do. I think, you know, that's the probably the number one issue for small companies. I mean, *that's how they start getting market share* and you know, that's—that's a way for them to sell a product, and *we all have the ability to drop our drawers*. You know we do. But, you know, I think that's—that's part of the—*the mutual respect* with Jack and us because *we all know* that . . . We all want to make a living. We want to—we all—*all are going to sell it at a—at a good price where we all get paid.*

54.     Mr. Lowery also acknowledged the existence of the margin fixing agreement, where Defendants would not want to undercut one another's prices, stating: "If [customers] are price-checking you, that's the time to drop your drawers, . . . [but] that obviously muddies up the water . . . so, you know, *I know probably Jack* [of Burkhart] *won't do that* [drop his drawers]. . . . I think that's just *keeping the integrity of the margins* [prices]. . . . If they want to sell without [high] margin [prices], I'm not even going to price it out."

55.     Confirming Mr. Lowery's intentions, Mr. Pettus asked, "What I'm hearing you say from *a company standpoint*, . . . [our] margins [have] got to be better [higher], especially on equipment." Mr. Lowery responded, "Yeah. . . . That seems to be the Achilles heel." Mr. Pettus confirmed: "[Our] [l]ow margins on [dental] equipment?" Mr. Lowery responded, "Yeah."

56.     Confirming Archer & White and Dynamic Dental's intention to reinsert itself as a full-service, nationwide dealer following the successful boycott by Defendants, Mr. Lowery asked: Are you, are you still trying to be a full-service dealer? . . . You've got to have the full [line]?" Mr. Pettus answered, "I've got to have the full lines or, I - I mean . . . it doesn't work."

57.     The conversation became more pointed. Mr. Pettus asked: "Let me just cut right to the—

16

to the chase. . . . We've got some you know, there's indicators by—by manufacturers that there's—there's been direct talk from you and others of: Hey, *we just don't want him* [Archer & White and Dynamic Dental] *in existence*. Don't open him. Don't do whatever. *If we raise our prices, can we get relief from that?* . . . If I raise my margins on equipment to an acceptable level . . . can there be relief?" Mr. Lowery responded, "What—what we don't want to do is come across [as] dictating the price to the end user. *That will get us in a lawsuit. Guarantee it*. But you know, a couple things. *One is I think when everyone plays on the same field, it makes things a lot easier*."

58.    Despite Mr. Lowery's expression of concern during this meeting that discussing pricing was *guaranteed* to get Defendants into a lawsuit, that is *precisely* what he did immediately thereafter, and what he continued to do, for the remainder of the conversation.

59.    Describing his discussion with the manufacturer Dental EZ about supplying Archer & White and Dynamic Dental, Mr. Lowery recalled that his conversation was "whatever you're doing over there [with Archer & White and Dynamic Dental's margins], make sure you're doing the same thing here. Because if you're going to be off, *I'm going to know about it* and you know, *that's not going to fly*. And that's when I'll shoot that *up to corporate*. But if we're *all on the same playing field* [charging the same margins], I said, *we're cool*."

60.    Mr. Lowery continued to describe how he wanted Archer & White and Dynamic Dental to fall in line with the cartelized prices: "If we're both quoting a deal, let's make sure that *we're both getting the same thing*. . . . And you're selling it, if you're not going to be selling it, Jack [Burkhart] is going to be selling it, [or] *Patterson's going to be selling it*. . . . but *I just want to make sure we're all on the same page*. . . . Will my reps continue to call on your accounts? Absolutely. Will you continue to call on mine? Absolutely. But we know that the customer is

making a decision based upon who they want to do business with—*not because we're slugging it out and killing each other on margins* [prices]."

61.     Mr. Lowery described Defendants as "the cool crowd," that it was "like high school" and that when Archer & White and Dynamic Dental came on the scene, "[w]e'[d] already made our friends—and you're not part of the cool crowd. We're the cool crowd."

62.     Mr. Pettus responded to the cool crowd comments, "That's why I wanted to come in today and say: Okay, what can I do to where I'm not going to have to take a step back, to where I can continue to do [business in the market]." Mr. Lowery responded that he "th[ought] you got your answer on that. . . . *Let's play on the same field* . . . . *We can play ball together*."

63.     Mr. Pettus queried whether "if I focus on that, if I maintain margins high, can I—I mean, can I rest assured that I—that we're," Mr. Lowery interjected with another admission of price fixing, "Let's all just, you know, have the same goal in mind . . . . So that way it takes us out of the loop as far as slugging it out [on margins], *and the doctor gets it for the same price no matter who they buy it from*."

64.     Questioning what the "same price" was, Mr. Pettus noted, "I don't know what's good and what's bad," but before Mr. Pettus could finish, Mr. Lowery responded, "North of 32 [percent margins]." Surprised by the high number, Mr. Pettus responded, "Really?" Mr. Lowery: "Yeah."

65.     Mr. Pettus again clarified the conspirators' directions, "If I'm buying at the same as you're buying and we're going up competitively against people not against price, *I need to be north of 32 every time*?" Mr. Lowery's response confirmed the breadth and scope of the conspiracy: "You know, *<u>unanimously across the industry</u>*, as long as I've been in the dental business—32—and I know guys that actually get 34 on stuff . . . but you know, generally speaking, you know, 32 is always good . . . If you get 32 . . . *everyone is going to get paid on it*. .

18

. . *I think if you get down* [to] *28, we all don't make a lot*." Mr. Lowery reiterated the ubiquity of the agreement among the major distributors: "*that's where we play ball at*."

66.     Acknowledging the price discipline that Archer & White and Dynamic Dental would impose on Defendants absent the Defendants' illicit group boycott, Mr. Lowery acknowledged, "You know, 34? You know, if you get shopped [price checked] on [34] from Dynamic Dental, gets you—gets your head handed to you [by the customer], *you look like an idiot*. . . . Now add those numbers up. 25 [percent margins]? I won't even freaking touch it." The propensity of customers to price check, and the fear of getting "your head handed to you" if your prices were out of line with the competition, highlights not only the competitive threat posed by distributors like Archer & White, which offered discounted margins ranging from 15% to 25% on dental supplies and equipment, but also that the Defendants' agreement not to compete on price would be ineffective absent the participation of the major distributors.

67.     In another conversation between Mr. Pettus and Jack Powers of Burkhart that occurred in or about June 2008, Mr. Powers acknowledged the illegality of the price-fixing conspiracy, saying that discussing margins makes him "uncomfortable," noting that "it's a funny country that we're living in right now, different country, with some laws and things like that, you know, about competitors getting together."

68.     Demonstrating the high level of familiarity and cooperation between these supposed competitors, Mr. Powers described the Defendants' relationship with one another as follows: "I think we trust each other" and that "all of these people could—could call and ask for a favor and—and—and, you know, I don't, *I can't even remember turning <u>one</u> of them down*."

69.     Representatives from Henry Schein, Patterson, Benco, and Burkhart told industry participants, including manufacturers, that they wanted to be on an "equal playing field" as one

19

another and as other distributors when it comes to their own sales margins. As detailed below, Henry Schein, Patterson, Benco, and Burkhart leveraged their substantial influence over dental supply and equipment manufacturers to enforce their overarching agreement not to compete on price, jointly coercing the manufacturers to tell lower-priced rival distributors to raise their prices so that they were "in line with the competition." As recently as April 8, 2015, a Benco email reflects Benco's understanding from a manufacturer that "the competition [with Patterson for sales of that manufacturers' products] will be *fair*."

70.     A Patterson employee from 2004 until 2015 similarly confirmed the breadth and scope of the Defendants' overarching agreement not to compete on price. He observed that at least during the period from 2011 to 2015 in which he was responsible for dental sales for Patterson, he was not permitted to go below set minimum thresholds for his gross margins, of 32% on equipment and 28-30% on supplies, and that these thresholds were implemented on a nationwide basis. He recounts further that, during his tenure, it was known throughout Patterson's sales division that Henry Schein also would not go below 32% on equipment and he would compete, if at all, for Henry Schein business on a basis other than price. This employee was regularly informed by others within Patterson that they knew that Henry Schein would not go below a certain price. The former employee also expressed familiarity with Benco's margins.

71.     A former sales representative, who worked with Patterson and Benco, offers a similar account about the minimum margins each of his employers set. This representative worked for Patterson and then Benco from 2000 through 2014.  He learned about gross margin thresholds at both companies from his managers, at monthly sales meetings, and during training sessions, and recalls that these thresholds were documented in handouts provided at the monthly meetings. At both companies, the minimum margins were similar during his entire 15 year tenure in the

industry.

72.     On August 31, 2012, Archer & White filed its own antitrust suit against Henry Schein, certain dental manufacturers, and certain unnamed co-conspirators alleging price fixing and exclusionary group boycotting activities relating to the sale and distribution of dental equipment and supplies. Just before this suit was filed, Ben Cohen, the head of Benco—which was not named as a defendant in that lawsuit—learned that the suit was imminent.  He then called James Archer of Archer & White to dissuade Archer & White from pursuing the lawsuit, offering almost $1 million by way of settlement, and urging Archer "to make the whole thing go away without a lawsuit," and suggesting that, despite not being a party to the lawsuit, maintaining the lawsuit "*will not work for Benco on a lot of different levels*."

73.      That Benco, a supposed competitor of companies facing a serious antitrust lawsuit, would offer to pay to make that suit go away to protect its supposed competitors is an action against self-interest indicative of cartel behavior. Absent Benco's participation alongside Henry Schein, Patterson, and Burkhart in the overarching agreement not to compete on price, it would make no business sense for Benco to indemnify the anticompetitive conduct of its rivals.

74.     Underscoring the co-conspirators' knowledge of wrongdoing, Burkhart's Jack Powers told Henry Schein's Mark Lowery and Dynamic Dental's Skip Pettus in 2008 that they "have to be very careful, if a customer doesn't like us, they could have us all up on price fixing. . . . Price fixing or—or somebody complaining about getting together as a group and saying: Okay, well, we're going to hold to a certain margin."

## DEFENDANTS FURTHERED THE OVERARCHING AGREEMENT
## NOT TO COMPETE ON PRICE WITH A "NO-POACHING" AGREEMENT

75.      In support of their overarching agreement not to compete on price, Defendants agreed not to actively try and undercut each other's prices as a means of gaining business.  For instance,

Defendants agreed that when one or more of the distributors had sales representatives in the same geographic area, which includes most major cities, those sales representatives would not actively pursue one another's existing or nearly-consummated business by trying to undercut each other's prices.

76.     In furtherance of the Defendants' overarching agreement not to compete on price, Defendants agreed not to actively recruit or "poach" one another's sales employees.  Especially in a market, such as this one, in which price competition is suppressed due to an overarching agreement not to compete on price, competition for dental sales is relationship driven. Distributors' sales representatives build strong business and personal relationships with their dental practice customers, so the loss of a sales representative to a competitor exposes the sales representative's former employer to potential lost sales to the new employer.  Accordingly, the Defendants agreed amongst themselves that they would not actively recruit or poach one another's sales representatives, i.e., they entered into a "no-poaching agreement."

77.     To enforce their "no-poaching" agreement, Defendants monitored and communicated about one another's sales representative hiring to ensure compliance.

78.     For example, in February and March of 2012, the President of Henry Schein and a Managing Director of Benco exchanged text messages regarding Benco's hiring of a former Henry Schein sales representative. On March 2, 2012, the Benco Director sent a message stating, "You asked me to let you know re [the employee]. We are hiring her, starts next week."  In a later message, the Benco Director wrote:

> **We agreed** that she would sit even though she didn't have a contract.  And she did sit, even longer than the agreement says.  We never talked about whether she counts toward **the limit**.  You fired her, **we didn't recruit her**.

79.     Moreover, the Defendants' sales representative no-poaching agreement has been

described in the industry by dental manufacturers as well as by a representative of Benco, as an ongoing "gentlemen's agreement" among the Defendants not to actively recruit one another's sales representatives.

80.     This no-poaching agreement bolstered the efficacy of their overarching agreement not to compete on price, reducing competition for customers and mitigating the threat that competitive forces could undermine the anticompetitive goals of the conspiracy.

## THE DEFENDANTS FURTHERED THEIR OVERARCHING AGREEMENT NOT TO COMPETE ON PRICE THROUGH EXCLUSIONARY GROUP BOYCOTTS

81.     All else equal, Henry Schein, Patterson, Benco, and Burkhart's cartelized prices and supracompetitive profit margins should have enticed rival distributors to enter and expand by offering lower prices and earning lower, but still profitable, margins. Though new entrants would have to overcome entry barriers, they could reasonably expect to succeed by undercutting the Defendants' supracompetitive pricing and profits. Discounting rivals could (and when allowed to sell often did) pay manufacturers more for their products than Defendants, while at the same time charging dental practices less for those same products than Defendants—while still making a reasonable profit. The enhanced competition should (and would have), in turn, have forced the Defendants to lower their cartelized prices to competitive levels (or be forced out of the market). In fact, at least as far back as 2004, these high prices and profit margins did entice rival distributors to *attempt* to expand their market presence. However, their efforts were stymied and reversed by Henry Schein, Patterson, Benco, and Burkhart's overarching agreement not to compete on price, which included a collective scheme to boycott critical industry participants that dealt with lower-priced rivals, with the intent of excluding and impairing the rival discounters.  The Defendants' aim was to get the rivals to raise their margins to cartelized levels or cut them off entirely. These group boycotts were undertaken in furtherance of the Defendants'

23

overarching conspiracy, serving as an enforcement mechanism that disciplined (or eradicated) any distributor that did not fall in line with Henry Schein, Patterson, Benco, or Burkhart's cartelized prices.

82.     To successfully enter or expand, a rival distributor must be able to: (a) offer a comprehensive line of dental supplies and/or equipment encompassing a wide range of products; (b) be able to purchase products in sufficient quantities to avail themselves of economies of scales (or position themselves to be able to purchase in such quantities in the not-so-distant future); and (c) efficiently reach a sufficient number of dental practices and manufacturers to achieve (a) and (b).

83.     One important mechanism to reach dental practices and manufacturers efficiently is to participate in and/or joint venture with state dental associations—voluntary associations of dentists—which possess an important ability to connect distributors with customers and suppliers. These associations can foster competition by endorsing or joint venturing with new distributors or distribution platforms and providing them efficient access to market participants. These dental associations, however, can also serve as a "choke point" at which incumbents like Defendants can—and did—leverage their collective market power to block the entry of lower-priced rival distributors, including distributors with innovative sales and distribution techniques that threatened the business models, and profit margins, of the Defendants.

84.     Moreover, in order to offer a broad product line, a distributor must have working relationships with myriad manufacturers. Above distributors in the supply chain, manufacturers are fragmented, with over 300 manufacturers selling dental supplies and equipment. Defendants account for the overwhelming portion of individual manufacturer's sales (while each individual manufacturer constitutes a relatively insignificant portion of Henry Schein's, Patterson's,

Benco's, and Burkhart's purchases). Put another way, in this market, distributors are overwhelmingly more important to manufacturers than manufacturers are to distributors, putting distributors into a position of power that they can—and did—collectively use to coerce manufacturers to force lower priced rivals to raise their prices or face being cut off entirely.

85.     Absent the conduct alleged herein, including the group boycott, it would be in the interests of dental supply and equipment manufacturers to expand the number of distributors of their products, and in particular to sell to discounting distributors and, in addition, to sell through more efficient distribution channels and methods. Regional dental supply and equipment distributors typically paid *more* to manufacturers for the products than Defendants and sold the products to dentists for *less*.  Thus, from the perspective of the manufacturers, selling to discounting distributors had the potential to make them more money per item and sell more items (due to the lower end user prices). It was only because of the group boycott and the substantial collective market power of the Defendants, who were acting jointly, that manufacturers were coerced into pressuring rival distributors to raise prices or be cut off entirely.

86.     In a competitive market, a single distributor's boycott of a dental supplies or equipment manufacturer would contravene that distributor's unilateral self-interest. A customer wishing to purchase products from the boycotted manufacturer could purchase the products through a competing distributor. That competing distributor would, in turn, gain market share and profits at the expense of the distributor unilaterally conducting the manufacturer boycott. Accordingly, a manufacturer boycott of the type alleged here would only occur, and only makes economic sense, if those entities engaging in the manufacturer boycott were doing so collectively, and by agreement. Indeed, officials at Archer & White confirmed this economic analysis, stating that it always took at least two of the Defendants—usually the two who happened to be dominant in

25

any one particular product—before a manufacturer would succumb to the pressure to force Archer & White to raise its margins or face being cut off. Had Defendants not been acting as a part of a conspiracy, it would have made no economic sense for any one individual Defendant to boycott dental supplies and equipment manufacturers.

87.     The Defendants have jointly leveraged their collective power over manufacturers in order to exclude actual and would-be national competitors at least as far back as 2008, and with respect to Schein, Patterson, and Benco, have leveraged their power over state dental association at least as far back as 2013. As set out below, several prominent actual and potential distribution rivals have been successfully targeted by these group boycotts, including Archer & White, its joint venture Dynamic Dental, Amazon.com, Inc., SourceOne, and Pearson Dental Supply.

**A.      Henry Schein, Patterson, Benco, and Burkhart Target Their Group Boycott at Archer & White**

88.     For a time from 2004 until 2008, Archer & White and its joint venture partner, Dynamic Dental, were relatively small (compared to Defendants), but nonetheless were nationwide competitors of the Defendants, selling to 16,000 customers throughout the country and earning millions of dollars in revenue annually from those sales. Archer & White and Dynamic Dental offered equal or superior service, at markedly lower prices, causing one Henry Schein employee to quip that the Defendants looked like "idiots" when they tried to compete against Archer & White using their cartelized prices. Jack Powers of Burkhart confided to Archer & White's Skip Pettus that Dynamic had hurt Henry Schein and Patterson at the national level. In fact, dating back to 1997, Archer & White had been told by Mark Mlotek, Henry Schein's then in-house counsel, that if Archer & White refused to sell the business to Henry Schein, Henry Schein would put it out of business.

89.     By 2008, the Defendants' group boycott had put Dynamic Dental out of business.

26

Further, the group boycott has substantially impaired the ability of Archer & White to sell multiple lines of products or to compete effectively against the Defendants on a national level. Archer & White continues to do business, but, as a direct result of the Defendants' group boycott and other conspiratorial conduct alleged herein, it has lost all of its nationwide distribution rights from multiple major dental equipment manufacturers, and most major manufacturers refuse even to grant it localized or regional distribution rights. Although Archer & White continues to sell to some 16,000 dentists nationwide, it sells them only a small fraction of the products it otherwise would be able to carry and sell because it is no longer a full-line distributor, limiting its ability to grow and to discipline Henry Schein, Patterson, Benco, and Burkhart's cartelized pricing.

90.     By way of example, Henry Schein can and does exert a particularly strong influence over A-dec, Inc. ("A-dec")—a manufacturer of dental chairs—as Henry Schein is one of A-dec's largest distributors in the United States and its largest distributor in Europe.

91.     In a related vein, Patterson can and does exert a particularly strong influence over A-dec, Inc. and Midmark Corp. ("Midmark")—another manufacturer of dental chairs—as Patterson distributes a large share of both manufacturers' dental chairs and related supplies and equipment sold domestically.

92.     Between 2004 and 2008, Archer & White attempted to obtain the rights to distribute A-dec's products, intending to sell them at margins below the cartelized levels.  A-dec informed Archer & White that, as a result of pressure and threats from both Henry Schein and Patterson (as part of their overarching agreement not to compete on price), A-dec had no choice but to refuse to allow Archer & White to distribute A-dec's products. If A-dec supplied Archer & White, Henry Schein and Patterson vowed not to carry or promote A-dec's products—a threat that A-dec was forced to heed even though it otherwise would have been in A-dec's interest to

have Archer & White expand the market for its products.

93.     Absent coordinated conduct, this boycott would have made no economic sense. If A-dec was cut off by Henry Schein alone, for example, it could have shifted sales to Patterson, who would in turn have been able to grow by selling to dentists previously supplied by Henry Schein.

94.     Due to jointly applied coercive pressure from Henry Schein and Patterson, dental equipment manufacturer, Midmark, refused to allow Archer & White the right to distribute Midmark's products. These Defendants jointly pressured Midmark to cut off Archer & White as part of the overarching conspiracy not to compete on price because Archer & White's and Dynamic Dental's lower pricing posed a competitive threat. If Midmark continued to supply Archer & White or Dynamic Dental, Henry Schein and Patterson vowed to refuse to distribute, sell or promote Midmark's products—a threat that Midmark had no choice but to heed given the collective power of these Defendants. The pressure from Henry Schein and others on Midmark dates back to at least 2005, when Mike Hall of Midmark told Phillip Salerno of Archer & White and Dynamic Dental that "you guys are hated so much by Schein that you are too hot a topic to open up as a distributor."

95.     A January 16, 2008 internal email from another manufacturer, Pelton & Crane—a manufacturer of dental chairs and related products—reflects similar pressure applied by Defendants on Dynamic Dental for its practice of undercutting the cartelized margins. That email, from Dan Bump of Pelton & Crane, questioned why Pelton & Crane "was considering ending [its] relationship" with Dynamic Dental, which was at the time Pelton & Crane's "#5 dealer in the U.S." Another Pelton & Crane employee responded, "Burkhardt & H[enry] S[chein] seem to feel differently. They feel they have lost significant orders to Dynamic Dental due to very low pricing and therefore have shown significant support to *other manufacturers* [instead

28

of Pelton & Crane]. I will see the numbers personally next week. My concern and question is did we push away more business than we received? . . . [They] have been denied by ADC for membership, they have (by rumor) been cut off by [dental manufacturers] Belmont and Bio-Lase (confidential) *all due to the same concerns I have*." That same Pelton & Crane employee noted he was "receiving similar complaints not from one [distributor], *but from all in the area*. I am supposed to have in my hand on Tuesday an invoice from a doctor that has been calculated to show a 19% margin for Dynamic Dental. This, as you know is not healthy for anyone. . . . Please keep in mind that we are all transitioning and *cooperation is important on all sides*."

96.     The January 16, 2008 email from Pelton & Crane's Dan Bump above followed a January 15, 2008 conversation between Don Givens and Mark Lowery in which Givens was threatened by Mark Lowery to not bother coming into the Henry Schein office until Pelton & Crane had cut off Dynamic Dental and Archer & White.

97.     After the January 16, 2008 email, Pelton & Crane, yielding to Henry Schein and Burkhart's collective threats, cut off Archer & White and Dynamic Dental.

98.     Days before Dynamic Dental received Pelton & Crane's termination letter, Henry Schein sales representatives bragged to Dynamic Dental sales representatives that the termination was forthcoming and was the result of pressure and intimidation by Henry Schein and Burkhart. Specifically, the representatives mentioned a companywide phone call at Henry Schein in which the Henry Schein personnel were alerted that in the coming days, Pelton & Crane would notify Dynamic Dental that it was being terminated. During the phone call, Henry Schein management claimed that they and Burkhart were responsible for the termination.

99.     The coordination of complaints by the Defendants to Pelton & Crane, made jointly on the same call or coming on the same day within hours of each other, would not have happened

absent agreement and collusion by the Defendants to engage in the group boycott. Archer & White's and Dynamic Dental's prices were non-public, so the only way the Defendants would know the pricing offer from the lower-priced distributor was if the dentist told one of its sales representatives. But even if one of the Defendants learned of the price there is no way that the other major distributors would know that pricing—especially at the exact same time—unless they were regularly communicating about pricing and margins as part of the overarching conspiracy and group boycott.

100.    On February 14, 2008, after having been initially confirmed for membership in the American Dental Cooperative, Dynamic Dental was informed that "[b]ased upon **input received**, we are not able to process your application for membership at this time." This correspondence was dated **almost a month** after the internal Pelton & Crane email in which Pelton & Crane expressed knowledge of Dynamic Dental's termination and that it was attributable to pressure from Dynamic Dental's rival distributors.

101.    Another example of the Defendants' group boycott involved Defendants' joint threats to a dental equipment manufacturer, called Instrumentarium. Henry Schein and Patterson were dominant distributors of Instrumentarium's products. As a result of Henry Schein and Patterson applying pressure to Instrumentarium, Instrumentarium required Archer & White/Dynamic Dental to seek permission to attempt to make sales of Instrumentarium products to the customers of any other distributor, **even** when the other distributor was selling or trying to sell **other** manufacturers' competing products to those customers. A December 16, 2008 email recounts requests by Archer & White/Dynamic Dental to sell Instrumentarium products to a doctor whom Patterson was trying to sell a competing product manufactured by Planmeca Dental and a doctor whom Henry Schein was trying to sell a competing product manufactured by Gendex Dental

30

Systems. Ultimately, and against its own economic interest (absent the group boycott), Instrumentarium denied each request. This procedure of ensuring another distributor was not attempting to make a particular sale was not a requirement at the inception of Instrumentarium's relationship with Archer & White/Dynamic Dental, but was introduced by Instrumentarium in the late 2000s as a result of collective pressure from Defendants, including, without limitation, Henry Schein and Patterson.

102.     On March 10, 2008, Instrumentarium's Sales Representative, Richard Centala, relayed an email message to Archer from Mike Null, Instrumentarium's Director of Sales: "Having already received calls from Schein/Chicago and Patterson/Indi. about, 'Who [i]s  Archer & White and how can they sell digital pans [approx. price: $45,000] into our territory?,' I would prefer if A&W would not quote on this CrxD Pan."

103.     On December 11, 2008, Instrumentarium's Null informed the lower-priced distributor that its quotations to multiple dentists in Pennsylvania were undercutting prices offered by Defendants "and [were] creating problems for us." The prices offered, Null stated, "were considerably lower than the other dealers and considerably below the market price for these systems. . . . *These two situations have caused us a considerable problem for both of the dealer* [distributor] *stores in these areas and with their management.  We must therefore ask that you inform these doctors that* [you] *will be unable to sell these systems to them.*"

104.     In another contemporaneous email, Mike Null's email stated: "I received a call today *from both Patterson Dental and Schein in Sacramento.* My local rep has also been in Dr. Wee's office, on behalf of Schein, for a sales presentation on VT. Both have been to Dr. Wee's office and both have quoted him on an OP200 with VT. Burkhart is also in the hunt.  *I'll have to ask you to back off on this one.* Dr. Wee is shopping price with all of the local dealers in the

31

Sacramento area. Thanks for your cooperation."

105.    In December 16, 2008 email chain between Intrumentarium's Mike Null and Archer &

White/Dynamic Dental, with the subject line "Re: URGENT!!!," Archer & White/Dynamic

Dental requested permission to sell to "Sunny Ridge Ortho." Mike Null responded, "Give me a

day on this. This could be a problem. This is in [Henry] Schein's backyard and [Henry] Schein is

raising hell about your current pricing and flat screen [TV] giveaway." Mr. Null eventually did

not authorize the sale, writing, "Jim, hold on the Sunny Ridge order for now. You can't believe

what an issue you've become at [Henry] Schein corporate." The hold was indefinite.

106.    A March 30, 2009 email thread between Archer & White/Dynamic Dental to

Instrumentarium reflects that "the rules that we set" were that Archer & White/Dynamic Dental's

would "assure[] [Instrumentarium] that [the targeted customers] had not talked to any" other

distributors. An earlier email in the chain from Instrumentarium shows that "[s]o long as the

doctor is not asking a[nother] dealer [distributor] to quote" the product then it "is ok with us."

107.    Eventually, even this "pre-approval" regime between Archer & White/Dynamic Dental

and Instrumentarium proved to be too much of a competitive threat to the Defendants, and

Instrumentarium revoked Archer & White/Dynamic Dental's national sales rights and restricted

them to the State of Texas. Mike Null wrote to Archer & White on March 31, 2009:

> Our reps live off the business they receive and the relationships and trust they develop
> with their local [distributors], *regardless of which [distributor] they may be*. Getting an
> occasional 'blue bird' from you just isn't worth them losing the ongoing, repeat business
> of their local [distributors] and these situations *always* draw the attention and ire of the
> corporate management *regardless of which [distributor] it may be*. I received two calls
> of this nature today. . . . [Your low pricing] places them at a disadvantage . . . .
> Unfortunately, this simply isn't working . . . . [We] are building ill-will with our other
> [distributors] and many of their sales people over units you are selling into their areas of
> representation. And our sales reps are angry and upset *over the damage it is doing them
> in their sales territories*. It's time to put an end to a situation that is not working for you,
> us, our dealers and your customers.

108.    The likely and indeed most probable explanation for how Instrumentarium's sales representatives were being damaged by Archer & White/Dynamic Dental selling Instrumentarium's own products, and thus generating commissions for those sales representatives, is that they were being retaliated against or feared retaliation from Defendants, "regardless of which [distributor] they may be."

109.    Moreover, in a letter Archer & White/Dynamic Dental received from Instrumentarium on April 2, 2009, "the integrity of [Archer & White's] end-user pricing" was specifically cited as a reason for their restriction to the State of Texas. But Instrumentarium, who receives the same list price from Archer & White/Dynamic Dental no matter what markup was charged on top of that list price, should have had no concern with, or interest in, their lower markups. Indeed, if anything, Instrumentarium would have wanted its distributors to charge lower markups, so as to make its products more price competitive and allow it to expand its market share vis-à-vis rival manufacturers of analogous dental supplies and equipment.

110.    The April 2, 2009 letter allowed Archer & White/Dental Dynamic to consummate one, final national Instrumentarium sale (despite having been denied such authority for numerous other sales throughout the nation, including, *inter alia*, in Pennsylvania, Illinois, Wisconsin, Oregon, Missouri, and California). Glaringly, that final national sale, unlike those for which authorization was denied, was to a dentist for whose business neither Henry Schein, Patterson, Benco, nor Burkhart had already submitted a bid.

111.    As above, the coordination of complaints by the Defendants to Instrumentarium would not have happened absent agreement and collusion by the Defendants to engage in the group boycott. Archer & White's and Dynamic Dental's prices were non-public, so the only way the Defendants would know the pricing offer from the lower-priced distributor was if the dentist told

one of its sales representatives. But even if one of the Defendants learned of the price there is no way that the other major distributors would know that pricing—especially at the exact same time—unless they were regularly communicating about pricing and margins as part of the overarching conspiracy and group boycott.

112.    In fact, Instrumentarium should have been pleased with Archer & White/Dynamic Dental's lower prices because those lower prices would create increased demand, sales, and profits for Instrumentarium.  Moreover, Archer & White/Dynamic Dental likely paid Instrumentarium more per unit than did the Defendants, meaning that Instrumentarium should have been doubly pleased that Archer & White/Dynamic Dental was making the sales: more units sold with more money per unit going to Instrumentarium.

113.    In approximately 2009, in furtherance of the Defendants' overarching agreement not to price compete, and in particular, their group boycott, Scican Dental—a manufacturer of dental instruments—terminated its relationship with Archer & White, citing a threat from Henry Schein and Patterson that Scican Dental would be cut off from those distributors' critical distribution channels if Scican kept doing business with Archer & White. Scican represented to Archer & White that the threat had come from Henry Schein's and Patterson's sales representatives.

114.    In September of 2010, a sales representative from another manufacturer, Coltene-Whaledent, left Archer & White a voicemail message. The message relayed that the manufacturer "need[ed] to talk to" Archer & White because they were "getting quite a bit of heat from [Henry] Schein [and] I don't know who else, considering your pricing, I'm going to have to ask you to please get [your] price up, we're going to ask you to take it to at least 28% . . . *they* bitch about it from time to time and it[']s come to a head." The sales representative noted that he had gotten a call earlier that morning "ranting and raving" about Archer & White's low prices.

34

115.   Following the phone call, on September 21, 2010, Archer & White received an email

from John Eaton, a Midwest Regional Manager for Coltene-Whaledent. The email stated:

> James, Good morning. Hope all is well in the big D. I am getting some heat from ***several dealers around the country*** concerning your pricing of the UC300 and UC95 [product lines]. You basically have it priced at or below wholesale cost. I need you to work with me to ***get the pricing more in line with the competition***. I'd like to see it priced at a 28-30% margin. I'm sure this is just an oversight and I appreciate you working with me to correct the pricing. I appreciate the support.

116.   When Archer & White refused to raise their prices in response to the pressure from

Henry Schein and other Defendants, Coltene-Whaldent ***raised*** Archer & White's acquisition cost

for these products, which caused Archer & White, in turn, to raise its net price to the customer in

order to make a profit.

117.   In approximately 2012, Bien-Aire Medical Technologies ("Bien Aire")—a manufacturer

of dental micromotors and other products—terminated its relationship with Archer & White

citing a threat from Henry Schein and Patterson that Bien Aire would be cut off from those

distributors' critical distribution channels. Bien Aire represented to Archer & White that the

threat had come from Henry Schein's and Patterson's management personnel.

118.   Also in approximately 2013, as part of the Defendants' group boycott, Aribex—a

manufacturer of X-ray machines—terminated Archer & White's nationwide selling rights. The

termination came just after Aribex was purchased by Danaher, a manufacturer over which

Patterson and Henry Schein exercised great influence, and after Danaher reported to Archer &

White that the two had complained to Danaher executives about Archer & White's low-pricing.

As with their previous invitation for Archer & White to join their cartel, Henry Schein and

Patterson urged Archer & White, through Danaher sales representatives, to raise their prices or

be cut off. In January of 2014, Archer & White was cut off for refusing to raise its prices.

119.   In fact, the Defendants' targeting of Archer & White has its roots in conduct beginning as

far back as 2001 when KaVo Dental—a manufacturer of dental equipment including hand pieces and turbines—told Archer & White that it was being threatened with boycotts by Benco and Patterson as a result of Archer & White's discounted prices. KaVo Dental terminated Archer & White as a distributor that year in response to the collusive threats from Benco and Patterson.

120.    Archer & White was also denied permission to open a branch in Kansas City, Missouri, through which it had planned to sell Dental EZ equipment. Mike Morgan at Dental EZ relayed to Archer that boycott threats from Henry Schein and Patterson caused the denial. Archer & White was also denied the right to distribute Dental EZ products in Texas, in which Dental EZ cited boycott threats from Henry Schein, Patterson, and Benco.

121.    Other major manufacturers including, *inter alia*, Belmont Equipment stopped doing business with Archer & White and Dynamic Dental during this boycotting campaign. In 2008, several manufacturers cut off Archer & White within months of one another due to the group boycott. Archer & White and Dynamic Dental were either given no justification for these terminations, or their low prices, sometimes referred to as lack of "margin integrity," were given as a justification.

122.    In furtherance of the Defendants' overarching agreement not to price compete, and in particular the group boycott, representatives from manufacturer Royal Dental reported similar pressure to terminate Dynamic Dental. Henry Schein told Royal that Henry Schein would prioritize Royal's products if Royal would stop selling to Dynamic Dental. Henry Schein's equipment manager, Mr. Hernandez (who now works for Benco), initially told Royal that Royal would need to offer its products on consignment for placement in Schein's showroom. Hernandez then offered an explicit *quid pro quo*, saying "I'll make it easy for you:" if Royal stopped selling to Dynamic Dental, Henry Schein would purchase the Royal products outright

instead of requiring consignment. Thereafter, Royal terminated Dynamic Dental.

123.    As with the Pelton & Crane and Instrumentarium boycotts, the coordination of these complaints and threats to all of these manufacturers by the Defendants, sometimes made jointly on the same call, and most often coming on the same day within hours of each other, would not have happened absent agreement and collusion by the Defendants.

124.    Following Pelton & Crane's termination of Dynamic Dental and Archer & White, former Dynamic Dental and Archer & White sales representatives Phillip Salerno and Skip Pettus were hired by Benco. While associated with Archer & White, and following their termination, Pelton & Crane would not even return Mr. Salerno's and Mr. Pettus's phone calls. Following their hiring by Benco, Pelton & Crane promptly met with Mr. Salerno and Mr. Pettus in approximately June of 2009. Pelton & Crane's representative, a Mr. Skinner, explained that the refusal to deal with Archer & White was just the actions of "natural man," and that "to be honest," he felt "it's rooted in politics and rooted in other dealers in the state." When Mr. Salerno and Mr. Pettus inquired whether they could be cut off by Pelton & Crane again, Mr. Skinner assured them it would never happen to a *Benco* sales representative: "You're a major player now with Benco here. It's a level playing field [with Benco]. *Benco's right up there with Schein*."

**B.    Henry Schein, Patterson, and Benco Boycott Dental Associations and Other Entities Working With SourceOne**

125.    In October 2013, a new distributor with a wide-ranging product offering comprised of over 50,000 distinct dental supplies and equipment—SourceOne—created a dental supplies distribution platform in partnership with the Texas Dental Association ("TDA"). SourceOne's existing e-commerce platform, which operated nationwide, was already a lower-priced distribution option vis-à-vis those of Henry Schein, Patterson, and Benco. But its new sales platform, "TDA Perks Supplies," offered dental practices the opportunity to avail themselves of

37

even lower distribution prices: on average 30 percent below those of Defendants. The platform was an immediate success and quickly positioned itself for nationwide expansion. Rivals besides SourceOne, drawn to the platform's initial success, began planning efforts with other state dental associations to implement similar programs.

126. With the advent of an efficient national competitor that threatened their cartelized prices and sizeable profit margins, Henry Schein, Patterson, and Benco's reaction was swift, fierce, and coordinated. This aspect of the group boycott began in mid-to-late-2013, continues to the present, and involves three interrelated actions.

127. *First*, as with the Archer & White and Dynamic Dental boycott, Henry Schein, Patterson, and Benco threatened manufacturers in concert: should you continue to, or choose in the future to, sell your products through SourceOne, we will refuse to sell or refuse to actively promote your products through our distribution channels. As before, because of these distributors' substantial collective market share, accounting for nearly 90% of the distribution market, the loss of these distributors as a sales channel would have been devastating to these manufacturers. Accordingly, many manufacturers have been and are beholden to Henry Schein, Patterson, and Benco, and thus their collective threats were and continue to be successful in coercing manufacturers to abandon or forgo business relationships with SourceOne.

128. That manufacturers were yielding to credible collective threats from Henry Schein, Patterson, and Benco is further evidenced by *which* manufacturers ceased doing business with SourceOne and *which* did not. Some (though a minority of) manufacturers with which SourceOne deals do not sell substantial volumes through Henry Schein, Patterson or Benco. These manufacturers did not succumb to the group boycott and remained affiliated with SourceOne.

38

129.     Comparatively, those manufacturers that did substantial business with Henry Schein, Patterson, or Benco caved to the collective threats. Many of these same manufacturers that cut off SourceOne as a result of the group boycott represented substantial portions of SourceOne's business. In fact, SourceOne abruptly lost access to dozens of product lines, including many of SourceOne's most important and highest-selling items. By April 2014, SourceOne had lost access to at least 75% of its top selling products, crippling its ability to compete with Defendants. One of SourceOne's product sources, an intermediary distributor called DDS Dental Supplies, told SourceOne that it would no longer supply SourceOne because of pressure applied on manufacturers by Henry Schein, Patterson, and Benco. Similarly, DMG America, a manufacturer of dental restoration products, told DDS Dental Supplies that it would no longer allow its products to be supplied to SourceOne because of such threats. Other manufacturers that abruptly stopped allowing their products to be supplied to or sold through SourceOne include Sultan Healthcare, Danaher, Heraeus Kulzer, Ivoclar Vivadent, Quala, and Septodont. *None* of these manufacturers or intermediary distributors had ever voiced any concerns with SourceOne until *after* the 2013 announcement of SourceOne's innovative new distribution platform, and the beginning of the group boycott. Their decisions to stop selling to SourceOne was contrary to their own economic interests (in the absence of the group boycott), as they forfeited the significant future revenues that would have earned by continuing to sell to SourceOne.

130.     When SourceOne sought replacement suppliers, candidates including DHP Dental were deterred from doing business with SourceOne as a result of Henry Schein, Patterson, and Benco's collective boycotting efforts.

131.     *Second*, Henry Schein, Patterson, and Benco, acting in concert, boycotted the annual meetings and trade shows of state dental associations that were partnering or doing business with

39

SourceOne, and threatened to boycott those that were considering the same. They also collectively pressured manufacturers and other distributors to join the boycott.

132.     Traditionally, Henry Schein, Patterson, and Benco have sent sales representatives to attend and participate in the annual meetings and trade shows of state dental associations, and state dental associations depend on the revenues generated by the participation of major distributors like Henry Schein, Patterson, and Benco at these events. In March of 2014, a Patterson representative met privately with the TDA representatives and demanded that the TDA end its relationship with SourceOne, or Patterson would withdraw from the TDA's annual trade show and refuse to advertise in the TDA's publications. In April of 2014, a Henry Schein representative privately delivered an identical message. These threatened boycotts were coordinated, and they deterred other state dental associations that had expressed interest in partnering with SourceOne from doing so, including, *inter alia*, the Colorado Dental Association, the California Dental Association, and the Virginia Dental Association. In the absence of the group boycott, SourceOne's new program would have spread through the nation rapidly, as evidenced by an April 9, 2014 email, in which a representative of the TDA wrote the "next link" in SourceOne's "unfolding saga" would be that the "the American Dental Association and most large states would [be] onboard *in a nano-second*, and that is the reason for the suppliers' fear." And in a February 3, 2014 email from Henry Schein to the TDA, Henry Schein's Dean Kyle threatened the TDA: "I am concerned the Board does not understand the *far reaching impact*" of its decision to endorse and partner with SourceOne.

133.     When state associations refused Henry Schein, Patterson, and Benco's collective demands, Henry Schein, Patterson, and Benco in fact carried through on their threats to boycott annual trade shows. Henry Schein, Patterson, and Benco refused to attend trade shows organized

by the TDA in 2014 and the Arizona Dental Association ("AZDA") in 2015—in turn forfeiting substantial deposits advanced to the associations—while a threatened boycott of the Louisiana Dental Association ("LDA")'s 2015 annual show was avoided only when the LDA abandoned its plans to associate with SourceOne.

134.    Although Defendants were the only *distributors* not to attend the TDA and AZDA events, dozens of dental supplies and equipment *manufacturers* also refused to attend TDA's 2014 trade show pursuant to Henry Schein, Patterson, and Benco's collective coercive demands; these manufacturers communicated to TDA and AZDA that their decision to pull out of their events was a result of pressure applied by Henry Schein and Patterson. The TDA and AZDA suffered financial hardship and its event was less profitable as a result of Henry Schein, Patterson, and Benco's boycott. Since the boycott, AZDA has not actively promoted SourceOne to its membership.

135.    These group boycotts had a cascading effect on other state dental associations.

136.    The LDA, fearful of Henry Schein, Patterson, and Benco's retaliation, specifically attempted to disguise its relationship with SourceOne, planning to announce the business relationship only *after* their annual trade show. Unfortunately, Henry Schein, Patterson, and Benco learned of the planned relationship in advance of the event despite the LDA's efforts and again threatened a group boycott. In light of Henry Schein, Patterson, and Benco's recent boycotts of TDA's and AZDA's events, LDA yielded to the threats and abandoned its endorsement of SourceOne.

137.    The Colorado Dental Association reported to SourceOne in January 2015 that it was "concerned about the major dental suppliers in our area, Schein, Patterson and others pulling their support to the CDA [Colorado Dental Association] and our largest component society

41

which hosts the Rocky Mountain Dental Conference each year" if it associated with SourceOne.

138. Internal notes from the Virginia Dental Association ("VDA") reflect that Henry Schein, Patterson, and Benco's boycotts influenced the VDA not to pursue a relationship with SourceOne. The notes indicate VDA's awareness that the TDA has "had some push back from the major suppliers . . . but generally, members seem to be realizing significant savings and are happy with the [SourceOne] program." Later, the VDA observes that the push back has intensified: "TX has had some major pushback from the suppliers because of [SourceOne's] program. They had 15 companies pull out of the exhibiting [sic] at the TDA Annual meeting in response to the [SourceOne] endorsement and have had some real issues with their relationship with the suppliers. It was also noted that some [dental] offices have had issues when they need service from one of the main suppliers [Henry Schein, Patterson, and Benco] for something in the office. ***When they are not ordering from the [incumbent] suppliers, their priority on the repair list seems to slip***." Ultimately, a November 6, 2014 email reflects that the VDA, after "really think[ing] about the consequences of [endorsing SourceOne]," including the fact that "major suppliers and equipment dealers will (are) very upset about this and won't take it laying down. I suspect they will punish [state dental associations] in some way," the VDA forwent the opportunity to affiliate with SourceOne.

139. In contrast, the Nevada Dental Association, which has no annual trade show for Henry Schein, Patterson, and Benco to boycott and so was less susceptible to Henry Schein, Patterson, and Benco's threats, did follow through with a planned partnership with SourceOne.

140. *Third*, Benco, Henry Schein, and Patterson, acting in concert, agreed to boycott dentists that purchased supplies from SourceOne by withholding service and repair for installed equipment at those dental practices, or to provide service and repair at higher prices or with

42

significant delays. Dentists depend on this equipment to treat their patients and the threatened

loss of service not only jeopardizes the dental practice's business, but the quality and efficacy of

the treatments their patients receive.

141.    Henry Schein, Patterson, and Benco have also misrepresented to dentists the nature and

quality of dental supplies and equipment sold through SourceOne, misrepresenting them as

expired, counterfeit, altered, unauthorized, or otherwise unfit for their purpose.

142.    All three prongs detailed above were effectuated by Henry Schein, Patterson, and Benco

in unison, pursuant to an agreed anticompetitive response to SourceOne. Henry Schein,

Patterson, and Benco facilitated their conspiratorial conduct through in person meetings at trade

shows, though business and personal email, and through business and personal cell phone calls

and text messages. Henry Schein, Patterson, and Benco's employees, many having previously

worked for another Defendant, had close relationships through social and business gatherings

and shared a common motive and opportunity to exclude SourceOne and similar competitors

from the market. They acted on that motive.

143.    Henry Schein, Patterson, and Benco's communicated with each other about the TDA, and

reached an agreement to boycott the TDA as a group.  On November 1, 2013, a Henry Schein

employee wrote to a colleague at Henry Schein, "***Let's talk with P[atterson], Benco, . . . . [and]***

***[n]ot give TDA a dime***." Another Henry Schein representative responded, "I refuse to work with

any manufacturer rep that sells through [SourceOne]. That's [what] every distributor should say.

The manufacturers will get scared and pull out."

144.    On or about October 15, 2013, the Henry Schein South Texas Regional Manager had a

phone conversation with a Benco Regional Manager regarding TDA's partnership with

SourceOne.  The Henry Schein Regional Manager recounted in an email that during the call, the

Henry Schein and Benco employees both discussed their mutual interests in jointly boycotting the TDA and then agreed with each other that they would reach out to Patterson to ensure that all three would engage in a group boycott of TDA. The email specifically stated, *inter alia*:

- "Benco considering suspending all activities with the TDA including pulling out of the state show;"

- "[A Managing Director of Benco] will be reaching out to, or has reached out to, [the President of Henry Schein Dental] to see if HSD [Henry Schein Dental] would do the same thing;"

- "[The Benco Regional Manager] wanted to know if I have a relationship with local PDCO [Patterson] RM [Regional Manager] to see if they would consider pulling out as well;" and

- The Benco Regional Manager and the Henry Schein South Texas Regional Manager planned to meet for lunch "to discuss concerns and share what we have found about the program."

145.    In a February 1, 2014 internal email from DDS Dental, a dental distributor, DDS's Dr. Seznik, relays that "Patterson was encouraging Schein to support them in pulling out of meetings" for state dental associations that supported SourceOne.

146.    A March 31, 2014 email thread forwarded by David McCarley of McCarley Dental reflects that at the South Dental Convention:

> some of the vendors say that they were told by both Patterson and Schein not to have anything to do with TDA Perks or they would shelve their products nationwide. . . . when I spoke with a Schein rep at their normal sized [booth], he said that they were still having higher-up corporate discussions on whether they would attend the TDA or not, and that Benco was discussing the same. . . . [T]hey really do think that they can derail the [SourceOne] Perks program.

That same email thread reflects that "Big Dental Suppliers are sending false info to Dentists [about SourceOne]. Patterson reps have even called the TDA pretending to be Dentists complaining. We have traced the calls back to the Reps. . . . If this is true I am sure the Board will cut ties immediately with SourceOne."

147.    An April 21, 2014 SourceOne email, subject line "Group Boycott of our company organized by largest dental suppliers," reflects that "TDA has received a significant number of cancelations for their annual session (April 30 – May 3) from a variety of manufacturers previously confirmed to exhibit. Many of them cited pressure from both Henry Schein and Patterson as the reason for the last minute cancelation. Many of them informed the TDA that they were specifically threatened by both companies that if they did not cancel their attendance at the conference, various unpleasant things would happen to them."

148.    Boasting about the efficacy of their group boycott, Benco tweeted the day before the TDA's meeting was scheduled to start: "texas meeting will not be the same without key venders there. #*skiptheTDA*" on April 29, 2014. The tweet appears to have since been deleted.

149.    A July 22, 2014 email from Mike Wade of Benco to Daniel Reinhardt of Patterson reflects that "*[w]e are of the same mindset*. It would be gratifying to see every distributor with a local presence make a unified statement on the AZDA's ill-conceived idea" to endorse SourceOne. Reinhardt confirms in that communication that "we will be pulling our sponsorship and attendance of the state meeting" and Wade confirms that they are "looking at pulling our sponsorship." Wade also confirms that he "know[s] that Patterson, Schein and Benco boycotted the Texas Dental Association meeting this year after the TDA did the same thing and *wanted to see if we could create the same message here in AZ*."

150.    On July 30, 2014, Wade of Benco wrote about the AZDA boycott to Brian Goslee of Dentsply, a dental manufacturer, writing: "*I have communicated with our competition at Schein and Patterson* and *we are all of the same mind* that we will not be supporting a competitor's [AZDA's] meeting next year."

151.    And on August 1, 2014, a Benco email discussing the boycott of the AZDA's 2015 trade

show notes that Benco is "extremely disappointed that the AZDA has decided to directly compete with Benco **and our fellow distributors**," and that Benco is "**not alone** in evaluating [its] participation in AZDA events. **Both Patterson and Schein** <u>leadership</u> have expressed that they will also review participation if the AZDA continues to" affiliate with SourceOne.

152.     Indeed, six months **before** Henry Schein, Patterson, and Benco's group boycott of the TDA's annual conference—and also months before the TDA **itself** learned that the three distributors (as well as those manufacturers over which Henry Schein, Patterson, and Benco exercise great influence) would not be attending—a sales representative from Tuttnauer—a manufacturer of dental vacuums and other products—visited Archer & White. This sales representative informed Archer & White that Henry Schein, Patterson, and Benco had agreed to boycott the TDA's event, informed Archer & White that Tuttnauer and other manufacturers intended to join the boycott as a result of pressure from the three distributors, and encouraged Archer & White to boycott the event as well. The Tuttnauer representative specifically mentioned that the planned boycott was in reaction to the TDA's affiliation with SourceOne. Archer & White declined to participate in the boycott and attended the TDA's event.

153.     There is no justification for these group boycotting activities absent an anticompetitive aim. In particular, Henry Schein, Patterson, and Benco forfeited substantial deposits at state dental association conferences abruptly and in unison. There is no procompetitive purpose for such collective boycotting activity. **As Benco's Managing Director Rick Cohen publicly stated with regard to the importance of such trade shows: "not attending trade shows is not an option for us."** The reason it was not an option is that failing to go risked losing customers to rival distributors if those rival distributors also attended. This is why it was necessary for the Henry Schein, Patterson, and Benco to engage in a boycott as a group. If they collectively agreed

not to attend, none would lose business to the other and the business risk of not attending diminished dramatically. Thus, in response to state dental association's endorsement of and partnership with SourceOne, that is precisely what Henry Schein, Patterson, and Benco did— exercising a self-described non-viable option in unison.

154. Further, absent collective action on behalf of each of Henry Schein, Patterson, and Benco , boycotting state dental association meetings contravenes the unilateral economic self-interest of each of them. For example, a former Patterson and Benco sales representative regularly attended the California Dental Association's conference because he earned roughly 25% of his annual revenue at the conference. A Defendant acting alone would not risk causing such harm at the expense of losing market share and profits to non-participants in the conspiracy. These non-participants could still participate in boycotted trade shows, service boycotted customers, and purchase from boycotted manufacturers. A Defendant's boycotting activities makes no economic sense unless it had assurances from the other each of Henry Schein, Patterson, and Benco that they were doing so collectively.

## C. Other Boycotted Competitors

155. At various times, as part of the overarching agreement not to compete on price, and in particular as part of the group boycott, Henry Schein, Patterson, and Benco have worked together to exclude or impair other nationwide dental supply and distribution competitors, perhaps most importantly, Amazon.com, Inc., thwarting their efforts to establish or sustain themselves on a nationwide basis. Perhaps the nation's largest and most successful on-line retailer, Amazon.com is ideally positioned to purchase and supply dental supplies at low cost, and had begun to make inroads in the market.

156. In a February 14, 2014 email, Henry Schein described the competitive threat posed by

Amazon.com: "Amazon is a freight train that will drive down margins and within 18-24 months, at the most, Team Schein will have to adapt or huge layoffs will occur."

157.    In response to this threat, Henry Schein, Patterson, and Benco agreed, as they did in response to competitive threats from Archer & White and SourceOne and others as part of their overarching agreement not to compete on price, to engage in a group boycott of manufacturers that supplied Amazon.com, and carried through on those boycotts.  For example, in 2015, soon after a large dental supply and equipment distributor conference held in Chicago that  Henry Schein, Patterson, and Benco's representatives attended,  Henry Schein, Patterson, and Benco informed many of the large dental supplies manufacturers in attendance, including 3M—a major dental supply manufacturer—that if they sold to Amazon, all of the Henry Schein, Patterson, and Benco would cut them off.  Many major manufacturers acquiesced to the threats and refused to sell to Amazon.

158.    Further as part of the group boycott, Henry Schein, Patterson, and Benco threatened to cut off several online medical supply and equipment sales sites unless they agreed not to resell to dental offices.  For instance, Henry Schein and Patterson sell some products that are used by medical offices and dental offices. As a result of the dental cartel, these cross-over products can be obtained through online discounters for medical offices, but as part of the group boycott alleged herein, these online discounters are specifically forbidden to sell the exact same products to dental practices. The websites require purchasers to certify that they are not dental offices in order to be allowed to buy them. There is no rational or efficiency justification for these sales restrictions. The only explanation is that the Henry Schein, Patterson, and Benco's substantial collective market power, when acting in concert through the overarching agreement not to compete, can enforce anticompetitive restrictions on sales that analogous distributors who sell

medical supplies to physician offices and hospitals cannot.

159.    Pearson Dental Supply, based in Los Angeles, California, is another discount distributor that was cut off from dental equipment manufacturers at the behest of the Henry Schein, Patterson, and Benco for selling below their cartelized pricing and margins. Pearson Dental had a physical presence in eight Western states and distributed products nationwide through its online catalog, until its efforts were stymied by the Henry Schein, Patterson, and Benco.

160.    Defendants' conduct has impaired rivals, such as Archer & White, Amazon.com, SourceOne, and others around the country that offered superior distribution platforms on a nationwide scale at notably lower prices. Absent the group boycott, these entities would have disciplined Defendants' pricing power and caused prices to Class members for dental supplies and equipment to drop precipitously as more and more manufacturers, dental associations, and customers bought from and affiliated with Defendants' lower-cost rivals.

### HARM TO COMPETITION DUE TO THE CONSPIRACY

161.    As a result of the Defendants' overarching agreement not to compete on price, including, as part of that overarching agreement, agreements to fix and stabilize margins and prices, agreements not to compete for customers, and agreements to boycott persons and entities that did business with dental supply distributors that discounted prices and margins, actual and potential dental distributors were impaired, foreclosed, and excluded and/or discouraged from partnering with manufacturers and/or state dental associations to compete with Defendants. Moreover, and as a result, this conduct maintained and increased the Defendants' collective market power, enabling them to charge prices for dental supplies and equipment substantially above competitive levels, to the detriment of Plaintiffs and other members of the Class. This harm to the Plaintiffs and other Class members, in the form of paying artificially inflated prices for dental supplies and

equipment, constitutes cognizable antitrust injury and harm to competition under the antitrust laws. To the extent relevant, the anticompetitive actions alleged in this Complaint had other competitive harms as well, including harm to consumer welfare, reduced choice, and diminished innovation in the market for dental supply distribution services.

162.    To the extent relevant, there are no legitimate procompetitive justifications for the anticompetitive conduct alleged in this Complaint, or for any aspect of the Defendants' conspiracy standing alone, and even if there were, there are less restrictive means of achieving those purported procompetitive effects. To the extent that Defendants' anticompetitive conduct or any aspect of their conspiracy has any cognizable procompetitive effects, they are substantially outweighed by the anticompetitive effects.

## ANTITRUST INJURY TO PLAINTIFFS AND MEMBERS OF THE CLASS

163.    During and throughout the Class Period, Plaintiffs and members of the Class purchased dental supplies and/or equipment from Defendants. As a result of the Defendants' overarching agreement not to compete on price, including all of the conduct described herein, members of the Class paid the Defendants prices for dental supplies and equipment that were inflated above competitive levels during and throughout the Class Period.

164.    For instance, if new low-cost distributors had not been unlawfully prevented from partnering with state dental associations and dental supplies manufacturers, they would have emerged as substantial nationwide competitors to the Defendants, resulting in greater competition and substantially lower prices for dental supplies and equipment, and Plaintiffs and the members of the Class would have paid substantially less for dental supplies and equipment during and throughout the Class Period.

165.    If the Defendants had not unlawfully conspired to prevent new low-cost distributors from

partnering with state dental associations and dental supplies manufacturers, other competitors would have partnered with state dental associations and manufacturers and emerged as viable nationwide competitors to Defendants, resulting in increased competition and substantially lower prices for dental supplies and equipment, and Plaintiffs and the members of the Class would have paid substantially less for dental supplies and equipment as a result during and throughout the Class Period.

166.    Because of the overarching agreement not to compete on price as alleged herein, Plaintiffs and members of the Class have sustained, and continue to sustain, substantial losses in the form of paying artificially inflated prices paid to Defendants. The full amount of such damages will be calculated after discovery and upon proof at trial.

167.    Injury to Plaintiffs and members of the Class was a direct and foreseeable result of the Defendants' overarching agreement not to compete on price. Although the mechanism of antitrust injury to Plaintiffs and to competitors is the same, the damages caused to Plaintiffs and other members of the Class in the form of artificially inflated higher prices for dental supplies and equipment is distinct from, and not duplicative of, the damages caused to competitors in the form of lost profits and business opportunities.

168.    The Defendants' anticompetitive conduct is continuing, and so are the overcharges suffered by Plaintiffs and the Class caused by this conduct.

### PRIOR PRIVATE AND GOVERNMENT ACTION AGAINST DEFENDANTS

169.    Henry Schein, Patterson, and Benco's preference for avoiding price competition through collusion has been the subject of public and private antitrust enforcement actions and government investigations.

170.    The first related lawsuit was lodged by Archer & White in August of 2012 against Henry

Schein, certain unnamed co-conspirators (alleged to be horizontal distributor competitors of Henry Schein), and several dental manufacturers. The antitrust claims in that suit, which has been stayed pending adjudication of a motion to compel arbitration, were that:

  a.  Archer & White was a lower-cost, higher quality distributor;

  b.  Henry Schein, with the aim of impairing this competitive threat and excluding it from the market, acted in concert with others to (i) have Archer & White's membership in a crucial trade organization, the American Dental Cooperative, revoked and (ii) threaten to boycott key manufacturers unless they refuse to sell their products through Archer & White;

  c.  Henry Schein acted in concert with its horizontal competitors to allocate customers to one another and engage in bid-rigging;

  d.  Henry Schein acted in concert with its horizontal competitors to fix prices and charge artificially inflated prices; and

  e.  Henry Schein and others told Archer & White that they would agree to end their boycotting activity if Archer & White would agree to join their cartel and raise their dental supplies and equipment distribution prices, an offer that Archer and White refused.

171.  Defendants' conduct has also spawned government investigations.

172.  In 2014, the Texas Attorney General initiated an investigation of Henry Schein, Patterson, and Benco for violation of Texas's antitrust statutes, issuing Civil Investigative Demands to Henry Schein, Patterson, and Benco . This investigation resulted in an April 9, 2015 complaint against Benco and entry of a consent judgment against Benco on the same day.

173.  The Texas Attorney General's complaint alleges, *inter alia*, that:

The traditional dental supply distributors enjoy close relationships with one another, both personal and professionally. Many sales representatives, and even higher level employees, have previous employment relationships with other distributors. The employees interact regularly in person, at various social gatherings, and industry trade meetings, and remotely, through company email, personal email, personal cell phone calls, company cell phone calls, and text messaging. These close contacts provide the opportunity for the sharing of competitively-sensitive information among the various distributors and manufacturers.

. . .

Benco and its competitor distributors understood that [a lower-cost rival], with its potentially disruptive new business model, directly competed with them, and perceived a competitive threat based on the lower prices offered by [the lower-cost rival] for many of the same goods offered by Benco and its competitor distributors.

Building on the historic culture of cooperation and communication, Benco and its competitor distributors engaged in ongoing communication over several months about [the lower-cost rival]. They shared information about market players' reactions to the new firm's entry, they collectively developed a response, and they provided reassurances to market participants about the collective response.

The collective response to this competitive threat by [the lower-cost rival] was two-fold. Benco and its competitor distributors (1) agreed to break with their traditional pattern of attendance and boycott the annual TDA meeting in May 2014 because they perceived that TDA had positioned itself as a competitor to the traditional distributors; and (2) agreed to pressure other distributors and manufacturers to discontinue supplying [the lower cost rival] and/or end any relationships with manufacturers or distributors that ultimately supplied [the lower-cost rival] in order to stifle the competition provided by the new [] offering.

. . .

Pursuant to this agreement, Benco and its competitor distributors contacted other distributors and manufacturers to pressure those entities to discontinue any relationships that ultimately supplied [the lower-cost rival].

As a result of this pressure, other distributors and manufacturers discontinued such relationships, causing [the lower-cost rival] to lose access to products.

174.    The consent judgment requires Benco to reimburse the Texas Attorney General for the

cost of its investigation ($300,000.00) refrain from engaging in further unlawful conduct, and

cooperate with the Texas Attorney General's ongoing investigation of Schein and Patterson.

175.     Also in 2014, the Arizona Attorney General initiated an investigation of Benco and other unnamed dental supplies and equipment distributors for violation of Arizona's antitrust statutes. Benco produced documents and materials to the Arizona Attorney General pursuant to Civil Investigative Demands issued in October 2014. The investigation remains pending.

176.     The Federal Trade Commission also has an open and ongoing investigation into Defendants' conduct. The investigation remains pending.

177.     In September 2015, SourceOne filed its own suit in this District alleging violations of federal and state competition laws arising from the conduct alleged herein. SourceOne contends that as a result of the Henry Schein, Patterson, and Benco's conduct, "thousands of dentists, and scores of state dental associations, dental supplies and equipment manufacturers, and dental supplies and equipment distributors stopped dealing with SourceOne, or were deterred from dealing with SourceOne."

178.     Importantly, none of these government investigations or private enforcement efforts has deterred Defendants from continuing in the anticompetitive campaign alleged herein or provided any compensation to the dentists that Defendants have overcharged. In particular, the Louisiana Dental Association inquired of SourceOne by email on April 14, 2015 whether government regulators had "filed [suit] against Patterson and Schein? . . . That's not to say that it isn't significant that the State successfully clipped Benco's wings. But, if there isn't a similar threat to Schein and Patterson, there's still quite a problem I'd think."

### OTHER FACTORS INDICATING AN UNLAWFUL CONSPIRACY

179.     The anticompetitive ends of this price-fixing scheme are readily apparent in Defendants' steadily increasing prices in the face of stagnant or declining demand. As demonstrated in Figure 1, below, Defendants have raised prices in virtual lock step every year since at least 2005,

including in 2009, when one of the most uncertain economic times since the Great Depression

caused dental patients to defer dental expenses and demand for dental services declined by 2%.

**Figure 1: Changes in Dental Supplies Demand versus Distributor List Prices**



180.     Defendants enjoy substantial net profit margins, with Patterson reaching a high of 11% in

2010 and 2011. These high net profit margins contrast sharply with the observed profit margins

in other medical distribution sectors. For example, profit margins for the "big three"

pharmaceutical distributors in the United States (McKesson, Cardinal Health, and

AmerisourceBergen) range from 0.2% to 1.5% and the most recent quarterly profit margins are

between 0.9% and 1.37%.

181.     As discussed in great detail in the Texas Attorney General's complaint against Benco,

discussed *supra*, and the allegations, *infra*, the conspiracy was effectuated by the Defendants

through low- and high-level employees of Defendants, including their CEOs and executives, regularly communicating with one another at private meetings, at professional events, and at personal gatherings, through text messages, phone calls, business and personnel email messages, and through intermediaries.

### FRAUDULENT CONCEALMENT AND TOLLING

182.    Plaintiffs and members of the Class, through the exercise of reasonable diligence, could not have discovered Defendants' wrongful conduct or the resulting injury any sooner, because Defendants fraudulently concealed and affirmatively misled their customers as to their conduct and the resulting impact on prices paid by Plaintiffs and the members of the Class.

183.    By its very nature, the success of a conspiracy depends on the co-conspirators' concealment of its existence. Recognizing both the illegality of the conspiracy and the need to disguise its existence, Burkhart's Jack Powers told Henry Schein's Mark Lowery and Dynamic Dental's Skip Pettus in 2008 that they "have to be very careful, if a customer doesn't like us, they could have us all up on price fixing. . . . Price fixing or—or somebody complaining about getting together as a group and saying: Okay, well, we're going to hold to a certain margin."

184.    Archer & White's August 31, 2012 lawsuit was the first publicly available information that Henry Schein had participated in an anticompetitive conspiracy.

185.    The Texas Attorney General's April 9, 2015 complaint was the first publicly available information that Benco had participated in an anticompetitive conspiracy.

186.    SourceOne's September 21, 2015 complaint was the first publicly available information that Patterson had participated in an anticompetitive conspiracy.

187.    Plaintiffs and the members of the Class could not through reasonable diligence have discovered the anticompetitive conspiracy at an earlier time due to the inherently self-concealing

nature of the conduct as well as Defendants' efforts to conceal their conduct.

188.    As the Texas Attorney General noted, Benco and its co-conspirators employees "interact regularly in person, at various social gatherings, and industry or trade association meetings, and remotely, through company email, personal email, personal cell phone calls, company cell phone calls, and text messaging," providing them the opportunity—which they exercised—to conspire without detection. For example, the President of Henry Schein and a Managing Director of Benco communicate regularly via text message and in-person meetings.

189.    In 2013 and 2014, executives from Patterson and Henry Schein attended Barclays Global Health Care Conference in Miami, Florida, offering an opportunity to conspire. A January 9, 2014 email puts high-level Patterson, Henry Schein, and Benco employees at a dinner together at the "Ocean Club" where a topic suggested by a manufacturer's employee also to be in attendance was "help[ing them] make [their] Bonus [sic] for 2014." Defendants also send representatives to the annual trade shows of state dental associations (boycotts notwithstanding), providing dozens of opportunities to conspire *every year*. In particular, Henry Schein, Patterson, Benco, and Burkhart regularly attend Dental Trade Alliance meetings, a trade association of distributors and manufacturers that is a hotbed for collusion.

190.    These distributors took other extreme efforts to avoid detection of their cartel. In an April 6, 2015 email, a Henry Schein employee wrote to a Benco employee: "My personal email is [redacted]@hotmail.com. Let's take this conversation there." And in a July 21, 2014 email chain between Patterson and Benco discussing "pulling [their] sponsorship and attendance of the [Arizona] state meeting" as a result of the AZDA's affiliation with SourceOne, Patterson's Daniel Reinhardt concludes: "Please discuss [this] live and no further emails." Patterson's Dave Misiak gave a similar instruction to Patterson employees on the same day: "Please discuss live

and no emails on this topic." And in 2008, a Henry Schein manager gave instructions to keep

their price-fixing secret, "*to make it invisible with the customer because we don't want to*

*compromise that end of it and make it look like we are* . . . *having a big conspiracy going on*."

In January of 2012, the CEOs of Henry Schein and Patterson met for a personal lunch. On

September 30, 2013, shortly before the boycott of the TDA, Henry Schein's President Tim

Sullivan requested that Patterson's CEO Scott Anderson call him directly. And Patterson wrote

to a manufacturer in an October 25, 2013 email, "Sometimes these fights are better behind closed

doors and not with the sales force knowing." There is no conceivable way Plaintiffs or the

members of the Class, through the exercise of reasonable diligence, could have gained

knowledge of conspiratorial conduct undertaken through business email, personal email, text

messages, and phone conversations—with the ***stated intent*** of keeping the cartel "invisible [to]

the customer."

191.    Moreover, Henry Schein, Patterson, Benco, and Burkhart falsely reported to customers

that the yearly price increases were the result of increasing "shipping costs."

192.    Henry Schein, Patterson, Benco, and Burkhart also used code words, even among

themselves, to describe their price fixing scheme, such as "keeping the integrity of the margins."

## CLAIM FOR RELIEF

### COUNT ONE
### Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1
### Unlawful Conspiracy in Unreasonable Restraint of Trade

193.    Plaintiffs incorporate each allegation above as if fully set forth herein.

194.    Defendants are horizontal competitors that unlawfully agreed with one another and acted

in concert not to compete on price, including agreements to fix prices for dental supplies and

equipment, to allocate customers among themselves, and to boycott or threaten to boycott market

58

participants, including trade associations, manufacturers, and customers that were or considered doing business with lower-priced rival distributors. Defendants' conduct constitutes an unlawful conspiracy that is *per se* unlawful.

195.    Defendants' conspiracy has caused Plaintiffs and the Class antitrust injury in the form of payment of artificially inflated prices as a result of the conspiracy alleged herein. These injuries, in the form of payment of overcharges, are quintessential antitrust injuries flowing directly from the unlawful conduct alleged herein.

196.    There are no procompetitive justifications for Defendants' conduct. Even if there were such justifications, there are clear less restrictive alternatives to achieve them, and Defendants' conduct unreasonably restrains trade.

## **REQUESTS FOR RELIEF**

Plaintiffs respectfully request the following relief:

A.    That the Court determine that the claims alleged herein are suitable for class treatment and certify the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B.    That the Court appoint Plaintiffs as the representatives of the Class;

C.    That Plaintiffs' counsel be appointed as counsel for the Class;

D.    That Plaintiffs and the Class recover damages equal to the difference between the dental supplies and equipment distribution prices actually paid to Defendants and the competitive prices that would have prevailed in a market undistorted by Defendants' unlawful conduct alleged herein, trebled;

E.    That Defendants be enjoined from engaging in further unlawful conduct;

F.    That Plaintiffs and the Class be awarded their costs of suit, including reasonable attorneys' fees and expert fees; and

G.     That Plaintiffs and the Class be awarded pre- and post-judgment interest on all sums awarded, and other relief as the Court deems necessary and justified.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs request a trial by jury of all claims alleged herein so triable.

Dated: October 22, 2016                        Respectfully submitted,

                                               */s/ John Radice*
                                               John Radice
                                               Kenneth Pickle
                                               RADICE LAW FIRM, P.C.
                                               34 Sunset Blvd
                                               Long Beach, NJ 08008
                                               Tele: (646) 245-8502
                                               Fax: (609) 385-0745
                                               jradice@radicelawfirm.com
                                               kpickle@radicelawfirm.com

                                               *Liaison Class Counsel*

| | |
|---|---|
| Brent W. Landau<br>Gary I. Smith, Jr.<br>HAUSFELD LLP<br>325 Chestnut St., Suite 900<br>Philadelphia, PA 19106<br>Tele: (215) 985-3270<br>Fax:  (215) 985-3271<br>Email: blandau@hausfeld.com<br>Email: gsmith@hausfeld.com<br><br>Scott A. Martin<br>HAUSFELD LLP<br>33 Whitehall Street, 14th Floor<br>New York, NY 10004<br>Tele: (646) 357-1100<br>Fax:  (212) 202-4322<br>Email: smartin@hausfeld.com<br><br>Melinda R. Coolidge<br>HAUSFELD LLP<br>1700 K Street, NW<br>Washington, DC 20006<br>Tele: (202)-540-7200 | Eric L. Cramer<br>Patrick Madden<br>Joshua Ripley<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Tele: (215) 875-3000<br>Fax: (215) 875-4604<br>Email: ecramer@bm.net<br>Email: pmadden@bm.net<br>Email: jripley@bm.net<br><br>*Co-Lead Class Counsel* |

| | |
|---|---|
| Fax: (202)-540-7201<br>Email: mcoolidge@hausfeld.com<br><br>*Co-Lead Class Counsel* | |
| William Christopher Carmody<br>Shawn J. Rabin<br>Arun Subramanian<br>SUSMAN GODFREY L.L.P<br>560 Lexington Avenue, 15th Fl.<br>New York, NY 10022<br>Tele: (212) 336-8330<br>Fax: (212) 336-8340<br>Email: bcarmody@susmangodfrey.com<br>Email: srabin@susmangodfrey.com<br>Email: asubramanian@susmangodfrey.com<br><br>Jonathan Jeffrey Ross<br>SUSMAN GODFREY LLP<br>1000 Louisiana<br>Suite 5100<br>Houston, TX 77002<br>713-651-9366<br>Fax: 713-654-6666<br>Email: jross@susmangodfrey.com<br><br>*Co-Lead Class Counsel* | Richard A. Koffman<br>Robert Cobbs<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>1100 New York Ave., NW, Suite 500<br>Washington, DC 20005<br>Tele: (202) 408-4600<br>Fax: (202) 408-4699<br>Email: rkoffman@cohenmilstein.com<br>Email: rcobbs@cohenmilstein.com<br><br>Christopher J. Cormier<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>2443 S. University Blvd., #232<br>Denver, CO 80210<br>Tele: (720) 583-0650<br>Email: ccormier@cohenmilstein.com<br><br>*Co-Lead Class Counsel* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2016, I caused to be electronically filed the foregoing Second Consolidated Class Action Complaint with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing systems. Parties may access the filing through the Court's CM/ECF System.

/s/ John D. Radice

_____

John D. Radice
RADICE LAW FIRM, PC
34 Sunset Blvd
Long Beach, NJ 08008
Tel: (646) 245-8502
Fax: (609) 385-0745
jradice@radicelawfirm.com

*Liaison Class Counsel*